1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   ANNETTE L. HURST (SBN 148738)
2  ahurst@orrick.com
   DANIEL D. JUSTICE (SBN 291907)
3  djustice@orrick.com
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:   +1 415 773 5700
   Facsimile:    +1 415 773 5759
6
   DIANA M. RUTOWSKI (SBN 233878)
7  drutowski@orrick.com
   1000 Marsh Road
8  Menlo Park, CA 94025
   Telephone:   +1 650 614 7400
9  Facsimile:    +1 650 614 7401

10 [additional counsel appears on next page]

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16 WILLIAMS-SONOMA, INC.,              Case No.: 18-cv-07548-EDL

17              Plaintiff,             **JOINT CASE MANAGEMENT
                                       STATEMENT**
18       v.
                                       Date:   May 7, 2019
19 AMAZON.COM, INC.,                   Time:   10:00 a.m.
                                       Ctrm:   E
20              Defendant.             Judge:  Honorable Elizabeth D. Laporte

21

22                                     Complaint Filed:   December 14, 2018

23

24

25

26

27

28

1  MARGARET WHEELER-FROTHINGHAM (*Pro Hac Vice*)
   mwheeler-frothingham@orrick.com
2  51 West 52nd Street
   New York, NY  10019-6142
3  Telephone:  +1 212 506 5000
   Facsimile:   +1 212 506 5151
4

5  Attorneys for Plaintiff Williams-Sonoma, Inc.

6
   DURIE TANGRI LLP
7  DARALYN J. DURIE (SBN 169825)
   ddurie@durietangri.com
8  MARK A. LEMLEY (SBN 155830)
   mlemley@durietangri.com
9  JOSEPH C. GRATZ (SBN 240676)
   jgratz@durietangri.com
10 ALLYSON R. BENNETT (SBN 302090)
   abennett@durietangri.com
11 217 Leidesdorff Street
   San Francisco, CA 94111
12 Telephone:  +1 415-362-6666
   Facsimile:   +1 415-236-6300
13
   Attorneys for Defendant Amazon.com, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Standing Order For All Judges of the Northern District of California, Plaintiff Williams-Sonoma, Inc. ("WSI") and Defendant Amazon.com, Inc. ("Amazon") (collectively, "the Parties"), by and through undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report.

## 1.    <u>JURISDICTION AND SERVICE:</u>

This Court has subject matter jurisdiction over WSI's Patent Act and Lanham Act claims pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over the claims arising under California state law pursuant to 28 U.S.C. § 1367. No issues exist as to personal jurisdiction or venue. WSI served the Complaint and Summons on Amazon (ECF No. 12). Amazon has accepted service of the Complaint and has filed a motion to dismiss certain claims (ECF No. 23). No other parties remain to be served.

## 2.    <u>FACTS:</u>

WSI began operating an online storefront under the name WILLIAMS-SONOMA in 1999, and it owns federal registrations covering its brand. WSI does not sell its products through Amazon. Despite the fact that WSI does not sell through Amazon, products are advertised, offered for sale, and sold under the WILLIAMS-SONOMA brand on Amazon.com.

WSI also sells items under its "west elm" brand, among others, and those items include its ORB chair, for which it also has a design patent (Patent No. D815452), and its SLOPE chair. Among the items Amazon has sold are the "Rivet Modern Upholstered Orb Office Chair" whose design has similarities to that of the west elm ORB chair, and a "Rivet Industrial Slope Top-Grain Leather Swivel Office Chair" whose design has similarities to that of the west elm SLOPE chair. WSI claims trademark rights in the terms ORB and SLOPE.

On December 14, 2018, WSI filed a Complaint alleging seven causes of action against Amazon based on the availability of certain items advertised, offered for sale, and sold under the WILLIAMS-SONOMA brand on Amazon.com and Amazon's sale of the Rivet Modern Upholstered Orb Office Chair and the Rivet Industrial Slope Top-Grain Leather Swivel Office

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-CV-07548-EDL

Chair.  Those causes of action were for:  (1) infringement of the '452 Patent, (2) federal

trademark infringement and trademark counterfeiting under Section 32(1) of the Lanham Act,

(3) federal trademark dilution of the WILLIAMS-SONOMA mark, (4) unfair competition under

Section 43(A) of the Lanham Act, (5) common law unfair competition/trademark infringement,

(6) dilution under California law, and (7) violation of California unfair competition law (ECF No.

1).

On February 5, 2019, Amazon filed a partial motion to dismiss.  WSI opposed the motion

on February 26, 2019, and Amazon filed its reply on March 8, 2018.  The Court heard oral

argument on April 2, 2019, and the motion remains under submission.

The principal disputed factual issues concern alleged:  patent infringement, trademark

counterfeiting, trademark infringement, trademark dilution, unfair competition, willfulness, and

damages.

