DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

DURIE TANGRI LLP
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
530 Molino Street, Suite 111
Los Angeles, CA 90013
Telephone: 213-992-4499
Facsimile: 415-236-6300

Attorneys for Defendant
AMAZON.COM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIAMS-SONOMA, INC.,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Case No. 3:18-cv-07548-EDL

**DEFENDANT AMAZON.COM, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF WILLIAMS-SONOMA, INC.'S COMPLAINT**

Ctrm: E
Judge: Honorable Elizabeth D. Laporte

Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), hereby answers Plaintiff Williams-Sonoma, Inc.'s ("WSI" or "Plaintiff") Complaint for Damages and Injunctive Relief (the "Complaint") as follows:

**INTRODUCTION**

1. Amazon admits that the Complaint purports to contain claims for infringement of U.S. Design Patent No. D815,452 (the "'452 Patent") under the Patent Act, 35 U.S.C. § 271; infringement and dilution of a federally-registered service mark under the Lanham Act, 15 U.S.C. § 1114(1); infringement of common law trademarks under the Lanham Act, 15 U.S.C. § 1125; unfair competition and designation of origin under the Lanham Act, 15 U.S.C. § 1125; and for related claims under California law. Amazon denies any remaining allegations of this paragraph.

2. Amazon admits that WSI's claims relate to Amazon and the resale of WSI products on amazon.com. Amazon denies all remaining allegations in this paragraph.

3. Amazon admits that Williams-Sonoma-branded products are resold on by third parties on amazon.com. Amazon denies all remaining allegations in this paragraph.

4. Amazon admits that it sells a line of furniture and home products called Rivet. Amazon denies all remaining allegations in this paragraph.

5. Denied.

**JURISDICTION AND VENUE**

6. Amazon admits that WSI purports to bring claims under the Patent Act, 35 U.S.C. § 1 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and California law. The remaining allegations in this paragraph are legal conclusions to which no response is required.

7. Amazon does not contest that this Court may assert subject matter jurisdiction over WSI's claims. The remaining allegations in this paragraph are legal conclusions to which no response is required.

8. For purposes of this Action only, Amazon admits that venue is proper in this district.

9. For purposes of this Action only, Amazon admits that this Court has personal jurisdiction over Amazon.

## THE PARTIES

10. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

11. Amazon admits that, among other businesses, its subsidiaries operate an online marketplace. Amazon admits that it is a Delaware corporation. Amazon admits that its subsidiaries maintain business operations, including offices, in this District. Amazon admits that its subsidiaries have sold products in this district. Except as expressly admitted, Amazon denies the allegations in this paragraph.

## FACTS

### A. The Williams-Sonoma Brand and Intellectual Property

12. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

13. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

14. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

15. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

16. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

17. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

18. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

19. Amazon admits that Exhibit A appears to be true and correct copies of U.S. Service Mark Reg. No. 2,353,758, issued to Williams-Sonoma, Inc., and U.S. Service Mark Reg. No. 2,410,528, issued to Williams-Sonoma, Inc. Amazon admits that Exhibit A states that Reg. No. 2,353,758 is for "retail store services, mail order catalog services, and on-line retail store services featuring culinary equipment,

housewares, kitchenware, and cookware," in International Class 35, and states that it was registered on May 30, 2000. Amazon admits that Exhibit A states that Reg. No. 2,410,528 is for "on-line gift registry services" featuring several items, in International Class 35, and states that it was registered on December 5, 2000. Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

20. The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon denies the allegations in this paragraph.

21. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

22. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

23. Denied.

**B.     Amazon's Unauthorized Use of the WILLIAMS-SONOMA Mark**

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Amazon admits that Exhibit B appears to be a true and correct copy of an e-mail from Amazon to a Janet Hayes, the subject line of which read, "Janet: Williams-Sonoma Peppermint Bark 1 Pound Tin and more items for you." Amazon denies any remaining allegations in this paragraph.

31. Amazon admits that Exhibit B states "millions of items from our vast selection at great prices" and that Exhibit C appears to be true and correct copies of pages from williams-sonoma.com and amazon.com featuring Williams-Sonoma Peppermint Bark. Amazon admits that Exhibit C shows that the price of Williams-Sonoma Peppermint Bark on williams-sonoma.com was $28.95 and that one of the prices of Williams-Sonoma Peppermint Bark resold by identified third parties on amazon.com was $43.90. Amazon denies the remaining allegations in this paragraph.

32. Amazon admits that the ad depicted in this paragraph has appeared on Google. Amazon denies the remaining allegations of this paragraph.

33. Amazon admits that Exhibit D appears to be true and correct copies of customer reviews of certain Williams-Sonoma products resold by third parties on amazon.com. Amazon denies the remaining allegations in this paragraph.

