DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
PETER S. HORN (SBN 321358)
phorn@durietangri.com
530 Molino Street, Suite 111
Los Angeles, CA 90013
Telephone:    213-992-4499
Facsimile:    415-236-6300

Attorneys for Defendant
AMAZON.COM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>               Defendant. | Case No. 3:18-cv-07548-EDL<br><br>**DEFENDANT AMAZON.COM, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF WILLIAMS-SONOMA, INC.'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Ctrm:   E<br>Judge:  Honorable Elizabeth D. Laporte |

Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), hereby answers Plaintiff Williams-Sonoma, Inc.'s ("WSI" or "Plaintiff") First Amended and Supplemental Complaint for Damages and Injunctive Relief (the "FAC") as follows:

## INTRODUCTION

1.  Amazon admits that the FAC purports to contain claims for infringement of U.S. Design Patent Nos. D815,452 (the "'452 Patent"), D836,823 (the "'823 Patent"), D836,822 (the "'822 Patent"), and D818,750 (the "'750 Patent") under the Patent Act, 35 U.S.C. § 271; infringement and dilution of a federally-registered service mark under the Lanham Act, 15 U.S.C. § 1114(1); infringement of common law trademarks under the Lanham Act, 15 U.S.C. § 1125; unfair competition and designation of origin under the Lanham Act, 15 U.S.C. § 1125; and for related claims under California law.  Amazon denies any remaining allegations of this paragraph.

2.  Amazon admits that WSI's claims relate to Amazon and the resale of WSI products on amazon.com.  Amazon denies all remaining allegations in this paragraph.

3.  Amazon admits that Williams-Sonoma-branded products are resold on by third parties on amazon.com.  Amazon denies all remaining allegations in this paragraph.

4.  Amazon admits that it sells a line of furniture and home products called Rivet.  Amazon denies all remaining allegations in this paragraph.

5.  Denied.

## JURISDICTION AND VENUE

6.  Amazon admits that WSI purports to bring claims under the Patent Act, 35 U.S.C. § 1 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and California law.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

7.  Amazon does not contest that this Court may assert subject matter jurisdiction over WSI's claims.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

8.  For purposes of this Action only, Amazon admits that venue is proper in this district.

9.  For purposes of this Action only, Amazon admits that this Court has personal jurisdiction over Amazon.

**THE PARTIES**

10.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

11.     Amazon admits that, among other businesses, its subsidiaries operate an online marketplace.  Amazon admits that it is a Delaware corporation.  Amazon admits that its subsidiaries maintain business operations, including offices, in this District.  Amazon admits that its subsidiaries have sold products in this district.  Except as expressly admitted, Amazon denies the allegations in this paragraph.

**FACTS**

**A.     The Williams-Sonoma Brand and Intellectual Property**

12.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

13.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

14.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

15.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

16.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

17.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

18.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

19.     Amazon admits that Exhibit A appears to be true and correct copies of U.S. Service Mark Reg. No. 2,353,758, issued to Williams-Sonoma, Inc., and U.S. Service Mark Reg. No. 2,410,528, issued to Williams-Sonoma, Inc.  Amazon admits that Exhibit A states that Reg. No. 2,353,758 is for "retail store services, mail order catalog services, and on-line retail store services featuring culinary equipment,

housewares, kitchenware, and cookware," in International Class 35, and states that it was registered on May 30, 2000.  Amazon admits that Exhibit A states that Reg. No. 2,410,528 is for "on-line gift registry services" featuring several items, in International Class 35, and states that it was registered on December 5, 2000.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

20.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon denies the allegations in this paragraph.

21.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

22.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

23.     Denied.

**B.     Amazon's Unauthorized Use of the WILLIAMS-SONOMA Mark**

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Amazon admits that Exhibit B appears to be a true and correct copy of an e-mail from Amazon to a Janet Hayes, the subject line of which read, "Janet: Williams-Sonoma Peppermint Bark 1 Pound Tin and more items for you."  Amazon denies any remaining allegations in this paragraph.

