ORRICK, HERRINGTON & SUTCLIFFE LLP
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

MARGARET WHEELER-FROTHINGHAM
(*Pro Hac Vice*)
mwheeler-frothingham@orrick.com
51 West 52nd Street
New York, NY  10019-6142
Telephone:  +1 212 506 5000
Facsimile:  +1 212 506 5151

Attorneys for Plaintiff Williams-Sonoma, Inc.

DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  +1 415-362-6666
Facsimile:   +1 415-236-6300

Attorneys for Defendant Amazon.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No.: 18-cv-07548-EDL<br><br>**FURTHER JOINT UPDATE ON PROPOSED CASE SCHEDULE**<br><br>Complaint Filed:    December 14, 2018<br><br>Judge:  Honorable Elizabeth D. Laporte |

Plaintiff Williams-Sonoma, Inc. ("WSI") and Defendant Amazon.com, Inc. ("Amazon") (collectively, "the Parties"), by and through undersigned counsel, jointly submit an update regarding the case schedule.

WHEREAS during the May 7, 2019 Initial Case Management Conference the Court proposed a summary judgment hearing date of June 16, 2020 and a trial date of September 14, 2020 and requested that the Parties submit a joint proposed case schedule by May 10, 2019;

WHEREAS the Parties conferred and exchanged alternative schedules that agreed on the following dates, which the parties submitted to the Court on May 10, 2019:

| Event | Dates |
| --- | --- |
| Rule 26(a)(1) disclosures | April 30, 2019 |
| Initial CMC | May 7, 2019 |
| Last Day to Amend Complaint | June 3, 2019 |
| Fact Discovery Cutoff | February 10, 2020 |
| MSJ Hearing | June 16, 2020 |
| Pretrial Conference | August 25, 2020 |
| Trial Date | September 14, 2020 |

WHEREAS the Parties requested until June 24, 2019 to provide an update on the remaining dates so that they have additional time to confer once they have a better idea of the scope of claims and defenses in the case;

WHEREAS on May 15, 2019, the Court entered a case management and pretrial order adopting the parties' agreed upon dates, setting certain additional dates, and ordering the parties to file joint proposals for a summary judgment briefing schedule, expert discovery deadlines, a deadline to complete alternative dispute resolution ("ADR"), and an election of the type of ADR by June 24, 2019;

WHEREAS the Parties have met and conferred on these additional dates and topics;

NOW, THEREFORE, the Parties respectfully submit the below update:

1   **1.      SUMMARY JUDGMENT BRIEFING:**

2          The parties met and conferred regarding summary judgment briefing and agree that they

3   would prefer to follow the ordinary briefing schedule provided for in the Civil Local Rules and

4   file separate motions with three briefs each.  The parties did not agree on an approach involving

5   cross-motions and four briefs.

6          *Plaintiff's Position.*  With the understanding that the Court prefers an approach involving

7   cross-motions and four briefs, Plaintiff urges the Court to require Defendant to file first.

8   Defendant is likely to seek summary judgment on a much larger number of issues than Plaintiff.

9   The Court and the parties will have the greatest amount of time to consider the issues if the party

10  presenting the larger motion goes first.  Defendant agrees it is likely to seek summary judgment

11  on a greater number of issues, but refuses to go first unless Plaintiff stipulates in advance to limit

12  the scope of its filing.  Plaintiff cannot in good conscience make such an agreement when the

13  parties have yet to engage in any discovery.  Defendant's argument that Plaintiff should go first

14  appears to proceed from the premise that requiring Plaintiff to go first in summary judgment will

15  clarify the nature of the dispute for trial.  This is exactly backwards.  It is the issues upon which

16  Plaintiff does *not* move for summary judgment, and upon which it opposes summary judgment

17  from Defendant, that it expects to go to trial.  Only by requiring Defendant to go first will the

18  Court achieve the effect for which Defendant argues.  Accordingly, if the Court orders a four-

19  brief approach, then Plaintiff respectfully requests that Defendant be required to go first.

20         *Defendant's Position.*  If the Court orders four rounds of summary judgment briefing,

21  Plaintiff WSI should be required to move for summary judgment first, before Amazon does, as set

22  forth in Amazon's proposed schedule.  As Plaintiff, it is appropriate that WSI go forward first,

23  and that Defendant respond; this will avoid needless briefing on issues as to which WSI chooses

24  not to proceed following discovery.  Amazon does not know whether Amazon or WSI will seek

25  summary judgment on a greater number of issues, and does not have enough information at this

26  stage of the case to make an assessment of the likelihoods.  WSI says it thinks it will move for

27  summary judgment on fewer issues than Amazon, but is unwilling to back up that speculation

28  with any commitment at all.  Requiring WSI to move for summary judgment first will clarify the

1   legal and factual issues WSI raises, focus the parties' disputes, and narrow the issues for trial.  In

2   addition, requiring WSI to move first still ensures that WSI has a full opportunity to respond to

3   Amazon's motion for summary judgment and its opposition to WSI's motion for summary

4   judgment.

