ORRICK, HERRINGTON & SUTCLIFFE LLP
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

MARGARET WHEELER-FROTHINGHAM (*Pro Hac Vice*)
mwheeler-frothingham@orrick.com
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

Attorneys for Plaintiff Williams-Sonoma, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No.: 18-cv-07548-EDL <br><br> **PLAINTIFF WILLIAMS-SONOMA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMAZON.COM, INC.'S COUNTERCLAIMS** <br><br> Judge: Honorable Elizabeth D. Laporte |

Plaintiff Williams-Sonoma, Inc. ("WSI"), hereby sets forth its answer and affirmative defenses to Defendant Amazon.com, Inc.'s ("Amazon") Counterclaims ("Counterclaims"). The numbered paragraphs in this Answer correspond to the numbered paragraphs of the counterclaims. Certain headings used by Amazon in the Counterclaims are restated below for ease of reference, but no admissions are made thereby as the headings are not allegations requiring an answer. WSI denies all allegations that it does not expressly admit.

## PARTIES

1. WSI does not contest that Amazon is a corporation and organized under the Laws of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

2. WSI admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. WSI admits that Amazon purports to bring claims under the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

4. WSI does not contest that this Court may assert subject matter jurisdiction over Amazon's claims. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

5. WSI does not contest personal jurisdiction over WSI in this action and further admits that it filed its First Amended and Supplemental Complaint ("FAC") in this District and that its principal place of business is located in this District. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

6. WSI admits that venue is proper in this District in this action and further admits that its principal place of business is located in this District. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

## FIRST COUNTERCLAIM – '452 PATENT

7. WSI incorporates by reference its responses to Paragraphs 1 through 6 as if set forth herein.

| | |
|---|---|
| 1 | 8. WSI admits that Amazon purports to bring claims under the Patent Act, 35 U.S.C. |
| 2 | § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. |
| 3 | 9. WSI admits the allegations in Paragraph 9. |
| 4 | 10. WSI admits that it alleges the '452 patent is valid and infringed and that Amazon |
| 5 | contends otherwise in its Answer and Counterclaims. Any remaining allegations in this |
| 6 | paragraph are legal conclusions to which no response is required. |
| 7 | 11. WSI denies each and every allegation contained in this paragraph. |
| 8 | 12. WSI denies each and every allegation contained in this paragraph. |

## SECOND COUNTERCLAIM – '823 PATENT

13. WSI incorporates by reference its responses to Paragraphs 1 through 12 as if set forth herein.

14. WSI admits that Amazon purports to bring claims under the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

15. WSI admits the allegations in Paragraph 15.

16. WSI admits that it alleges the '823 patent is valid and infringed and that Amazon contends otherwise in its Answer and Counterclaims. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

17. WSI denies each and every allegation contained in this paragraph.

18. WSI denies each and every allegation contained in this paragraph.

## THIRD COUNTERCLAIM – '822 PATENT

19. WSI incorporates by reference its responses to Paragraphs 1 through 18 as if set forth herein.

20. WSI admits that Amazon purports to bring claims under the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

21. WSI admits the allegations in Paragraph 21.

22. WSI admits that it alleges the '822 patent is valid and infringed and that Amazon contends otherwise in its Answer and Counterclaims. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

| | |
|---|---|
| 1 | 23. WSI denies each and every allegation contained in this paragraph. |
| 2 | 24. WSI denies each and every allegation contained in this paragraph. |

### FOURTH COUNTERCLAIM – '750 PATENT

25. WSI incorporates by reference its responses to Paragraphs 1 through 24 as if set forth herein.

26. WSI admits that Amazon purports to bring claims under the Patent Act, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

27. WSI admits the allegations in Paragraph 27.

28. WSI admits that it alleges the '750 patent is valid and infringed and that Amazon contends otherwise in its Answer and Counterclaims. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

29. WSI denies each and every allegation contained in this paragraph.

30. WSI denies each and every allegation contained in this paragraph.

### WSI'S AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Counterclaims, and without conceding the burden of production or proof as to any of the following, WSI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

Amazon fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

*(Validity)*

WSI's '452, '823, '822, and '750 Patents ("Asserted Patents") are valid and satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

*(Infringement)*

Amazon has infringed and continues to infringe the Asserted Patents by making, using, selling, and offering for sale products including the Rivet Modern Upholstered Orb Office Chair, the Rivet Retro Two-Orb Tree Lamp, Glass Globe and Marble Table Lamp, the Bowlyn Mid-

Century Modern Wood Coffee Table, and the Rivet Modern Wood Coffee Table, 24"W, White Brass and Walnut, in the United States, that embody or use the designs claimed in the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

*(Waiver)*

Amazon has waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

*(Reservation of Rights)*

WSI reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this suit.

## PRAYER FOR RELIEF

WHEREFORE, WSI prays for the following relief:

A. That the Court dismiss the Counterclaims brought in this action by Amazon with prejudice and that Amazon take nothing thereby;

B. That the Court enter judgment in favor of WSI and against Amazon;

C. That WSI be awarded its attorneys' fees, disbursement and costs, and expenses incurred related Amazon's Counterclaims; and

D. That WSI be awarded such further and necessary relief as the Court finds just and proper.

## JURY TRIAL DEMANDED

WSI demands a trial by jury of all issues triable by a jury.

Dated: July 1, 2019

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Annette L. Hurst*_____
ANNETTE L. HURST

Attorney for Plaintiff Williams-Sonoma, Inc.

## CERTIFICATE OF SERVICE

I, Annette L. Hurst, certify that on the 1st of July 2019, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in this case.

                                                */s/ Annette L. Hurst*
                                                ANNETTE L. HURST