ORRICK, HERRINGTON & SUTCLIFFE LLP
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:      +1 415 773 5700
Facsimile:      +1 415 773 5759

MARGARET WHEELER-FROTHINGHAM
(*Pro Hac Vice*)
mwheeler-frothingham@orrick.com
51 West 52nd Street
New York, NY  10019-6142
Telephone:  +1 212 506 5000
Facsimile:  +1 212 506 5151

Attorneys for Plaintiff Williams-Sonoma, Inc.

DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
MATTHAEUS MARTINO-WEINHARDT
(SBN 313103) mweinhardt@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  +1 415-362-6666
Facsimile:  +1 415-236-6300

Attorneys for Defendant Amazon.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>          Defendant. | Case No.: 18-cv-07548-EDL<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    January 10, 2020<br>Time:    2:00 p.m.<br>Ctrm:   F<br>Judge:  Honorable Joseph C. Spero<br><br>Complaint Filed:    December 14, 2018 |

**FURTHER CASE MANAGEMENT STATEMENT**

Pursuant to Civil L.R. 16-10(d), and the Court's December 9, 2019 Minute Order, Plaintiff Williams-Sonoma, Inc. ("WSI") and Defendant Amazon.com, Inc. ("Amazon") (collectively, "the Parties"), by and through undersigned counsel, jointly submit this Further Joint Case Management Statement.

## 1. BACKGROUND OF THE CASE & CURRENT CLAIMS

WSI began operating an online storefront under the name WILLIAMS-SONOMA in 1999, and it owns federal trademark registrations covering the provision of certain retail services under the WILLIAMS-SONOMA mark. WSI claims that its rights in the name WILLIAMS-SONOMA are infringed by the way that Williams-Sonoma goods are displayed when they are listed for resale by third parties on Amazon.com and by the way the WILLIAMS-SONOMA mark is used in Amazon.com advertising.  WSI does not sell its goods on Amazon.com directly.

WSI also sells items under its "west elm" brand, including its ORB chair, for which it also has a design patent (Patent No. D815452), and its SLOPE chair.  Among the items Amazon has sold are the "Rivet Modern Upholstered Orb Office Chair" and a "Rivet Industrial Slope Top-Grain Leather Swivel Office Chair."  WSI claims trademark rights in the terms ORB and SLOPE.

On December 14, 2018, WSI filed a Complaint alleging seven causes of action against Amazon based on the manner in which certain Williams-Sonoma items are advertised, offered for sale, and sold on Amazon.com and Amazon's sale of the Rivet Modern Upholstered Orb Office Chair and the Rivet Industrial Slope Top-Grain Leather Swivel Office Chair. Those causes of action are for: (1) infringement of the '452 Patent, (2) federal trademark infringement and trademark counterfeiting under Section 32(1) of the Lanham Act, (3) federal trademark dilution of the WILLIAMS-SONOMA mark, (4) unfair competition under Section 43(A) of the Lanham Act, (5) common law unfair competition/trademark infringement, (6) dilution under California law, and (7) violation of California unfair competition law (ECF No. 1).

On June 3, 2019, the Parties stipulated to a request by WSI for leave to amend its Complaint to add claims that certain other items sold by Amazon under its "Rivet" furniture line infringe WSI's Patent Nos. D818,750, D836,822, and D836,823 for a table, a floor lamp, and a

1    table lamp, respectively (ECF 49).  The Court granted the stipulation and WSI amended its

2    Complaint to add four additional patent infringement claims on June 21, 2019. (ECF 50 & 51).  In

3    total, WSI asserts that the following five Amazon Rivet products infringe its design patents: (1)

4    the Rivet Modern Upholstered Orb Office Chair (the "Rivet Orb Chair"); (2) the Rivet Retro

