ORRICK, HERRINGTON & SUTCLIFFE LLP
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

MARGARET WHEELER-FROTHINGHAM (*Pro Hac Vice*)
mwheeler-frothingham@orrick.com
51 West 52nd Street
New York, NY  10019-6142
Telephone:  +1 212 506 5000
Facsimile:   +1 212 506 5151

Attorneys for Plaintiff
Williams-Sonoma, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAMS-SONOMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No.: 18-cv-07548-AGT <br><br> **WILLIAMS-SONOMA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF** <br><br> Date:   April 24, 2020 <br> Time:  10:00 a.m. <br> Ctrm:  Courtroom A <br> Judge: Honorable Alex G. Tse |

[*REDACTED VERSION* - PROVISIONALLY FILED UNDER SEAL]

# NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2020 at 10:00 a.m., or as soon thereafter as the matter can be heard before the Honorable Judge Alex G. Tse in Courtroom A, on the 15th floor of the above-refenced court, located at 450 Golden Gate Avenue, San Francisco, CA 94103, Plaintiff Williams-Sonoma, Inc. ("WSI"), by and through attorneys of record, will and hereby does, move the Court pursuant to Fed. R. Civ. P. 15(d) and 16(b)(4) for an order granting WSI leave to file a Second Supplemental Complaint alleging violation of the Copyright Act, 17 U.S.C. § 501 et seq.  This Motion is based on the pleading and papers on file in this action, the following Memorandum of Points and Authorities, the Declaration of Diana Rutowski ("Rutowski Decl.") filed herewith, the material attached thereto, and any further papers, evidence, and argument as may be submitted in connection with this Motion.

WSI respectfully requests that the Court grant WSI's request to file a Second Supplemental Complaint adding a copyright infringement claim.  Good cause exists for granting leave to supplement because WSI first learned of essential facts needed to investigate and bring a copyright claim only during discovery that occurred after the period for amending as a matter of course had passed.  Leave to amend is also warranted as WSI's proposed amendments do not result from bad faith or undue delay.  Amazon, moreover, will suffer no prejudice as a result of the amendment as the parties have already agreed to a modification of the current case schedule (*see* Dkt. 90), in part due to the unforeseen consequences on the Parties' ability to conduct depositions and the overall disruption and shutdowns caused by the COVID-19 pandemic.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2
    A. Procedural History ............................................................................................... 2
    B. WSI Learns of Amazon's Volition Over Content of Product Pages ..................... 3
    C. The Parties Met and Conferred Regarding Supplementation ............................... 5
III. LEGAL STANDARD ...................................................................................................... 6
IV. ARGUMENT .................................................................................................................... 8
    A. Good Cause Exists for WSI's Supplementation Under Rule 16(b)(4) ................. 8
    B. The Court Should Grant Leave to Supplement Pursuant to Rule 15(d) .............. 10
V. CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page(s)**

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*,
   No. C-11-2243 CW, 2012 WL 3877783 (N.D. Cal. Sept. 6, 2012)............................................6

*Ally Bank v. Castle*,
   No. 11-CV-896 YGR, 2012 WL 3627637 (N.D. Cal. Aug. 20, 2012) ......................7, 8, 10, 12

*BlackBerry Ltd. v. Typo Prod. LLC*,
   No. 14-cv-00023-WHO, 2014 WL 6989423 (N.D. Cal. Dec. 9, 2014) ...............................10, 13

*Bowles v. Reade*,
   198 F.3d 752 (9th Cir. 1999)..............................................................................................8, 13

*Camacho v. Jefferson Capital Sys., LLC*,
   No. 14-CV-02728-BLF, 2015 WL 1939071 (N.D. Cal. Apr. 28, 2015) .........................6, 9, 10

*Corbis Corp. v. Amazon.com, Inc.*,
   351 F.Supp. 2d 1090 (W.D. Wash. 2004)..................................................................................3

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987)......................................................................................................7

*Flores v. City of Tulare*,
   No. 10-CV-00394-AWI-BAM, 2011 WL 5240428 (E.D. Cal. Nov. 1, 2011) ..........................7

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) ................................................................................................................5

*Keith v. Volpe*,
   858 F.2d 467 (9th Cir.)..........................................................................................7, 10, 11, 12

*Lantiq Deutschaldn GMBH, v. Ralink Tech. Corp.*,
   No. 5:11-CV-00234 EJD, 2012 WL 1536070 (N.D. Cal. Apr. 30, 2012) ................................6