3.   **LEGAL ISSUES:**

The Parties identify the following disputed points of law at this time:

- Whether Amazon has infringed the '452 Patent (35 U.S.C. § 271);
- Whether Amazon has used a counterfeit of WSI's registered WILLIAMS-SONOMA service mark in connection with online retail services (15 U.S.C. § 1114(1));
- Whether Amazon has used the WILLIAMS-SONOMA mark in a manner likely to cause confusion as to the affiliation, connection, or association between Amazon and WSI, or as to the origin, sponsorship, or approval of the sale of WSI's goods, retail services, or commercial activities via Amazon.com (15 U.S.C. § 1125(a));
- Whether Amazon has used the WILLIAMS-SONOMA mark in a manner that has diluted the mark (15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14200 *et seq.*);
- Whether Amazon has infringed any rights of WSI in SLOPE and ORB, which WSI claims are common law trademarks;
- Whether Amazon has engaged in unfair competition (15 U.S.C. § 1125(a); Cal. Bus. Prof. Code § 17200, *et seq.*);

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-cv-07548-EDL

- Whether Amazon's actions were willful;
- Whether WSI is entitled to compensation for any proven trademark counterfeiting, trademark infringement, trademark dilution, patent infringement, or unfair competition, and if so, the amount;
- Whether WSI is entitled to injunctive relief (15 U.S.C. § 1116; 35 U.S.C. § 283);
- Whether any Party is entitled to statutory damages for use of a counterfeit mark, treble damages, attorneys' fees, and costs, and if so, the amount (15 U.S.C. § 1117; 35 U.S.C. § 285).

**4.    MOTIONS:**

On February 5, 2019, Amazon filed a motion to dismiss WSI's Complaint (ECF No. 23). The motion was heard on April 2, 2019 (ECF No. 30).  The motion is currently pending before the Court.  There are no other prior or pending motions.  The Parties anticipate filing motions for summary judgment and/or summary adjudication after discovery in accordance with the proposed case schedule.

**5.    AMENDMENT OF PLEADINGS:**

WSI expects to amend its Complaint to add claims for infringement of at least U.S. Patent No. D836,823 and U.S. Patent No. D836,822, pursuant to 35 U.S.C. § 271.  Both patents issued after WSI filed its Complaint.  The Parties propose a deadline of thirty days to amend the Complaint after the Court enters its order ruling on Amazon's motion to dismiss, but this proposal is not intended to supersede any deadlines to amend set by Court order on the motion.

**6.    EVIDENCE PRESERVATION:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and the Checklist for ESI Meet and Confer and hereby certify that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Each Party represents that it has instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material, until this dispute is resolved.  The Parties have agreed to metadata fields to be produced

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-CV-07548-EDL

with ESI.  The Parties are not aware of any other particular ESI issues that may arise in this case, but will address those to the Court if they do arise and cannot be resolved by the Parties.

**7.     DISCLOSURES:**

WSI and Amazon agree to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on April 30, 2019.

**8.     DISCOVERY:**

The Parties have not yet served discovery requests.  The Parties anticipate the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief identified in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters.

The Parties have alternate proposals regarding the number of depositions needed:

- WSI anticipates needing to take early 30(b)(6) depositions to discover how Amazon generates, configures, and displays content on the Amazon platform and in its advertising as well as how Amazon develops its own private label products. Understanding how the Amazon platform operates at the outset will facilitate discovery into the substantive aspects of this case.  Given the complexity of this case and the causes of action involved, WSI believes that it will need four days of 30(b)(6) testimony beyond the ten depositions provided under the Rules to conduct effective discovery.  WSI proposes that the Fed. R. Civ. Proc. 30(a)(2)(a)(i) ten-deposition limit apply only to fact witnesses, and that in addition, each Party may take four days of Fed. R. Civ. Proc. 30(b)(6) depositions.

- Amazon disagrees and proposes that each Party may take two days of Fed. R. Civ. Proc. 30(b)(6) depositions and that the Fed. R. Civ. Proc. 30(a)(2)(a)(i) ten-deposition limit still apply.

The Parties agree to a limit of 30 interrogatories per side in light of the need to serve contention interrogatories relating to the patent claim.

The Parties otherwise agree to abide by the limitations on discovery as set forth by the Federal Rules of Civil Procedure.

1    The Parties have agreed to use the Northern District of California's "Model Protective
2    Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade
3    Secrets," which they intend to revise and submit by May 7, 2019.

4    The Parties are considering the Northern District of California's "Model Stipulated Order
5    Re Discovery of Electronically Stored Information."

6    There are no discovery disputes at this time.

7    **9.    CLASS ACTION:**

8    This litigation is not a class action.

9    **10.    RELATED CASES:**

10    There are no related cases to this litigation.

11    **11.    RELIEF:**

12    WSI respectfully requests that the Court enter judgment in its favor and award the
13    following relief:

14    • Judgment that Amazon willfully infringed the '452 patent;

15    • Judgment that Amazon has willfully infringed and counterfeited WSI's registered
16    WILLIAMS-SONOMA Mark;

17    • Judgment that Amazon has diluted WSI's famous WILLIAMS-SONOMA Mark;

18    • Judgment that Amazon has committed unfair competition in violation of the
19    Lanham Act and state law;

20    • Judgment that Amazon has committed common law trademark infringement in
21    violation of the Lanham Act and state law;