34. Denied.

35. Denied.

36. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

37. Denied.

38. Denied.

**C.    The West Elm Brand and Intellectual Property**

39. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

40. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

41. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

42. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

43. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

44. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

45. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

46. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

**D. Amazon's Rivet Brand**

47. Amazon admits that it launched its Rivet furniture brand around November 2017. Amazon admits that Rivet products include home goods such as furniture and lighting. Amazon admits that its subsidiaries sells home products through the Amazon Home webpage and that it does so under certain other brand names. Amazon denies any remaining allegations in this paragraph.

48. Amazon admits that its Rivet brand products are available in the United States only on amazon.com. Amazon denies the remaining allegations in this paragraph.

49. Amazon admits that it markets the Rivet brand by, among other things, describing it as having "Mid-century and Industrial Modern design," "geometric shapes, sleek lines and mixed materials," and "affordable pieces." Amazon lacks sufficient knowledge or information to admit or deny the allegations that West Elm focuses on "modern design," "clean design," and "affordability." Amazon denies the remaining allegations in this paragraph.

50. Amazon admits that it sells a line of products under its Rivet brand. Amazon denies the remaining allegations in this paragraph.

51. Denied.

52. Denied.

**E. Infringement of WSI's Orb Chair Design and Trademark**

53. Amazon denies that the design of the WSI Orb Chair is novel or distinctive. Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

54. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

55. Amazon admits that Exhibit E appears to be a true and correct copy of U.S. Design Patent No. D815,452 (the "'452 Patent"), titled "Chair" and issued April 17, 2018. Amazon denies the remaining allegations of this paragraph.

56. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

57. Amazon admits that Exhibit E states that it claims "[t]he ornamental design for a chair, as

shown and described" therein.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

58. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

59. Amazon admits that Exhibit F appears to be true and correct copies of articles featuring the WSI Orb Chair.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

60. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

61. Denied.

62. Admitted.

63. Amazon admits that Exhibit G appears to be true and correct copies of images of the WSI Orb Chair and Rivet Modern Upholstered Orb Office Chair.  Amazon lacks sufficient knowledge or information to admit or deny the allegation that WSI owns a patented design for the WSI Orb Chair and on that basis denies it.  Amazon denies the remaining allegations in this paragraph.

64. Denied.

65. Denied.

66. Denied.

**F.    Infringement of WSI's Slope Chair Trademark**

67. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

68. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

69. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

70. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

71. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this

paragraph and on that basis denies them.

72. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

73. Amazon admits that on or around March 19, 2018, it began offering for sale the Rivet Modern Upholstered Orb Office Chair at a list price of $279.00. Amazon denies the remaining allegations in this paragraph.

74. Denied.

75. Denied.

76. Amazon admits that Exhibit H appears to be true and correct copies of the product page for the WSI Slope Office Chair and the amazon.com product detail page for the Rivet Industrial Slope Top-Grain Leather Swivel Office Chair. Amazon denies the remaining allegations in this paragraph.

77. Denied.

**FIRST CLAIM**
**INFRINGEMENT OF U.S. PATENT NO. D815,452**
**(35 U.S.C. § 271)**

78. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

79. Amazon admits that Exhibit E appears to be a true and correct copy of U.S. Design Patent No. D815,452, titled "Chair" and issued on April 17, 2018. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon denies the remaining allegations in this paragraph.

80. The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

81. Amazon lack sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

**SECOND CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING UNDER SECTION 32(1) OF THE LANHAM ACT**
**(35 U.S.C. § 1114(1))**

87. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**THIRD CLAIM**
**FEDERAL TRADEMARK DILUTION OF THE WILLIAMS-SONOMA MARK**
**(15 U.S.C. § 1114(1))**

92. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

93. Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

94. Denied.

95. Denied.

96. Denied.

**FOURTH CLAIM**
**UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT**
**(15 U.S.C. § 1125(A))**

97. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

8

DEFENDANT AMAZON.COM, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF WILLIAMS-SONOMA, INC.'S COMPLAINT / CASE NO. 3:18-CV-07548-EDL

104. Denied.

**FIFTH CLAIM**
**COMMON LAW UNFAIR COMPETITION/TRADEMARK INFRINGEMENT**

105. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

**SIXTH CLAIM**
**DILUTION UNDER CALIFORNIA LAW**
**(Cal. Bus. & Prof. Code § 14200 *et seq.*)**

111. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

112. Amazon lacks sufficient information or knowledge to admit or deny the allegations in this paragraph and on that basis denies them.

113. Denied.

114. Denied.

115. Denied.

**SEVENTH CLAIM**
**VIOLATION OF CLAIFORNIA UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

116. Amazon repeats and realleges each and every response to WSI's foregoing allegations.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

**PRAYER FOR RELIEF**

As to WSI's prayer for relief, it contains legal conclusions to which no response is required. To the extent a response is required, Amazon denies that WSI is entitled to any of the relief requested and

denies any factual allegations in its prayer for relief.