31.     Amazon admits that Exhibit B states "millions of items from our vast selection at great prices" and that Exhibit C appears to be true and correct copies of pages from williams-sonoma.com and amazon.com featuring Williams-Sonoma Peppermint Bark.  Amazon admits that Exhibit C shows that the price of Williams-Sonoma Peppermint Bark on williams-sonoma.com was $28.95 and that one of the prices of Williams-Sonoma Peppermint Bark resold by identified third parties on amazon.com was $43.90.  Amazon denies the remaining allegations in this paragraph.

32.     Amazon admits that the ad depicted in this paragraph has appeared on Google.  Amazon denies the remaining allegations of this paragraph.

33.     Amazon admits that Exhibit D appears to be true and correct copies of customer reviews of certain Williams-Sonoma products resold by third parties on amazon.com.  Amazon denies the remaining allegations in this paragraph.

34.     Denied.

35.     Denied.

36.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

37.     Denied.

38.     Denied.

**C.     The West Elm Brand and Intellectual Property**

39.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

40.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

41.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

42.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

43.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

44.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

45.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

46.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

### D.   Amazon's Rivet Brand

47.   Amazon admits that it launched its Rivet furniture brand around November 2017. Amazon admits that Rivet products include home goods such as furniture and lighting.  Amazon admits that its subsidiaries sells home products through the Amazon Home webpage and that it does so under certain other brand names.  Amazon denies any remaining allegations in this paragraph.

48.   Amazon admits that its Rivet brand products are available in the United States only on amazon.com.  Amazon denies the remaining allegations in this paragraph.

49.   Amazon admits that it markets the Rivet brand by, among other things, describing it as having "Mid-century and Industrial Modern design," "geometric shapes, sleek lines and mixed materials," and "affordable pieces."  Amazon lacks sufficient knowledge or information to admit or deny the allegations that West Elm focuses on "modern design," "clean design," and "affordability."  Amazon denies the remaining allegations in this paragraph.

50.   Amazon admits that it sells a line of products under its Rivet brand.  Amazon denies the remaining allegations in this paragraph.

51.   Denied.

52.   Denied.

### E.   Infringement of WSI's Orb Chair Design and Trademark

53.   Amazon denies that the design of the WSI Orb Chair is novel or distinctive.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

54.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

55.   Amazon admits that Exhibit E appears to be a true and correct copy of U.S. Design Patent No. D815,452 (the "'452 Patent"), titled "Chair" and issued April 17, 2018.  Amazon denies the remaining allegations of this paragraph.

56.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

57.   Amazon admits that Exhibit E states that it claims "[t]he ornamental design for a chair, as

5

DEFENDANT AMAZON.COM, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF WILLIAMS-
SONOMA, INC.'S FIRST AMENDED COMPLAINT / CASE NO. 3:18-CV-07548-EDL

shown and described" therein.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

58.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

59.     Amazon admits that Exhibit F appears to be true and correct copies of articles featuring the WSI Orb Chair.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

60.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

61.     Denied.

62.     Amazon admits that it began offering for sale the Rivet Modern Upholstered Orb Office Chair on or around March 19, 2018.  Amazon denies that it "has" continued offering for sale and selling this chair in 2019 because Amazon did not offer this chair for sale after December 2018.

63.     Amazon admits that Exhibit G appears to be true and correct copies of images of the WSI Orb Chair and Rivet Modern Upholstered Orb Office Chair.  Amazon lacks sufficient knowledge or information to admit or deny the allegation that WSI owns a patented design for the WSI Orb Chair and on that basis denies it.  Amazon denies the remaining allegations in this paragraph.

64.     Denied.

65.     Denied.

66.     Denied.

**F.     Infringement of WSI's Sphere + Stem Floor Lamp Design**

67.     Amazon denies that the WSI Floor Lamp is novel or distinctive.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

68.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

69.     Amazon admits that Exhibit H appears to be a true and correct copy of U.S. Design Patent No. D836,823 (the "'823 Patent"), titled "Lamp" and issued December 25, 2018.  Amazon denies the

remaining allegations in this paragraph.

70.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

71.     Amazon admits that Exhibit H states that it claims "[t]he ornamental design for a lamp, as shown and described" therein.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

72.     Amazon admits that it began offering for sale the Rivet Retro Two-Orb Tree Lamp on or around March 18, 2018.  Amazon denies that it "has" continued offering for sale and selling this lamp because Amazon did not offer this lamp for sale after April 2019.