5   **2.    FURTHER CASE SCHEDULE:**

6   *Joint Proposal for Three-Round Schedule:*

| Event | Date |
|---|---|
| Fact Discovery Cutoff | February 10, 2020 |
| Initial Expert Reports (Party Bearing Burden of Proof) | February 17, 2020 |
| Rebuttal Expert Reports | March 18, 2020 |
| Expert Discovery Cutoff | April 8, 2020 |
| MSJ | April 21, 2020 |
| Opp to MSJ (also any *Daubert* challenges to MSJ evidence) | May 12, 2020 |
| Reply to MSJ (also Opp to any *Daubert* challenges) | May 26, 2020 |
| MSJ Hearing | June 16, 2020 |
| Pretrial Conference | August 25, 2020 |
| Trial Date | September 14, 2020 |

***Plaintiff's Proposal for Four-Round Schedule***:

| Event | Date |
|---|---|
| Fact Discovery Cutoff | February 10, 2020 |
| Initial Expert Reports (Party Bearing Burden of Proof) | February 17, 2020 |
| Rebuttal Expert Reports | March 18, 2020 |
| Expert Discovery Cutoff | April 1, 2020 |
| Defendant's MSJ | April 10, 2020 |
| Plaintiff's Opp to MSJ and Cross-Motion (also any *Daubert* challenges to Defendant's MSJ evidence) | May 1, 2020 |
| Defendant's Opposition to Plaintiff's MSJ and Reply to MSJ (also any *Daubert* challenges to Plaintiff's evidence and Opposition to Plaintiff's *Daubert*) | May 15, 2020 |
| Plaintiff's Reply ISO MSJ (and Opp to any *Daubert*) | May 26, 2020 |
| MSJ Hearing | June 16, 2020 |
| Pretrial Conference | August 25, 2020 |
| Trial Date | September 14, 2020 |

***Defendant's Proposal for Four-Round Schedule:***

| Event | Date |
|---|---|
| Fact Discovery Cutoff | February 10, 2020 |
| Exchange of Initial Expert Reports | February 17, 2020 |
| Exchange of Rebuttal Expert Reports | March 18, 2020 |
| Expert Discovery Cutoff | April 8, 2020 |
| Plaintiff's MSJ | April 10, 2020 |
| Defendant's Opp to MSJ and Cross-Motion (also any *Daubert* challenges to Defendant's MSJ evidence) | May 1, 2020 |
| Plaintiff's Opposition to Defendant's MSJ and Reply to MSJ (also any *Daubert* challenges to Plaintiff's evidence and Opposition to Plaintiff's *Daubert*) | May 15, 2020 |
| Defendant's Reply ISO MSJ (and Opp to any *Daubert*) | May 22, 2020 |
| MSJ Hearing | June 16, 2020 |
| Pretrial Conference | August 25, 2020 |
| Trial Date | September 14, 2020 |

1     **3.**     <u>**ADR ELECTION:**</u>

2        ***Plaintiff's Position.***   Plaintiff continues to believe that a settlement conference with a

3  Magistrate Judge is most likely to produce a resolution of this matter.  Plaintiff made a

4  comprehensive demand for settlement in early April and has not received a response.  This is a

5  case where the judicial robes are likely to be necessary to produce a meeting of persons with the

6  requisite authority and willingness to bargain.

7        ***Defendant's Position.***   There is no need for the intervention of a magistrate judge to

8  conduct ADR in this matter; this is a business dispute in which a private mediator's services will

9  be appropriate to the task.  There is no need for a dispute between these parties to take up space

10  on the busy settlement calendar of one of the district's magistrate judges.

11        Amazon does not believe that discussion of the parties' settlement communications is

12  necessary or appropriate in this filing.

13        Amazon is willing to attend a private mediation with persons with appropriate authority

14  and willingness to bargain—no robes necessary.

15

16  Dated:  June 24, 2019                 ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                         By:            */s/ Annette L. Hurst*
                                                      ANNETTE L. HURST

19                                           Attorneys for Plaintiff Williams-Sonoma, Inc.

20

21

22  Dated:  June 24, 2019                 DURIE TANGRI LLP

23

24                                         By:            */s/ Joseph C. Gratz*
                                                      JOSEPH C. GRATZ

25                                           Attorneys for Defendant Amazon.com, Inc.

26

27

28

1

*I, Annette Hurst, am the ECF user whose ID and password are being used to file this Joint Update on Case Schedule. In compliance with General Order 45, X.B., I hereby attest that Joseph C. Gratz has concurred in this filing.*

2

3

4

Dated:  June 24, 2019                                     ANNETTE L. HURST

5

6                                                    By:  _____/s/ Annette L. Hurst_____
                                                             ANNETTE L. HURST

7

8                                                    Attorneys for Plaintiff Williams-Sonoma Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURTHER JOINT UPDATE ON PROPOSED CASE
SCHEDULE, CASE No. 18-CV-07548-EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Annette L. Hurst, certify that on the 24th of June 2019, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in this case.

_/s/ Annette L. Hurst_

ANNETTE L. HURST