5    Two-Orb Tree Lamp (the "Rivet Tree Lamp"); (3) the Rivet Modern Glass Globe and Modern

6    Table Lamp (the "Rivet Table Lamp"); and (4) the Rivet Bowlyn Mid-Century Coffee Table (the

7    "Rivet Bowlyn Coffee Table"); and (5) the Rivet Mid-Century Modern White Marble and Walnut

8    Coffee Table, 24" (the "Rivet Marble and Walnut Coffee Table").

9    **2.       STATUS OF DISCOVERY & PROPOSED CASE SCHEDULE**

10           **Status**:  On May 15, 2019, the Court issued a Case Management and Pretrial Order

11   limiting the Parties to 30 interrogatories and 10 depositions, including up to 14 hours of 30(b)(6)

12   deposition, without prejudice to seeking leave for further depositions to the extent permissible

13   under the federal rules (ECF 46).  Since then, the Parties have engaged in substantial discovery.

14   To date, WSI has produced 44,754 pages of documents and Amazon has produced 37,500 pages

15   of documents.  WSI has propounded 14 interrogatories on Amazon and Amazon has propounded

16   20 interrogatories on WSI.  WSI has taken more than 15 hours of 30(b)(6) depositions regarding

17   how the Amazon.com platform operates, the manner in which third-party brands are displayed on

18   the Amazon.com platform and in advertising, and the "fulfilled by Amazon" program.  Amazon

19   propounded 30(b)(6) deposition topics on WSI on December 11, 2019, and WSI informed

20   Amazon that it is identifying witnesses and seeking dates for these depositions.  The Parties have

21   yet to take any individual fact witness depositions.  The Parties have also propounded document

22   requests and entered into an ESI protocol pursuant to which both Parties have produced a

23   substantial number of documents.  Finally, the Parties have each served several third-party

24   subpoenas.

25           Subsequent to this Court's hearing of WSI's motion to compel Amazon to produce

26   specimens of the accused products, Amazon's third-party vendors agreed to provide specimens of

27   the final two accused products and they are now in transit.  Amazon and WSI await receipt of

28   these specimens.

Joint Case Management Statement,
Case No. 18-cv-07548-EDL

**Proposed Schedule**:

*WSI's Position*

The parties previously had a mediation deadline of December 2, 2019.  WSI discussed its position with Amazon that mediation and further settlement discussions would not be productive until certain discovery was complete, including Amazon's production of documents pursuant to the ESI protocol that resulted after WSI filed a motion to compel Amazon's email communications.  On November 20, 2019, the parties stipulated to and received an extension of the mediation deadline to March 15 (ECF 67).  Amazon has since produced a large number of documents, which WSI is currently reviewing, and the Parties are conferring on a date for mediation to occur before the March 15 deadline.  WSI proposes the following extension to the existing deadlines in order to accommodate the additional discovery each side intends to take:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Non-Expert Discovery | February 24, 2020 | April 6, 2020 |
| Initial Expert Disclosures shall be no later than | March 2, 2020 | April 13, 2020 |
| Rebuttal Expert Disclosures shall be no later than | April 1, 2020 | May 13, 2020 |
| Expert Discovery | April 22, 2020 | June 3, 2020 |
| Dispositive motions | May 5, 2020 | June 16, 2020 |
| Oppositions to Dispositive Motions | May 26, 2020 | July 7, 2020 |
| Replies to Dispositive Motions | June 9, 2020 | July 21, 2020 |
| Last Day for Hearing Dispositive Motions | June 30, 2020 | August 11, 2020 |
| Jury Trial | September 14, 2020 | October 26, 2020 |

*Amazon's Position*

Serious settlement discussions have yet to occur in this case.  WSI sent Amazon a settlement proposal on April 2, 2019, and Amazon sent a counter-proposal on July 12, 2019.  WSI never responded to that counter-proposal.  Additionally, while the parties previously had a mediation deadline of December 2, 2019, WSI asked to move the deadline to March 15, 2020.  While Amazon was ready to mediate by December, Amazon believed any mediation would likely

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-CV-07548-EDL

1  prove unproductive if WSI was not also ready to mediate.  Given that Amazon has produced

2  additional documents since WSI asked to move the mediation deadline, Amazon believes that

3  settlement discussions could prove fruitful at this time and that it makes sense for the parties to

4  mediate before expending further resources, with a further case schedule to be set following such

5  a mediation.