*LaSalvia v. United Dairymen of Arizona*,
   804 F.2d 1113,1119 (9th Cir. 1986)............................................................................7, 10, 11

*Mavrix Photographs, LLC v. LiveJournal, Inc.*,
   873 F.3d 1045 (9th Cir. 2017)...................................................................................................9

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001)......................................................................................................7

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007)...................................................................................................9

iii

WSI's Motion for Leave to
File Second Supp. Complaint
Case No.: 18-cv-07548-AGT

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017)......................................................................................9

*Planned Parenthood of S. Arizona. v. Neely*,
    130 F.3d 400 (9th Cir. 1997)......................................................................................7

*PNY Techs., Inc. v. SanDisk Corp.*,
    No. 11-cv-04689-WHO, 2014 WL 294855 (N.D. Cal. Jan. 27, 2014) ......................8

*San Luis & Delta–Mendota Water Auth. v. U.S. Dep't of Interior*,
    236 F.R.D. 491 (E.D. Cal. 2006) .............................................................................13

*United States v. Reiten*,
    313 F.2d 673 (9th Cir. 1963)......................................................................................7

*Whatru Holding, LLC v. Bouncing Angels, Inc.*,
    No. CV-14-05187BRO, 2015 WL 12861157 (C.D. Cal. July 14, 2015)...................9

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*,
    668 F.2d 1014 (9th Cir. 1982)..................................................................................12

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
    309 F.R.D. 645 (2015) ........................................................................................13, 14

**Rules**

Fed. R. Civ. P.
    Rule 15 .................................................................................................................6, 13
    Rule 15(a)...................................................................................................................8
    Rule 15(d) .......................................................................................................*passim*
    Rule 16(b)(4)...........................................................................................................6, 8

## I. INTRODUCTION

This case is about Amazon.com, Inc.'s ("Amazon") infringement of every single type of WSI's intellectual property by: launching a fake Williams Sonoma storefront on its e-commerce platform, running false ads to attract people to that site, knocking off WSI's patented products, and using WSI's trademarks in connection with those products. Moreover, Amazon uses WSI's own photographs to conduct its infringement. Prior to filing this litigation, WSI was under the mistaken impression that third-party sellers were the ones publishing WSI's images on the Amazon marketplace with Amazon acting as no more than a service provider, eligible for DMCA protection. Accordingly, WSI did not include copyright infringement claims in its original Complaint, instead enforcing its rights in copyrighted images by sending takedown notices to Amazon. Since filing this litigation, WSI has learned that Amazon itself is a direct infringer of WSI's copyrights.

Good cause exists for granting leave to supplement because WSI first learned of essential facts needed to investigate and bring a copyright claim only during discovery late last year. Specifically, discovery revealed that *Amazon* exercises complete editorial control over the images displayed to sell products offered by third-party sellers on the Amazon.com platform. When multiple third-party sellers offer the same product, each seller uploads product images. Amazon maintains a catalog of those images and then *Amazon*, via its algorithms, selects which of the images in its catalog to display on the product detail pages in the Amazon marketplace. This editorial control, and Amazon's role in the selection and display of copyrighted images via its algorithms, constitutes the volition required for direct copyright infringement and renders Amazon ineligible for safe harbor protection under the DMCA. The details of Amazon's image cataloging, selection, and display procedure came to light through 30(b)(6) depositions of Amazon's corporate designees late last year.

In addition, supplementation is favored when claims are related, and the relevant factors compel amendment. There is no risk of prejudice to Amazon. Amazon itself requested additional time for discovery in light of the effects COVID-19 is having on its business, headquartered in Seattle – the impact of which is now significantly more widespread. Indeed, the parties have

stipulated to a schedule that will allow a couple months of discovery after the hearing on this motion, allowing plenty of time to conduct discovery on the supplemental claim.  And WSI has not unduly delayed raising this claim.  Once WSI became aware of Amazon's image selection process, it undertook an investigation into which of its copyright protected images displayed on the Amazon.com platform were selected and displayed by Amazon.  After its initial investigation, WSI raised its intent to bring a copyright claim during the Court's case management conference on January 10, 2020.  WSI continued to investigate the facts underlying this potential new claim, drafted a supplemental complaint, and shared it at Amazon's request on February 10, indicating it would hold off on filing until after the then upcoming mediation.  After the parties did not settle during mediation on March 10, 2020, Amazon confirmed its intent to oppose the filing of WSI's Second Supplemental Complaint, the Parties agreed to a revised schedule, and WSI now brings this motion.