22    • Judgment that Amazon has committed false endorsement in violation of the
23    Lanham Act;

24    • Judgment that Amazon has competed unfairly with WSI in violation of WSI's
25    rights under California law;

26    • A permanent injunction enjoining Amazon from making, using, selling, or
27    offering to sell its infringing goods;

28    • A permanent injunction enjoining Amazon from using the WILLIAMS-

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-cv-07548-EDL

1         SONOMA mark in conjunction with its online retail services and otherwise

2         infringing or diluting WSI's marks;

3       •    Damages, exemplary damages and disgorgement of profits in an amount to be

4         proven at trial;

5       •    Enhancement of damages including treble damages required to be awarded for

6         trademark counterfeiting;

7       •    Statutory damages of up to $2,000,000 per counterfeit mark per type of goods

8         sold by Amazon.

9       •    A declaration that this is an exceptional case;

10      •    Full costs, attorneys' fees, and pre- and post-judgment interest to the full extent

11        permissible by law; and

12      •    Such other and further relief as the Court deems just and proper.

13     Amazon does not seek monetary damages at this time.  It reserves the right to respond to

14 any damages calculation WSI may present.

15 **12.**    **SETTLEMENT AND ADR:**

16     In accordance with ADR Local Rule 3-5, counsel for the Parties met and conferred

17 regarding ADR options on April 16, 2019.  WSI indicated its preference for a magistrate judge.

18 Amazon wishes to defer a decision on whether to proceed before a magistrate judge or a private

19 mediator until later in the case, when the scope of WSI's claims and the issues in this litigation

20 become clearer.  The scope of WSI's claims and issues in this case cannot be determined with any

21 specificity now, because Amazon's motion to dismiss is pending, and WSI has indicated it

22 intends to amend its Complaint.

23 **13.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

24     The Parties have consented to Magistrate Judge Laporte to conduct all proceedings

25 including trial and entry of judgment (ECF Nos. 20 & 21).

26 **14.**    **OTHER REFERENCES:**

27     The Parties do not believe the case is suitable for reference to binding arbitration, a special

28 master, the Judicial Panel on Multidistrict Litigation, or any other reference.

1

**15.    NARROWING OF ISSUES:**

2

       The Parties do not presently believe that the issues can be narrowed by suggestions to

3

expedite the presentation of evidence at trial or bifurcate of issues, claims, or defenses.

4

**16.    EXPEDITED TRIAL PROCEDURES:**

5

       The Parties do not presently believe that this case can be handled on an expedited basis

6

with streamlined procedures.

7

**17.    SCHEDULING:**

8

       The Parties propose two alternate case schedules:

9

10

11

12

13

14

15

16

17

18

19

| Event | WSI's Proposed Completion Date | Amazon's Proposed Completion Date |
|-------|-------------------------------|-----------------------------------|
| Rule 26(a)(1) disclosures | April 30, 2019 | Same |
| Initial CMC | May 7, 2019 | Same |
| Fact Discovery Cutoff | February 10, 2020 | Same |
| Exchange of Initial Expert Reports | February 28, 2020 | March 13, 2020 |
| Exchange of Rebuttal Expert Reports | March 27, 2020 | April 10, 2020 |
| Expert Discovery Cutoff | April 10, 2020 | May 1, 2020 |
| Filing of MSJs | April 17, 2020 | May 29, 2020 |
| Filing of Objection to MSJs | May 8, 2020 | June 26, 2020 |
| Filing of Reply ISO MSJs | May 20, 2020 | July 17, 2020 |
| MSJ Hearing | June 9, 2020 | August 4, 2020 |
| Pretrial Conference | June 23, 2020 | August 25, 2020 |
| Trial Date | July 6, 2020 | September 14, 2020 |

20

21

**18.    TRIAL:**

22

       WSI has made a demand for a jury trial.  The Parties anticipate that trial will last 10 court

23

days, not counting jury selection.

24

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

25

       The Parties have both filed their Certification of Interested Entities or Persons as required

26

by Civil Local Rule 3-15.  Plaintiff WSI represented that it does not have a parent corporation and

27

that BlackRock, Inc., a publicly held corporation, owns ten percent (10%) or more of WSI's

28

stock.  Amazon represented that it does not have a parent corporation and no publicly held

corporation owns ten percent (10%) or more of Amazon's stock.

**20.    PROFESSIONAL CONDUCT:**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER:**

There are no other issues to report at this time.


Dated:  April 30, 2019                                        ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                             By:  _____
                                                                          */s/ Diana M. Rutowski*
                                                                          DIANA M. RUTOWSKI

                                                             Attorney for Plaintiff Williams-Sonoma, Inc.


*I, Diana Rutowski, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Joseph C. Gratz has concurred in this filing.*


Dated:  April 30, 2019                                        DURIE TANGRI LLP


                                                             By:  _____
                                                                          */s/ Joseph C. Gratz*
                                                                          JOSEPH C. GRATZ

                                                             Attorney for Defendant Amazon.com, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Diana Rutowski, certify that on the 30th day of April 2019, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in this case.

_/s/ Diana M. Rutowski_
DIANA M. RUTOWSKI