**DEMAND FOR A JURY TRIAL**

Amazon demands a jury trial on all issues so triable.

**DEFENSES**

Without modifying any burden, Amazon states the following defenses to WSI's Complaint and to each cause of action, claim, and allegation WSI asserts against Amazon. Amazon reserves the right to allege additional defenses and to amend its Answer to the complaint as information becomes known through the course of discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

***(Failure to state a claim)***

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

***(Non-infringement)***

WSI's claim for infringement of the '452 Patent is barred on the ground that the '452 Patent is invalid under one or more of the provisions 35 U.S.C. §§ 102, 103, and/or 171 because of the chair's lack of novelty, obviousness, and/or lack of ornamentality.

**THIRD AFFIRMATIVE DEFENSE**

***(Invalidity)***

WSI's claim for infringement of the '452 Patent is barred on the ground that Amazon has not infringed the '452 Patent in any way, willfully or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

***(First sale doctrine)***

WSI's claims are barred at least in part by the first sale doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

***(Nominative fair use)***

WSI's claims are barred at least in part by the doctrine of nominative fair use.

**SIXTH AFFIRMATIVE DEFENSE**

***(Equitable estoppel)***

WSI's claims are barred at least in part by the doctrine of equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

***(Statute of limitations)***

WSI's claims are barred at least in part by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

***(Laches)***

WSI's claims are barred at least in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

***(Failure to mitigate)***

WSI is barred from recovering damages because and to the extent of its failure to mitigate its alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

***(Failure to mark)***

WSI's claims are limited by its failure to mark or to otherwise provide notice prior to the filing of this action in accordance with the provisions of 35 U.S.C. § 287.

## COUNTERCLAIMS

For its counterclaims against WSI, Amazon alleges on knowledge of its own conduct and on information and belief as to other matters as follows:

**PARTIES**

1. Amazon.com, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

2. On information and belief, Williams-Sonoma, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 3250 Van Ness Avenue, San Francisco, California, 94109.

**JURISDICTION AND VENUE**

3. These counterclaims are for declaratory judgment of non-infringement and invalidity arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C.

§§ 2201 and 2202.

4. The Court has subject matter jurisdiction over Amazon's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under federal patent law.

5. The Court has personal jurisdiction over WSI because WSI filed its Complaint in this District and WSI's principal place of business is located within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because WSI filed its Complaint in this District and WSI's principal place of business is in this District.

**FIRST COUNTERCLAIM – INVALIDITY**

7. Amazon incorporates its responses set forth above and the allegations in paragraphs 1 through 6 of its Counterclaims as if fully set forth herein.

8. Amazon counterclaims against WSI pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

9. In its Complaint, WSI alleges that Amazon has infringed the '452 Patent by making, selling, and offering for sale the Rivet Modern Upholstered Orb Office Chair.

10. An actual controversy exists between WSI and Amazon regarding the alleged invalidity of the '452 Patent due to WSI's Complaint against Amazon and Amazon's Answer, Affirmative Defenses, and Counterclaims.

11. The '452 Patent is invalid, as set forth above in Amazon's responses and affirmative defenses.

12. Amazon is entitled to declaratory judgment that the '452 Patent is invalid.

**SECOND COUNTERCLAIM – NON-INFRINGEMENT**

13. Amazon incorporates its responses set forth above and the allegations in paragraphs 1 through 12 of its Counterclaims as if fully set forth herein.

14. Amazon counterclaims against WSI pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

15. In its Complaint, WSI alleges that Amazon has infringed the '452 Patent by making, selling, and offering for sale the Rivet Modern Upholstered Orb Office Chair.

16. An actual controversy exists between WSI and Amazon regarding the alleged

infringement of the ’452 Patent due to WSI’s Complaint against Amazon and Amazon’s Answer, Affirmative Defenses, and Counterclaims.

17. Amazon has not infringed the ’452 Patent, as set forth in Amazon’s responses and affirmative defenses.

18. Amazon is entitled to declaratory judgment that it has not infringed the ’452 Patent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Amazon demands a jury trial of all issues so triable.

## AMAZON’S PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully requests that the Court enter judgment in its favor as follows:

a) An order dismissing WSI’s Complaint with prejudice and that WSI take nothing;

b) Entry of judgment in favor of Amazon against WSI on WSI’s Complaint;

c) An order declaring that the ’452 Patent is invalid and not infringed by Amazon;

d) An order declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Amazon its reasonable attorneys’ fees;

e) An order awarding Amazon its reasonable attorneys’ fees, costs, and expenses incurred in this action; and

f) An order awarding Amazon any such other and further relief as this Court deems just and proper.

Dated: May 16, 2019

DURIE TANGRI LLP

By: *\/s/ Joseph C. Gratz*

DARALYN J. DURIE
MARK A. LEMLEY
JOSEPH C. GRATZ
ALLYSON R. BENNETT

Attorneys for Defendant
AMAZON.COM, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