73.     Amazon admits that Exhibit I appears to be true and correct copies of the WSI Floor Lamp and the Rivet Retro Two-Orb Tree Lamp.  Amazon lacks sufficient knowledge or information to admit or deny the allegation that WSI owns a patented design for the WSI Floor Lamp and on that basis denies it.  Amazon denies the remaining allegations in this paragraph.

74.     Denied.

75.     Denied.

**G.     Infringement of WSI's Sphere + Stem Table Lamp Design**

76.     Amazon denies that the WSI Table Lamp is novel or distinctive.  Amazon lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

77.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

78.     Amazon admits that Exhibit J appears to be a true and correct copy of U.S. Design Patent No. D836,822 (the "'822 Patent"), titled "Lamp" and issued December 25, 2018.  Amazon denies the remaining allegations in this paragraph.

79.     Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

80.     Amazon admits that Exhibit J claims "[t]he ornamental design for a lamp, as shown and described" therein.  Amazon lacks sufficient knowledge or information to admit or deny the remaining

1    allegations in this paragraph and on that basis denies them.

2        81.    Amazon admits that it began offering for sale the Rivet Modern Glass Globe and Marble

3    Table Lamp on or around March 8, 2018.  Amazon denies that it "has" continued offering for sale and

4    selling this lamp because Amazon did not offer this lamp for sale after April 2019.

5        82.    Amazon admits that Exhibit K appears to be true and correct copies of the WSI Table

6    Lamp and the Rivet Modern Glass Globe and Marble Lamp.  Amazon lacks sufficient knowledge or

7    information to admit or deny the allegation that WSI owns a patented design for the WSI Table Lamp

8    and on that basis denies it.  Amazon denies the remaining allegations in this paragraph.

9        83.    Denied.

10       84.    Denied.

11   **H.    Infringement of WSI's Pop-Up Storage Table Design**

12       85.    Amazon denies that the WSI Pop-Up Table is novel or distinctive.  Amazon lacks

13   sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and on

14   that basis denies them.

15       86.    Amazon lacks sufficient knowledge or information to admit or deny the allegations in this

16   paragraph and on that basis denies them.

17       87.    Amazon admits that Exhibit L appears to be a true and correct copy of U.S. Design Patent

18   No. D818,750 (the "'750 Patent"), titled "Coffee Table" and issued May 29, 2018.  Amazon denies the

19   remaining allegations in this paragraph.

20       88.    Amazon lacks sufficient knowledge or information to admit or deny the allegations in this

21   paragraph and on that basis denies them.

22       89.    Amazon admits that Exhibit L claims "[t]he ornamental design for a coffee table, as

23   shown and described" therein.  Amazon lacks sufficient knowledge or information to admit or deny the

24   remaining allegations in this paragraph and on that basis denies them.

25       90.    Amazon admits that it began offering for sale the Bowlyn Mid-Century Modern Wood

26   Coffee Table in or around October 2018.  Amazon denies that it "has" continued offering for sale and

27   selling this table because Amazon did not offer this table for sale after April 2019.

28       91.    Amazon admits that Exhibit M appears to be true and correct copies of the WSI Pop-Up

8

Table and the Bowlyn Mid-Century Modern Wood Coffee Table.  Amazon lacks sufficient knowledge or information to admit or deny the allegation that WSI owns a patented design for the WSI Pop-Up Table and on that basis denies it.  Amazon denies the remaining allegations in this paragraph.

92.   Amazon admits that it began offering for sale the Rivet Mid-Century Modern White Marble and Walnut Coffee Table, 24"W, on or around September 20, 2018.  Amazon denies that it "has" continued offering for sale and selling this table because Amazon did not offer this table for sale after June 2019.

93.   Amazon admits that Exhibit N appears to be true and correct copies of the WSI Pop-Up Table and the Rivet Mid-Century Modern White Marble and Walnut Coffee Table, 24"W.  Amazon denies the remaining allegations in this paragraph.