6         That said, if WSI is not ready to engage in settlement efforts, or the parties cannot reach a

7  reasonable resolution, Amazon is ready and willing to litigate this case to judgment.  Fact

8  discovery is currently set to close February 24, 2020.  The parties have not completed document

9  discovery, WSI has not provided Amazon with dates for the 30(b)(6) deposition that Amazon

10  requested in early December, and neither side has yet noticed a non-30(b)(6) fact deposition.

11  Accordingly, if the parties are going to litigate this case rather than engage in settlement

12  discussions, Amazon agrees with WSI that an extension of the fact discovery deadline will likely

13  be necessary.

14         WSI did not send Amazon its proposed schedule until after noon on January 2, 2019, the

15  day before this statement was due, and Amazon has not had adequate time to review and consider

16  it.  Accordingly, the parties should meet and confer to attempt to reach agreement on a reasonable

17  proposal to present to the Court.

18  **30(b)(6) Depositions**:

19  *WSI's Position*

20         WSI took early 30(b)(6) depositions in order to understand how the Amazon.com platform

21  operates so that it could, in turn, obtain a basic understanding of the types of documents and

22  individuals with relevant information.  Amazon's witnesses were not prepared to testify on a

23  number of topics and the parties engaged in meet and confer regarding additional deposition time.

24  In addition, from those depositions and Amazon's document production, WSI has determined that

25  it will need additional 30(b)(6) deposition discovery and depositions of individual fact witnesses

26  regarding aspects of the Amazon.com platform such as the Brand Registry, the Fulfilled by

27  Amazon program, variable pricing, display advertisements, and cross-channel marketing.

28  Further, WSI expects it will need 30(b)(6) deposition time regarding its claims with respect to

1   Amazon's Rivet products.  In the Parties' initial case management statement, WSI requested four

2   days of 30(b)(6) deposition testimony in light of its need first to understand how the Amazon

3   platform operates, and then to take discovery on its substantive claims.  At the time the Court

4   granted 14 hours of 30(b)(6) deposition testimony leaving the window open for WSI to request

5   additional deposition time as needed.  WSI has now used just over 15 hours of 30(b)(6)

6   deposition time on how the Amazon platform operates[1] and re-raises its request for a total of four

7   days (28 hours) of 30(b)(6) deposition testimony for each side.

8           On December 11, Amazon requested dates for its first 30(b)(6) depositions.  The holiday

9   months are by far the busiest time for WSI, but it has been working diligently on determining the

10  appropriate witnesses and dates for those depositions and the parties discussed holding the

11  depositions after the case management conference.

12          Amazon complains below that WSI has not previously met and conferred regarding the

13  need for additional deposition time and so an order from the Court is inappropriate.  WSI notes

14  that this is the first time Amazon has requested to have its 30(b)(6) depositions completed by

15  January – indeed, the parties have been (and WSI intends to continue) meeting and conferring

16  about dates for these depositions.  Moreover, Amazon's request that such depositions occur this

17  month is inconsistent with its positions on mediation and discovery.

18                          *Amazon's Position*

19          WSI has not previously raised with Amazon its intent to ask the Court for additional

20  deposition time.  As to the meet and confer discussion that WSI references above, WSI claimed in

21  September and October of 2019 that certain of Amazon's 30(b)(6) witnesses were not adequately

22  prepared, and requested 3-4 hours of additional deposition time on certain topics.  While Amazon

23  disagreed, to avoid burdening the Court with unnecessary disputes, it suggested a limited, mutual

24  expansion of the time limits for 30(b)(6) depositions, and offered to put up additional witnesses

25  on certain narrow subject matters.  Amazon made that proposal on October 14, 2019, and WSI

26  never responded.  That discussion had nothing to do with WSI's current request to **double** the

27  time limit for 30(b)(6) depositions so that it can take depositions on topics not covered by its first

28  _____

[1] There is a dispute between the Parties over the adequacy of preparation of Amazon witnesses.