Amazon's pattern of violating WSI's intellectual property in creating its counterfeit storefront and the volition and control it exerts over its marketplace—down to selecting elements of product detail pages—are key underpinnings of not only the original complaint, but the supplemental copyright claim.  Judicial economy compels that these claims be tried together and leave to file the Second Supplemental Complaint granted.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Procedural History

WSI filed its initial Complaint against Amazon on December 14, 2018, alleging trademark counterfeiting, infringement, and dilution, as well as unfair competition, in connection with Amazon's unauthorized Williams Sonoma storefront.  *See* Dkt. 1.  WSI also alleges design patent infringement and trademark infringement of its Orb and Slope marks in connection with Amazon's Rivet furniture line.  *See id*.  Amazon filed a motion to dismiss WSI's trademark claims.  Dkt. 23.  Judge Laporte denied the motion on May 2, 2019.  Dkt. 39.

Thereafter the parties began to serve discovery.  WSI focused the first phase of discovery on how the Amazon.com online store operates, and the level of control that Amazon exerts over its storefronts and product listings for third-party sellers.  However, in response to WSI's

2

WSI's Motion for Leave to
File Second Supp. Complaint
Case No.: 18-cv-07548-AGT

discovery requests, Amazon refused to produce email, instead producing mostly publicly available information.  Amazon further delayed by initially refusing to produce witnesses in response to WSI's 30(b)(6) Deposition Notice filed on May 15, 2019.  Rutowski Decl. Exs. B, C.  The parties met and conferred, WSI moved to compel on the email issue, and on August 13, 2019 the parties finally reached agreement on Amazon witness availability in the last week of August and early September.  Rutowski Decl. Ex D.  Those depositions trickled into October.  Meanwhile, after the hearing on WSI's motion to compel email, the Parties engaged in an extensive court-ordered ESI protocol search term exchange and further document production.  This necessitated further review of documents, research, and, ultimately, a comparison of Amazon's hundreds of WSI branded product listings and all of their available images to WSI's registered copyrights.

The court initially set a June 3, 2019 deadline to amend pleadings.  *See* Dkt. 46.  On that day, the parties filed a joint stipulation and proposed order granting leave for WSI to file its First Amended and Supplemental Complaint to add additional design patent infringement claims relating to patents issued after the filing of the lawsuit.  *See* Dkt. 49.  The court granted the request on June 10, 2019 (*see* Dkt. 50) and WSI filed its First Amended and Supplemental Complaint on June 12, 2019.  *See* Dkt. 51.

**B.     WSI Learns of Amazon's Volition Over Content of Product Pages**

During the August 28, 2019 deposition of Amazon 30(b)(6) witness Faeza Asvat, WSI first began to uncover the degree of control Amazon maintains over the content displayed on product listing pages of third-party sellers.  While Amazon's own publicly facing website hints at the control that Amazon exerts (*see* Proposed Supplemental Complaint ¶ 18), Amazon has long maintained its eligibility for the DMCA safe harbor, representing itself as a service provider displaying content posted at the direction of users.  *See Corbis Corp. v. Amazon.com, Inc.,* 351 F.Supp. 2d 1090 (W.D. Wash. 2004) (Amazon invoked the DMCA safe harbor defense against infringing display of photos on listings.)  At the time of the *Corbis* decision, the court reasoned that – contrary to what we now know about Amazon's present day control over its marketplace listing – Amazon did not have the right or ability to control vendor sales and it did not preview