94.   Denied.

95.   Denied.

**I.     Infringement of WSI's Slope Chair Trademark**

96.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

97.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

98.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

99.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

100.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

101.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

102.   Amazon admits that on or around March 19, 2018, it began offering for sale the Rivet Modern Upholstered Slope Office Chair at a list price of $279.00.  Amazon denies that it "has" continued to offering for sale and selling this chair in 2019 because Amazon did not offer this chair for sale after

December 2018.

103.    Denied.

104.    Denied.

105.    Amazon admits that Exhibit O appears to be true and correct copies of the product page for the WSI Slope Office Chair and the amazon.com product detail page for the Rivet Industrial Slope Top-Grain Leather Swivel Office Chair.  Amazon denies the remaining allegations in this paragraph.

106.    Denied.

## FIRST CLAIM
### INFRINGEMENT OF U.S. PATENT NO. D815,452
### (35 U.S.C. § 271)

107.    Amazon repeats and realleges each and every response to WSI's foregoing allegations.

108.    Amazon admits that Exhibit E appears to be a true and correct copy of U.S. Design Patent No. D815,452, titled "Chair" and issued April 17, 2018.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent any response is required, Amazon denies the remaining allegations in this paragraph.

109.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

110.    Amazon lack sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

## SECOND CLAIM
### INFRINGEMENT OF U.S. PATENT NO. D836,823
### (35 U.S.C. § 271)

116.    Amazon repeats and realleges each and every response to WSI's foregoing allegations.

10

117.    Amazon admits that Exhibit H appears to be a true and correct copy of U.S. Design Patent No. D836,823, titled "Lamp" and issued December 25, 2018.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent any response is required, Amazon denies the remaining allegations in this paragraph.

118.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

119.    Amazon lack sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

### THIRD CLAIM
### INFRINGEMENT OF U.S. PATENT NO. D836,822
### (35 U.S.C. § 271)

125.    Amazon repeats and realleges each and every response to WSI's foregoing allegations.

126.    Amazon admits that Exhibit J appears to be a true and correct copy of U.S. Design Patent No. D836,822, titled "Lamp" and issued December 25, 2018.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent any response is required, Amazon denies the remaining allegations in this paragraph.

127.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

128.    Amazon lack sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

## FOURTH CLAIM
## INFRINGEMENT OF U.S. PATENT NO. D818,750
### (35 U.S.C. § 271)

134.    Amazon repeats and realleges each and every response to WSI's foregoing allegations.

135.    Amazon admits that Exhibit L appears to be a true and correct copy of U.S. Design Patent No. D818,750, titled "Coffee Table" and issued May 29, 2018.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent any response is required, Amazon denies the remaining allegations in this paragraph.

136.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent any response is required, Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

137.    Amazon lack sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

## FIFTH CLAIM
## FEDERAL TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING
## UNDER SECTION 32(1) OF THE LANHAM ACT
### (35 U.S.C. § 1114(1))

143.    Amazon repeats and realleges each and every response to WSI's foregoing allegations.

144.    Denied.

145.    Denied.

146.   Denied.

147.   Denied.

### SIXTH CLAIM
### FEDERAL TRADEMARK DILUTION OF THE WILLIAMS-SONOMA MARK
### (15 U.S.C. § 1114(1))

148.   Amazon repeats and realleges each and every response to WSI's foregoing allegations.

149.   Amazon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and on that basis denies them.

150.   Denied.

151.   Denied.

152.   Denied.

### SEVENTH CLAIM
### UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT
### (15 U.S.C. § 1125(A))

153.   Amazon repeats and realleges each and every response to WSI's foregoing allegations.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

### EIGHTH CLAIM
### COMMON LAW UNFAIR COMPETITION/TRADEMARK INFRINGEMENT

161.   Amazon repeats and realleges each and every response to WSI's foregoing allegations.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

## NINTH CLAIM
### DILUTION UNDER CALIFORNIA LAW
### (Cal. Bus. & Prof. Code § 14200 *et seq.*)

167.   Amazon repeats and realleges each and every response to WSI's foregoing allegations.

168.   Amazon lacks sufficient information or knowledge to admit or deny the allegations in this paragraph and on that basis denies them.