1   deposition notice.  Accordingly, the most that the Court should order now is that the parties meet

2   and confer.

3        In any event, any request for additional deposition time is—at best—premature.  Amazon

4   requested dates for the 30(b)(6) depositions of WSI's witnesses on December 11, and WSI has

5   yet to provide Amazon with a single date.  If the parties are going to litigate this case, rather than

6   attempt to resolve it through mediation, WSI should be ordered to provide dates for its witnesses

7   such that at least the 30(b)(6) deposition requested in December can be completed by the end of

8   January.  After those depositions are held, the parties should meet and confer about whether a

9   mutual expansion of the time limit for 30(b)(6) depositions is warranted.  If the parties cannot

10  agree, WSI can file a motion pursuant to FRCP 30(a)(2)—the standard for which WSI does not

11  even discuss in this CMC Statement—at that time.

12  **3.**     **VALUE OF THE CASE**

13       *WSI's Position*

14       Generally, this case can be divided conceptually into two sets of claims—those involving

15  Amazon's use of the WILLIAMS-SONOMA mark and those involving Amazon's Rivet line of

16  furniture, which includes both trademark and design patents claims.  With respect to the

17  trademark and service mark claims, the traditional remedy is injunctive relief and WSI seeks an

18  injunction preventing Amazon from continuing infringing use of its marks.  With respect to

19  monetary damages, fact discovery is ongoing and the Parties have not engaged in expert

20  discovery regarding the damages to which WSI would be entitled were it to succeed on each of its

21  claims.

22       The below case assessment is based on information currently known by the Parties and is

23  provided at the Court's request in order to provide a better understanding of the value of the case.

24  The Parties reserve the right to alter their assessments as the case progresses and new information

25  is discovered.

26       **A.**     **WILLIAMS-SONOMA Brand-Related Claims**

27       WSI asserts that Amazon is willfully applying spurious copies of the WILLIAMS-

28  SONOMA mark on the Amazon.com platform and in online advertising in order to create the

1    impression in the mind of the consumer that there is an authorized WSI retail outlet on the

2    Amazon.com platform.  WSI alleges this causes consumer confusion as to the source, affiliation

3    or authorization of the online retail services provided by WSI and provided by Amazon.  WSI

4    further asserts Amazon's unauthorized retail services do not maintain WSI's standards and dilute

5    WSI's famous WILLIAMS-SONOMA mark.  Further, WSI asserts Amazon's unauthorized use

6    of WSI's WILLIAMS-SONOMA mark to advertise, promote, and offer competing retail services

7    is a willful counterfeit use warranting up to $2,000,000 in statutory damages per counterfeit mark

8    per type of good sold, or treble damages and profits, attorneys' fees, and costs.

9        With respect to injunctive relief, WSI seeks to enjoin Amazon from continuing to use the

10   WILLIAMS-SONOMA mark in a misleading manner that implies or creates the impression of

11   any connection or affiliation between the online retail services provided by WSI and the online

12   retail services provided by Amazon in connection with WILLIAMS-SONOMA branded products

13   sold on the Amazon platform.  For instance, WSI seeks an injunction preventing Amazon from

14   aggregating numerous product listings under the prominent heading "Shop Williams-Sonoma" or

15   "Williams Sonoma," from stating products are "by Williams-Sonoma," from obscuring the

16   products are sold by third party sellers, and from employing sponsored search engine ads

17   describing the Amazon WILLIAMS-SONOMA presence as an "Official Site."