1  products prior to listing, edit product descriptions, suggest prices, or otherwise involve itself in
2  the sale and was thus eligible for DMCA safe harbor protection.  WSI now knows the present
3  reality of Amazon's control over product listings precludes it from invoking the DMCA safe
4  harbor here.  WSI confirmed through 30(b)(6) testimony the extent of Amazon's control and
5  volition in curating the images that appear on its product detail pages.  Ms. Asvat testified on
6  behalf of Amazon that "█████████████████████████████████████████████████████
7  ████████████████████████████████" and that "████████████████████████████████████
8  ███████████████████"  Rutowski Decl. Ex. E (30(b)(6) Deposition of Faeza Asvat) at
9  70:18-71:20.  Furthermore, Amazon can "████████████████████████████████" such that a
10 single product detail page "████████████████████████████████" *Id*. at 72:18-24.  One of
11 the things that is "███████████████████████████████████████" on a product detail
12 page. *Id.* at 74: 18-21.
13     Then during the October 1, 2019 deposition of Amazon 30(b)(6) witness Russell
14 Andrews, WSI further established the extent of Amazon's overall control over the entire product
15 detail page.  Mr. Andrews, on behalf of Amazon, testified that "█████████████████████
16 ██████████████████████████████████████████████████" and instead "███████
17 ████████████████████" their proposed submissions for a product detail page.  Rutowski Decl.
18 Ex. F (30(b)(6) Deposition of Russell Andrews) at 22:11-18.  With respect to images in
19 particular, "██████████████████████████████████████████████████████████████
20 ██████████████████████████████████████████████████████." *Id*. at 23:20-25.
21 Reconciliation is Amazon's "███████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████████." *Id*. at
23 25:11-16 (emphasis added).  Thus, it is Amazon that selects which images are used for listings on
24 its website.
25     WSI learned, definitively, during these depositions that Amazon exercises exclusive and
26 extensive control over the content displayed on its product detail pages for products offered by
27 third-party sellers, including the editorial choice of which image to display to customers.
28 Amazon keeps its algorithms confidential and so, prior to Amazon's 30(b)(6) testimony, WSI did

not have access to this information about how Amazon constructs its product detail pages. In light of this new information, WSI began to consider whether it could bring a copyright infringement claim against Amazon. But before WSI could do so, it had to conduct a diligent investigation. WSI had to comb Amazon's website to determine which of WSI's copyrighted images were published there. It then had to determine whether the listing involved multiple sellers, each of which would have contributed to Amazon's catalog. After identifying those images, and because of the Supreme Court's recent decision in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), WSI had to ensure that it had a registration for any image underpinning its claims. This was a time-consuming process, in part because WSI registers its catalogs, which each contain hundreds of images. Rutowski Decl. ¶ 8.

### C. The Parties Met and Conferred Regarding Supplementation

On October 28, 2019, the court issued an order reassigning the case to Magistrate Judge Spero in light of the retirement of Judge Laporte, with the expectation it would later be reassigned to the Magistrate Judge appointed to replace Judge Laporte. ECF Notice October 28, 2019. Judge Spero set a Case Management Conference ("CMC") for January 10, 2020. Dkt. 72.

During the CMC on January 10, 2020, WSI notified Amazon and the Court of its intent to supplement the complaint with copyright claims. Rutowski Decl. ¶ 10. Also at the CMC, the parties agreed to hold a settlement conference before Judge Spero on March 10, 2020. Dkt. 78. On February 3, 2020, the case was reassigned to Magistrate Judge Alex Tse. Dkt. 81. There is a further case management conference set for April 10, 2019. Dkt. 85.

Following the CMC, Amazon asked if WSI would be willing to put depositions on hold pending the settlement conference and to review WSI's proposed supplemental complaint before it could decide whether it would stipulate to its filing. Rutowski Decl. Ex. H. The Parties ultimately agreed, and Amazon has taken no depositions while WSI has taken only the limited 30(b)(6) deposition of Amazon on how its platform works. *Id.* ¶ 19.

On February 10, 2020, WSI provided Amazon with its Second Supplemental Complaint and a Stipulation and Proposed Order to file the same, indicating its willingness to hold off on filing until after the settlement conference so as not to disrupt those efforts. *Id.* Ex. I. Having

1  heard nothing from Amazon, WSI followed up by email, and the parties conferred by telephone
2  on March 5, 2020. *Id.* Ex. J.  Amazon informed WSI that it was unwilling to stipulate to allow
3  the filing of the Second Supplemental Complaint at that time giving as its reasons: 1) the deadline
4  to amend passed in June 2019, 2) WSI has known about its copyrighted photos on Amazon for
5  some time.  *Id.* ¶ 15. WSI's response to both these issues is detailed in the argument section
6  below.