169.   Denied.

170.   Denied.

171.   Denied.

## TENTH CLAIM
### VIOLATION OF CLAIRFORNIA UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

172.   Amazon repeats and realleges each and every response to WSI's foregoing allegations.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

## PRAYER FOR RELIEF

As to WSI's prayer for relief, it contains legal conclusions to which no response is required. To the extent a response is required, Amazon denies that WSI is entitled to any of the relief requested and denies any factual allegations in its prayer for relief.

## DEMAND FOR A JURY TRIAL

Amazon demands a jury trial on all issues so triable.

## DEFENSES

Without modifying any burden, Amazon states the following defenses to WSI's FAC and to each cause of action, claim, and allegation WSI asserts against Amazon. Amazon reserves the right to allege additional defenses and to amend its Answer to the FAC as information becomes known through the

course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### *(Failure to state a claim)*

The FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### *(Non-infringement)*

WSI's claims for infringement of the '452 Patent, the '823 Patent, the '822 Patent, and the '750 Patent are barred on the ground that these patents are invalid under one or more of the provisions 35 U.S.C. §§ 102, 103, and/or 171 because of the items' lack of novelty, obviousness, and/or lack of ornamentality.

## THIRD AFFIRMATIVE DEFENSE

### *(Invalidity)*

WSI's claims for infringement of the '452 Patent, the '823 Patent, the '822 Patent, and the '750 Patent are barred on the ground that Amazon has not infringed these patents in any way, willfully or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

### *(First sale doctrine)*

WSI's claims are barred at least in part by the first sale doctrine.

## FIFTH AFFIRMATIVE DEFENSE

### *(Nominative fair use)*

WSI's claims are barred at least in part by the doctrine of nominative fair use.

## SIXTH AFFIRMATIVE DEFENSE

### *(Equitable estoppel)*

WSI's claims are barred at least in part by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### *(Statute of limitations)*

WSI's claims are barred at least in part by the applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

*(Laches)*

WSI's claims are barred at least in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

*(Failure to mitigate)*

WSI is barred from recovering damages because and to the extent of its failure to mitigate its alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

*(Failure to mark)*

WSI's claims are limited by its failure to mark or to otherwise provide notice prior to the filing of this action in accordance with the provisions of 35 U.S.C. § 287.

## COUNTERCLAIMS

For its counterclaims against WSI, Amazon alleges on knowledge of its own conduct and on information and belief as to other matters as follows:

### PARTIES

1.     Amazon.com, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

2.     On information and belief, Williams-Sonoma, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 3250 Van Ness Avenue, San Francisco, California, 94109.

### JURISDICTION AND VENUE

3.     These counterclaims are for declaratory judgment of non-infringement and invalidity arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

4.     The Court has subject matter jurisdiction over Amazon's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under federal patent law.

5.     The Court has personal jurisdiction over WSI because WSI filed its FAC in this District and WSI's principal place of business is located within this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because WSI filed its FAC in this District and WSI's principal place of business is in this District.

## FIRST COUNTERCLAIM – '452 PATENT

7.      Amazon incorporates its responses set forth above and the allegations in paragraphs 1 through 6 of its Counterclaims as if fully set forth herein.

8.      Amazon counterclaims against WSI pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

9.      In its FAC, WSI alleges that Amazon has infringed the '452 Patent by making, selling, and offering for sale the Rivet Modern Upholstered Orb Office Chair.

10.     An actual controversy exists between WSI and Amazon regarding the alleged invalidity and infringement of the '452 Patent due to WSI's FAC against Amazon and Amazon's Answer, Affirmative Defenses, and Counterclaims.

11.     The '452 Patent is invalid and not infringed, as set forth above in Amazon's responses and affirmative defenses.

12.     Amazon is entitled to declaratory judgment that the '452 Patent is invalid and not infringed.

## SECOND COUNTERCLAIM – '823 PATENT

13.     Amazon incorporates its responses set forth above and the allegations in paragraphs 1 through 12 of its Counterclaims as if fully set forth herein.

14.     Amazon counterclaims against WSI pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

15.     In its FAC, WSI alleges that Amazon has infringed the '823 Patent by making, selling, and offering for sale the Rivet Retro Two-Orb Tree Lamp.