18        With respect to the Court's question about the number of products sold, Amazon has

19   produced sales data that it says show the total number of sales and profit to Amazon.  The parties

20   are prepared to discuss the sales data, which Amazon designated highly confidential, at the case

21   management conference. The information provided by counsel and in Amazon's production has

22   not yet been confirmed during deposition, but WSI has indicated to Amazon that if Amazon

23   provides a sworn statement detailing certain information provided in this document, it will

24   evaluate whether or not a deposition is necessary.

25        **B.    Rivet-Related Claims**

26        WSI also asserts that Amazon has engaged in a campaign of copying WSI's West Elm

27   furniture by selling knock-offs of several patented furniture designs, even going so far as to

28   employ the same product name for two copied products.  WSI asserts Amazon willfully infringed

1   each of WSI's asserted patents warranting enhanced damages.  Amazon has provided sales data

2   for each accused product.  WSI will be prepared to discuss the sales data, which Amazon has

3   designated highly confidential, at the case management conference. Again, this information has

4   not yet been confirmed during deposition or verified by sworn statement.

5          WSI alleges a pattern of behavior by Amazon in this case amounting to unfair competition

6   and intends to present that pattern to the jury absent a comprehensive resolution of the claims.

7   Accordingly, WSI is not willing to dismiss its Rivet-related claims piecemeal.

8          _Amazon's Position_

9          To date, Amazon has produced more than 37,500 pages of documents, and Amazon

10  witnesses have given more than 15 hours of 30(b)(6) deposition testimony.   To prepare this case

11  for trial, the parties must still complete document discovery, take fact depositions, and engage in

12  expert discovery—in addition to likely summary judgment and other motion practice.  But the

13  parties have likely already spent more on attorneys' fees to date than this case is worth.   Based

14  on documents that Amazon produced in discovery, WSI itself has previously calculated

15  Amazon's total revenue from sales of the Rivet products at issue during the relevant time period

16  as under $200,000.  Revenue from total sales of WILLIAMS-SONOMA branded products on

17  Amazon.com during the relevant time period is under $950,000, with profits being far less.

18         This is a straightforward commercial dispute that should be addressed on commercial

19  terms.  WSI does not have the right to control whether its genuine goods are resold by third

20  parties (the sale of counterfeit goods is not at issue), or to control the manner in which Amazon

21  displays or arranges those third-party listings.  Amazon is willing to discuss reasonable

22  commercial accommodations for WSI's stated concerns.  But it does not make sense for either

23  party to spend millions of dollars on attorneys' fees in a case about a relatively small number of

24  sales.  And it certainly does not make sense for the parties to litigate an entire patent case over

25  919 units of circular "orb" chairs and 94 units of other home furnishings, simply because WSI

26  wants the trademark claims to which those patent claims are yoked to be appealed to the Federal

27  Circuit rather than the Ninth Circuit.  This case is not worth the candle, it is not worth the Court's

28  or the parties' time and resources, and it should be put on a path to resolution now.

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-cv-07548-EDL

1

2

3

4    Dated:  January 3, 2020                     ORRICK, HERRINGTON & SUTCLIFFE LLP

5
                                                 By: _____/s/ Annette L. Hurst_____
6                                                           ANNETTE L. HURST

7                                                Attorney for Plaintiff Williams-Sonoma, Inc.

8

9          *I, Annette L. Hurst, am the ECF user whose ID and password are being used to file this*
10   *Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest*
     *that Daralyn J. Durie has concurred in this filing.*
11

12   Dated:  January 3, 2020                     DURIE TANGRI LLP
13

14                                               By: _____/s/ Daralyn J. Durie_____
                                                          DARALYN J. DURIE
15                                               Attorney for Defendant Amazon.com, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **<u>CERTIFICATE OF SERVICE</u>**

2  I, Annette L. Hurst, certify that on the 3rd day of January 2020, I caused the foregoing

3  document to be electronically transmitted to the Clerk of the Court using the ECF System for filing

4  and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in

5  this case.

6

7                                                */s/ Annette L. Hurst*
                                              ANNETTE L. HURST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT,
CASE NO. 18-CV-07548-EDL