7  When the dispute did not resolve at the settlement conference on March 10, 2020,
8  Amazon requested a further extension of case deadlines and the parties revisited whether Amazon
9  would stipulate to the supplemental complaint.  *Id.* ¶ 16, Ex. K.  In light of COVID-19, it is not
10 currently possible to proceed with the depositions of Amazon's witnesses in Washington, and the
11 parties will need additional time for the discovery period.  *Id.*  WSI explained that the extended
12 schedule would provide sufficient time for discovery into its copyright claim.  *Id.*  Nevertheless,
13 on March 12, 2020, Amazon confirmed that it would oppose WSI's motion for leave to
14 supplement, leaving WSI compelled to file the present motion.  *Id.* ¶ 17.  On March 16, 2020, the
15 parties filed a stipulation to extend the case schedule, which sets June 24, 2020 as the end of fact
16 discovery – two months after the requested hearing date for this Motion.  Dkt. 90.

**III.   LEGAL STANDARD**

A party may amend their pleadings after the date set in a court's scheduling order upon a showing of "good cause" and with the judge's consent under Fed. R. Civ. P. 16(b)(4). *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.,* No. C-11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012); *Lantiq Deutschaldn GMBH, v. Ralink Tech. Corp.*, No. 5:11-CV-00234 EJD, 2012 WL 1536070, at * 4 (N.D. Cal. Apr. 30, 2012).  Good cause exists if the party seeking relief shows that the deadline could not reasonably be met despite the party's diligence.  *See Camacho v. Jefferson Capital Sys., LLC*, No. 14-CV-02728-BLF, 2015 WL 1939071, at *2 (N.D. Cal. Apr. 28, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

With a showing of good cause, the party can supplement under Fed. R. Civ. P. 15. *Adobe Sys. Inc.,* 2012 WL 3877783, at * 7.  Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any

1    transaction, occurrence, or event that happened after the date of the pleading to be supplemented."
2    "The clear weight of authority … permits the bringing of new claims in a supplemental complaint
3    to promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d
4    467, 473 (9th Cir.) (citing *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d
5    1014, 1057 (9th Cir. 1982)).

6        Rule 15(d) "is a useful device, enabling a court to award complete relief, or more nearly
7    complete relief, in one action, and to avoid the cost, delay and waste of separate actions which
8    must be separately tried and prosecuted." *Flores v. City of Tulare*, No. 10-CV-00394-AWI-
9    BAM, 2011 WL 5240428, at *2 (E.D. Cal. Nov. 1, 2011) (citing *New Amsterdam Cas. Co. v.
10   Waller*, 323 F.2d 20, 28–29 (4th Cir.1963)).  Within the 9th Circuit, "[t]he clear weight of
11   authority . . . permits the bringing of new claims in a supplemental complaint to promote the
12   economical and speedy disposition of the controversy." *Keith*, 858 F.2d at 473.

13       Supplementation "is favored," *Planned Parenthood of S. Arizona. v. Neely*, 130 F.3d 400,
14   402 (9th Cir. 1997), and "should be granted 'unless undue prejudice to the opposing party will
15   result.'" *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113,1119 (9th Cir. 1986).  "The
16   purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the
17   parties as is possible." *Id.*  For that reason, all inferences are drawn in favor of granting the
18   motion. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also*
19   *United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963) (interpreting Rule 15(d) according to
20   "the general purpose of the Rules to minimize technical obstacles to a determination of the
21   controversy on its merits").  A court should "liberally construe Rule 15(d) absent a showing of
22   prejudice to the defendant" and grant a request for supplementation related to the original claim
23   unless the opposing party can show undue delay, prejudice, or futility. *Keith v. Volpe*, 858 F.2d
24   467, 473-474 (9th Cir. 1988). *See also Ally Bank v. Castle*, No. 11-CV-896 YGR, 2012 WL
25   3627637, at *1 (N.D. Cal. Aug. 20, 2012), quoting *San Luis & Delta–Mendota Water Auth. v.
26   U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (citing *Foman v. Davis*, 371 U.S.
27   178, 182 (1962)).  The party "opposing amendment bears the burden of showing prejudice."
28   *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).  Even "undue delay by

itself… is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).