16.     An actual controversy exists between WSI and Amazon regarding the alleged invalidity and infringement of the '823 Patent due to WSI's FAC against Amazon and Amazon's Answer, Affirmative Defenses, and Counterclaims.

17.     The '823 Patent is invalid and not infringed, as set forth in Amazon's responses and affirmative defenses.

1    18.    Amazon is entitled to declaratory judgment that the '823 Patent is invalid and not

2  infringed.

3                    **THIRD COUNTERCLAIM – '822 PATENT**

4    19.    Amazon incorporates its responses set forth above and the allegations in paragraphs 1

5  through 18 of its Counterclaims as if fully set forth herein.

6    20.    Amazon counterclaims against WSI pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*,

7  and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

8    21.    In its FAC, WSI alleges that Amazon has infringed the '822 Patent by making, selling,

9  and offering for sale the Rivet Glass Globe and Marble Table Lamp.

10    22.    An actual controversy exists between WSI and Amazon regarding the alleged invalidity

11  and infringement of the '822 Patent due to WSI's FAC against Amazon and Amazon's Answer,

12  Affirmative Defenses, and Counterclaims.

13    23.    The '822 Patent is invalid and not infringed, as set forth in Amazon's responses and

14  affirmative defenses.

15    24.    Amazon is entitled to declaratory judgment that the '822 Patent is invalid and not

16  infringed.

17                    **FOURTH COUNTERCLAIM – '750 PATENT**

18    25.    Amazon incorporates its responses set forth above and the allegations in paragraphs 1

19  through 24 of its Counterclaims as if fully set forth herein.

20    26.    Amazon counterclaims against WSI pursuant to the Patent Act, 35 U.S.C. § 101 *et seq.*,

21  and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

22    27.    In its FAC, WSI alleges that Amazon has infringed the '750 Patent by making, selling,

23  and offering for sale the Bowlyn Mid-Century Modern Wood Coffee Table and the Rivet Mid-Century

24  Modern White Marble and Walnut Coffee Table, 24"W.

25    28.    An actual controversy exists between WSI and Amazon regarding the alleged invalidity

26  and infringement of the '750 Patent due to WSI's FAC against Amazon and Amazon's Answer,

27  Affirmative Defenses, and Counterclaims.

28    29.    The '750 Patent is invalid and not infringed, as set forth in Amazon's responses and

affirmative defenses.

30.     Amazon is entitled to declaratory judgment that the '750 Patent is invalid and not infringed.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Amazon demands a jury trial of all issues so triable.

### AMAZON'S PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully requests that the Court enter judgment in its favor as follows:

a)     An order dismissing WSI's FAC with prejudice and that WSI take nothing;

b)     Entry of judgment in favor of Amazon against WSI on WSI's FAC;

c)     An order declaring that the '452 Patent is invalid and not infringed by Amazon;

d)     An order declaring that the '823 Patent is invalid and not infringed by Amazon;

e)     An order declaring that the '822 Patent is invalid and not infringed by Amazon;

f)     An order declaring that the '750 Patent is invalid and not infringed by Amazon;

g)     An order declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Amazon its reasonable attorneys' fees;

h)     An order awarding Amazon its reasonable attorneys' fees, costs, and expenses incurred in this action; and

i)     An order awarding Amazon any such other and further relief as this Court deems just and proper.

Dated:  June 17, 2019                                      DURIE TANGRI LLP


                                                      By:  _____/s/ Joseph C. Gratz_____
                                                                          DARALYN J. DURIE
                                                                          MARK A. LEMLEY
                                                                          JOSEPH C. GRATZ
                                                                          ALLYSON R. BENNETT
                                                                          PETER S. HORN

                                                                          Attorneys for Defendant
                                                                          AMAZON.COM, INC.

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on June 17, 2019 the within document was filed with the Clerk of the Court

3

using CM/ECF which will send notification of such filing to the attorneys of record in this case.

4

5                                                      */s/ Joseph C. Gratz*
                                                      JOSEPH C. GRATZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMAZON.COM, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF WILLIAMS-
SONOMA, INC.'S FIRST AMENDED COMPLAINT / CASE NO. 3:18-CV-07548-EDL