Additional factors for the Court to consider in determining whether to permit supplementation include "the relatedness of the original and supplemental complaints; whether supplementation would promote judicial economy; whether final judgment has been entered and, if so, whether the court retains jurisdiction; and whether any proposed supplemental allegations concern defiance of a prior court order." *Ally Bank*, 2012 WL 3627637, at *1, quoting *San Luis & Delta–Mendota Water Auth.*, 236 F.R.D. at 496 (citing *Foman*, 371 U.S. at 182).[1]

## IV.   ARGUMENT

### A.   Good Cause Exists for WSI's Supplementation Under Rule 16(b)(4)

The parties have stipulated to a new schedule that will accommodate WSI's supplemental complaint. *See* Dkt. 90.  As set forth in the stipulation, good cause exists for the parties' stipulated schedule in light of travel and other business restrictions due to COVID-19 (notably, Amazon is in Washington and currently unable to participate in depositions and the shelter in place order and office closures in the Bay Area), the parties' efforts to focus on settlement in lieu of pursuing depositions leading up to the March 10 mediation, and the uncertainty in schedule surrounding the reassignment to Judge Tse.  The new agreed schedule provides two months of discovery after the hearing on this motion.  Thus, while WSI's Motion to file its Second Supplemental Complaint comes after the deadline to amend in the Court's scheduling order (June 3, 2019), it will not require any additional modifications to the case schedule other than already stipulated by the parties for good cause (or those that may be further necessitated in light of COVID-19).

---

[1] District courts in the Ninth Circuit have found that "the standards for granting a motion for leave to file a supplemental pleading [under Rule 15(d)] are the same as those for granting a motion to file an amended complaint under Rule 15(a)." *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-cv-04689-WHO, 2014 WL 294855 (N.D. Cal. Jan. 27, 2014).  While Fed. R. Civ. P. 15(d) primarily serves to promote judicial economy, both standards also address undue prejudice to the opposing party.  *Id*.  Analysis of factors under Rule 15(a) is instructive of how it should be analyzed under Rule 15(d).

Additionally, it was impossible for WSI to add the copyright claim by the June 3 deadline because it first learned of the facts underlying the claim during depositions that occurred months after that date.  Good cause exists where—as here—the party seeking relief shows that the deadlines cannot reasonably be met despite the party's diligence.  *See Camacho*, 2015 WL 1939071, at *2, (citing *Johnson*, 975 F.2d at 609); s*ee also Whatru Holding, LLC v. Bouncing Angels, Inc.*, No. CV-14-05187BRO (PLAX), 2015 WL 12861157, at *3 (C.D. Cal. July 14, 2015) (good cause existed where "Plaintiffs discovered the bases for Mr. Haytaian's potential liability during the discovery period set by the Scheduling Order; Defendants do not explain how or why Plaintiffs should have discovered this evidence any earlier").

WSI did not learn that Amazon has the requisite volition required for a direct copyright infringement claim until it took discovery in this case, specifically during the 30(b)(6) depositions of Amazon witnesses late last year.  Amazon's product detail page algorithms are not public, and WSI did not have prior knowledge of Amazon's editorial control and curation of those pages.  It was through the depositions that WSI learned Amazon stores WSI's photographs in the catalog on its servers.  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) (One "displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory").  It then selects them, and makes them viewable to the public, violating WSI's exclusive rights in those photographs.  This is not merely acting as a service provider that passively hosts images at the direction of users.  If an Amazon employee were composing these product pages from the submissions by third-party sellers, there is no doubt that Amazon would be liable for direct copyright infringement when that employee copied and displayed photographs in this unauthorized fashion.  *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045 (9th Cir. 2017); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (volitional conduct requires "exercise[] [of] control (other than by general operation …); "select[ion] [of] any material for upload, download, transmission, or storage"; or "instigat[ion] [of] any copyright, storage, or distribution").  Amazon exercises the volition to select these photographs in the circumstances described, and therefore is the but-for cause and directly responsible for infringement of WSI's exclusive rights.

9

WSI's Motion for Leave to
File Second Supp. Complaint
Case No.: 18-cv-07548-AGT

1     Further, the knowledge of Amazon's control was just the trigger to WSI's own investigation—WSI then diligently investigated whether it could bring a direct infringement claim. The investigation entailed looking into the particular images used on the Amazon platform, the number of sellers associated with the listing (thus, contributing content), WSI's catalog and website imagery, and WSI's copyright registrations, which generally cover hundreds of catalog photographs. Rutowski Decl. ¶ 8; Rutowski Decl. Ex. G. WSI did not learn sufficient facts to bring the supplemental claim until taking discovery and the depositions—so it could not have complied with the court's pleading amendment deadline of June 3, 2019. *See Camacho*, 2015 WL 1939071, at *2. This is good cause to grant leave to supplement and to adjust the scheduling order accordingly.

    Upon concluding its investigation and determining Amazon's direct infringement, WSI informed Amazon of its intention to supplement the Complaint at the January 10 CMC. Rutowski Decl. ¶ 10. The parties then met and conferred, and WSI provided the proposed Second Supplemental Complaint on February 10 along with a draft stipulation permitting its filing, indicating it could hold off on filing until after the scheduled mediation. Rutowski Decl. Ex. I. On March 12, 2020, after further meet and confer, Amazon confirmed that it would not stipulate to the amendment. *Id.* ¶ 12.

    As WSI could not have supplemented the complaint with the copyright claim earlier to comply with the deadline to amend, and diligently sought to supplement when it could, WSI has shown good cause to allow it to file its Second Supplemental Complaint.

### B.     The Court Should Grant Leave to Supplement Pursuant to Rule 15(d)

    Absent undue prejudice to the opposing party, leave to supplement should be freely granted. *LaSalvia*, 804 F.2d at 1119. Other factors courts consider include relatedness of the claims, judicial economy, undue delay, bad faith, and repeated failure to cure deficiencies by amendments previously allowed or futility of amendment. *Keith*, 858 F.2d at 473-474; *see also Ally Bank*, 2012 WL 3627637, at *1, quoting S*an Luis & Delta–Mendota Water Auth.*, 236 F.R.D. at 496 (citing *Foman*, 371 U.S. at 182); *BlackBerry Ltd. v. Typo Prod. LLC*, No. 14-cv-00023-WHO, 2014 WL 6989423, at *1 (N.D. Cal. Dec. 9, 2014). All relevant factors weigh in

1  WSI's favor.

### 1. Amazon Will Not Be Unduly Prejudiced

Prejudice is the key inquiry when considering supplementation—supplementation "should be freely granted, unless undue prejudice to the opposing party will result." *LaSalvia*, 804 F.2d at 1119. There is plenty of time left in discovery for Amazon to pursue its defenses in light of the stipulated schedule agreed to by the parties. Dkt. 90. Indeed, it was Amazon that requested, and WSI who agreed to, an extension of the discovery period due to the effects of COVID-19 and the parties' settlement efforts. Rutowski Decl. Ex. K. Further, Amazon has not taken any depositions of WSI witnesses, and WSI has taken only a limited 30(b)(6) deposition on the operation of the Amazon platform—thus, the parties can take the new claim into account as they frame the remaining discovery in the case. The parties have also requested trial after the 2020 holiday shopping season, *i.e.*, February 2021. Dkt. 90. Thus, there is additional time in the parties' agreed schedule should it become necessary to accommodate any additional discovery necessitated by the copyright claim.

Moreover, Amazon cannot claim prejudice because it created the delay in WSI obtaining the discovery necessary to bring its copyright claim. Notably, WSI sought 30(b)(6) discovery into the function of the Amazon platform on May 15, 2019. Rutowski Decl. Ex. B. But it was not until the end of August that Amazon provided the first testimony relevant to WSI's copyright claims. *Id.* Ex. D. And WSI did not discover the full extent of Amazon's control until October, when the last of Amazon's 30(b)(6) testimony to date occurred. Amazon could not now argue that it will be prejudiced by any delay on WSI's part in bringing its claim, especially when Amazon itself delayed in providing the noticed 30(b)(6) testimony which informed WSI of the basis for that claim.

### 2. The Supplemental Claim Is Related to WSI's Pending Claims

The relatedness of WSI's pending claims and that to be supplemented weighs in favor of granting leave to supplement. Supplementation is proper so long as the new claim bears some relation to the original claims. *See Keith*, 858 F.2d at 474. WSI's copyright claim does far more than bear some relation to the pending claims. The principal controversy underlying WSI's

1  trademark and unfair competition claims is Amazon's scheme of infringing WSI's intellectual
2  property to set up a WSI storefront on the Amazon.com platform.  Amazon's selection and
3  display of WSI's copyright protected images is another component in furtherance of that scheme.
4  Indeed, Amazon's volition and control over the information on its product detail pages on its
5  platform—including the misleading use of the Williams Sonoma mark and the selection of WSI
6  images—is a core element of both WSI's pending trademark and unfair competition claims, as
7  well as WSI's proposed copyright claim.  Further, as the facts of the claims heavily overlap, much
8  of the discovery required for the pending claims will likely be probative of issues related to the
9  proposed supplemental claim.  Accordingly, this factor favors granting leave to supplement.

### 3.  Judicial Economy Compels Supplementation

Granting WSI's request to supplement will promote judicial efficiency.  If the request is not granted, WSI's recourse will be to file a separate case against Amazon.  Requiring WSI to file an entirely new litigation would unnecessarily multiply proceedings, force the parties to restart discovery anew on a related claim, and burden the bench with a second trial—all factors that weigh heavily in favor of granting leave to supplement.  *See Keith*, 858 F.2d at 473; *Ally Bank*, 2012 WL 3627637, at *1, quoting S*an Luis & Delta–Mendota Water Auth.*, 236 F.R.D. at 496 (citing *Foman* , 371 U.S. at 182).  Accordingly, judicial efficiency necessitates that WSI be allowed to bring all of its related claims against Amazon in one action.  *See William Inglis & Sons Baking Co.*, 668 F.2d at 1057 ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

### 4.  WSI Has Not Unduly Delayed

During meet and confer, Amazon pointed out that WSI noted in its Complaint that Amazon's website used WSI's copyrighted product imagery.  *See* Dkt. 1, ¶ 28.   While true—indeed WSI has for years sent Amazon takedown notices pursuant to the DMCA—WSI did not know that it was Amazon selecting and curating the images that appeared on each product listing until the depositions of Faeza Asvat and Russell Andrews in August and October 2019, respectively, as detailed above.  That deposition testimony showed WSI that Amazon exercises

the necessary volition to give rise to a direct copyright infringement claim. In light of this discovery, WSI took the time to investigate diligently whether it could bring such a claim. It concluded it could.

What flowed from there was the January 10 CMC when WSI raised this issue, followed by meet and confer discussions over the proposed pleading, and eventually a final confirmation from Amazon on March 12 after the parties' settlement conference, that it would oppose this motion. There was no undue delay in this process. And even were Amazon to argue that WSI has unduly delayed, that alone could not overcome the presumption in favor of supplementation under Rule 15, because Amazon will suffer no prejudice, and "undue delay by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).

### 5. WSI Brings the Motion in Good Faith

WSI brings this motion in good faith. Leave to supplement should be granted in the absence of any apparent or declared reason, such as bad faith. *San Luis & Delta-Mendota Water Auth.*, 236 F.R.D. at 496. "A motion is brought in bad faith when the party engages in dilatory tactics … or seeks to amend late in the litigation to avoid or mitigate an adverse ruling." *BlackBerry Ltd.*, 2014 WL 6989423, at *3 quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

None of these bad faith circumstances are present. As discussed, WSI diligently investigated and corroborated the facts that were disclosed to support its Second Supplemental Complaint. While the supplemental claim will necessitate additional discovery, Amazon has stipulated to an extended schedule that will permit enough time for the parties to complete such discovery. Dkt. 90. Finally, there have been no dispositive or adverse motions against WSI and thus the instant motion is not in response to an adverse ruling.

### 6. WSI's Second Supplemental Complaint Is Not Due to Repeated Failure to Cure a Deficiency Nor Futile

These factors do not come into play here. WSI's Second Supplemental Complaint seeks to add a new claim based on newly-discovered information; it is not to cure any deficiency.

13

WSI's Motion for Leave to File Second Supp. Complaint
Case No.: 18-cv-07548-AGT

Nor is it futile.  "[A]mendment is futile if it is clear that the complaint could not be saved by amendment." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (2015) (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)).  Parties should be allowed to amend unless it is beyond a doubt that the proposed amendments would be dismissed.  *Id.*  That is not the case here.[2]

## V.   CONCLUSION

For the foregoing reasons, the Court should grant leave for WSI to file WSI's Second Supplemental Complaint attached hereto as Exhibit A.

Dated:  March 20, 2020

ANNETTE L. HURST
DIANA M. RUTOWSKI
DANIEL D. JUSTICE
MARGARET WHEELER-FROTHINGHAM
MARIA N. SOKOVA
Orrick, Herrington & Sutcliffe LLP

 */s/ Diana M. Rutowski*
DIANA M. RUTOWSKI

Attorneys for Plaintiff Williams-Sonoma, Inc.

---

[2] The remaining additional factors to consider in determining whether to grant leave to supplement – whether a final order has been issued, and whether the proposed supplemental claims allege violation of a prior court order – are also inapplicable to the present motion.

**CERTIFICATE OF SERVICE**

I, Diana M. Rutowski, certify that on the 20th of March 2020, I caused the foregoing document **MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT** to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in this case.

*/s/ Diana M. Rutowski*
DIANA M. RUTOWSKI