ORRICK, HERRINGTON & SUTCLIFFE LLP
ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
DIANA M. RUTOWSKI (SBN 233878)
drutowski@orrick.com
DANIEL D. JUSTICE (SBN 291907)
djustice@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

MARGARET WHEELER-FROTHINGHAM (*Pro Hac Vice*)
mwheeler-frothingham@orrick.com
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

Attorneys for Plaintiff Williams-Sonoma, Inc.

DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
MATTHAEUS MARTINO-WEINHARDT (SBN 313103) mweinhardt@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: +1 415-362-6666
Facsimile: +1 415-236-6300

ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
PETER S. HORN (SBN 321358)
phorn@durietangri.com
953 East 3rd Street
Los Angeles, CA 90013
Telephone: +1 213 992 4499
Facsimile: +1 415 236 6300

Attorneys for Defendant Amazon.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIAMS-SONOMA, INC.,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Case No.: 18-cv-07548-AGT

**FURTHER JOINT CASE MANAGEMENT STATEMENT**

Date: April 24, 2020
Time: 10:00 am.
Ctrm: Telephonic
Judge: Alex G. Tse

Complaint Filed: December 14, 2018

## FURTHER CASE MANAGEMENT STATEMENT

Pursuant to Civil L.R. 16-10(d), the Court's January 13, 2020 Minute Order, March 30, 2020 Notice Re Mandatory Telephonic Appearances, and the Standing Order For All Judges of the Northern District of California, Plaintiff Williams-Sonoma, Inc. ("WSI") and Defendant Amazon.com, Inc. ("Amazon") (collectively, "the Parties"), by and through undersigned counsel, jointly submit this Further Joint Case Management Statement.

### 1. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over WSI's Patent Act and Lanham Act claims pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over the claims arising under California state law pursuant to 28 U.S.C. § 1367. No issues exist as to personal jurisdiction or venue. WSI served the Complaint and Summons on Amazon. Dkt. 12. Amazon accepted service of the Complaint. No other parties remain to be served.

### 2. FACTS

WSI began operating an online storefront under the name WILLIAMS SONOMA in 1999, and it owns federal trademark registrations covering the provision of certain retail services under the WILLIAMS SONOMA mark. WSI claims that its rights in the name WILLIAMS SONOMA are infringed by the way that Williams Sonoma goods are displayed when they are listed for resale by third parties on Amazon.com and by the way the WILLIAMS SONOMA mark is used in Amazon.com advertising. WSI does not sell its goods on Amazon.com directly.

WSI also sells items under its "west elm" brand, including its ORB chair, for which it also has a design patent (Patent No. D815452), and its SLOPE chair. Among the items Amazon has sold are the "Rivet Modern Upholstered Orb Office Chair" and a "Rivet Industrial Slope Top-Grain Leather Swivel Office Chair." WSI claims trademark rights in the terms ORB and SLOPE.

On December 14, 2018, WSI filed a Complaint alleging seven causes of action against Amazon based on the manner in which certain Williams Sonoma items are advertised, offered for sale, and sold on Amazon.com and Amazon's sale of the Rivet Modern Upholstered Orb Office Chair and the Rivet Industrial Slope Top-Grain Leather Swivel Office Chair. Those causes of

action are for: (1) infringement of the ’452 Patent, (2) federal trademark infringement and trademark counterfeiting under Section 32(1) of the Lanham Act, (3) federal trademark dilution of the WILLIAMS SONOMA mark, (4) unfair competition under Section 43(A) of the Lanham Act, (5) common law unfair competition/trademark infringement, (6) dilution under California law, and (7) violation of California unfair competition law. Dkt. 1.

On June 3, 2019, the Parties stipulated to a request by WSI for leave to amend its Complaint to add claims that certain other items sold by Amazon under its “Rivet” furniture line infringe WSI’s Patent Nos. D818,750, D836,822, and D836,823 for a table, a floor lamp, and a table lamp, respectively. Dkt. 49. The Court granted the stipulation and WSI amended its Complaint to add four additional patent infringement claims on June 21, 2019. Dkts. 50 & 51. In total, WSI asserts that the following five Amazon Rivet products infringe its design patents: (1) the Rivet Modern Upholstered Orb Office Chair (the “Rivet Orb Chair”); (2) the Rivet Retro Two-Orb Tree Lamp (the “Rivet Tree Lamp”); (3) the Rivet Modern Glass Globe and Modern Table Lamp (the “Rivet Table Lamp”); and (4) the Rivet Bowlyn Mid-Century Coffee Table (the “Rivet Bowlyn Coffee Table”); and (5) the Rivet Mid-Century Modern White Marble and Walnut Coffee Table, 24” (the “Rivet Marble and Walnut Coffee Table”).

On March 20, 2020 WSI filed a Motion for Leave to File a Supplemental Complaint. Dkt. 92. WSI is seeking to add a copyright infringement claim. Amazon has opposed the motion, and it is set for hearing on April 24, 2020. Dkt. 95.

**3. <u>LEGAL ISSUES:</u>**

The Parties identify the following disputed points of law at this time:

- Whether Amazon has infringed the ’452, ’750, ’822, and ’823 Patents (35 U.S.C. § 271);
- Whether the ’452, ’750, ’822, and ’823 Patents are invalid;
- Whether Amazon has used a counterfeit of WSI’s registered WILLIAMS SONOMA service mark in connection with online retail services (15 U.S.C. § 1114(1));

- Whether Amazon has used the WILLIAMS SONOMA mark in a manner likely to cause confusion as to the affiliation, connection, or association between Amazon and WSI, or as to the origin, sponsorship, or approval of the sale of WSI's goods, retail services, or commercial activities via Amazon.com (15 U.S.C. § 1125(a));
- Whether Amazon's display of the WILLIAMS SONOMA mark on its website and in advertising, to the extent it is used in connection with third-parties' re-sale of WILLIAMS SONOMA branded goods, is protected by the first sale doctrine or by the doctrine of nominative fair use;
- Whether the WILLIAMS SONOMA mark is famous and whether Amazon has used the WILLIAMS SONOMA mark in a manner that has diluted the mark (15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14200 *et seq.*);
- Whether WSI owns common law trademarks in SLOPE and ORB and whether Amazon has infringed any rights of WSI in SLOPE and ORB;
- Whether Amazon has engaged in unfair competition (15 U.S.C. § 1125(a); Cal. Bus. Prof. Code § 17200, *et seq.*);
- Whether Amazon's actions were willful;
- Whether WSI is entitled to compensation, disgorgement of profits, corrective advertising, or other damages for any proven trademark counterfeiting, trademark infringement, trademark dilution, patent infringement, unfair competition, and if so, the amount;
- Whether WSI is entitled to injunctive relief (15 U.S.C. § 1116; 35 U.S.C. § 283);
- Whether any Party is entitled to statutory damages for use of a counterfeit mark, treble damages, attorneys' fees, and costs, and if so, the amount (15 U.S.C. § 1117; 35 U.S.C. § 285).

If WSI's Supplemental Complaint is allowed, there will be additional disputed issues.

## 4. MOTIONS

**Motion for Leave to File Supplemental Complaint**

On March 20, 2020 WSI filed its Motion for Leave to File a Supplemental Complaint to

add a copyright claim. Dkt. 92. Amazon filed its Opposition on April 3, 2020. Dkt. 97. WSI filed its Reply on April 10, 2020. Dkt. 99. The Court granted Amazon leave to file its Sur-reply on April 15, 2020. Dkt. 101. This motion is fully briefed and currently pending before the Court, set to be heard on April 24, 2020. Dkt. 95.

## 5. AMENDMENT OF PLEADINGS

As detailed above, WSI is seeking to supplement its Complaint to add a copyright claim. Dkt. 92. The Motion for Leave to File a Supplemental Complaint is currently fully briefed and pending before the Court, set to be heard on April 24, 2020. Dkt. 95.

## 6. EVIDENCE PRESERVATION

On June 13, 2019, the Parties filed a Stipulated Protective Order for this case. The Court granted the Protective Order on June 14, 2019. The Parties further stipulated to an ESI order on September 18, 2019, which the Court granted on September 23, 2019.

## 7. DISCLOSURES

The Parties timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 and have supplemented their initial disclosures.

## 8. STATUS OF DISCOVERY

On May 15, 2019, the Court issued a Case Management and Pretrial Order limiting the Parties to 30 interrogatories and 10 depositions, including up to 14 hours of 30(b)(6) deposition, without prejudice to seeking leave for further depositions to the extent permissible under the Federal Rules. Dkt. 46. Since then, the Parties have engaged in discovery. The Parties have propounded document requests and entered into an ESI protocol pursuant to which both Parties have produced a substantial number of documents. To date, WSI has produced 45,291 pages of documents and Amazon has produced 37,547 pages of documents. WSI has propounded 25 interrogatories on Amazon, and Amazon has propounded 22 interrogatories on WSI. WSI has taken more than 15 hours of 30(b)(6) depositions on how the Amazon platform works. Amazon served its 30(b)(6) deposition notice on WSI in December, but has not yet taken any 30(b)(6) depositions. WSI has also served an additional 30(b)(6) deposition notice. The Parties are conferring with respect to (1) whether and how much additional 30(b)(6) deposition time will be

allotted to the parties, and (2) scheduling the remaining depositions, which have been delayed in light of the difficulties posed by the pandemic, shelter-in-place orders, as well as ongoing settlement efforts. The Parties have yet to take any individual fact witness depositions but have informally identified a number of individuals for deposition. Finally, the Parties have each served several third-party subpoenas.

Further, as discussed above, the Court has granted the Parties' Motion to Extend all Case Deadlines. Dkt. 94. The Parties have numerous outstanding depositions which have been unforeseeably delayed due to the COVID-19 pandemic, the inability of the Parties to travel to or from Seattle where Amazon is located, and more recently the more extensive shelter-in-place orders. The Parties are also in continuing settlement discussions following a March 10 Settlement Conference before Judge Spero, they had a follow up call with Judge Spero on April 7, 2020, and they have a further conference scheduled on April 30, 2020.

**9. <u>CLASS ACTION:</u>**

This litigation is not a class action.

**10. <u>RELATED CASES:</u>**

There are no related cases to this litigation.

**11. <u>RELIEF</u>**

WSI respectfully requests that the Court enter judgment in its favor and award the following relief:

- Judgment that Amazon willfully infringed the '452, '750, '822, and '823 Patents;
- Judgment that Amazon has willfully infringed and counterfeited WSI's registered WILLIAMS SONOMA Mark;
- Judgment that Amazon has diluted WSI's famous WILLIAMS SONOMA Mark;
- Judgment that Amazon has committed unfair competition in violation of the Lanham Act and state law;
- Judgment that Amazon has committed common law trademark infringement in violation of the Lanham Act and state law;
- Judgment that Amazon has committed false endorsement in violation of the

Lanham Act;

- Judgment that Amazon has competed unfairly with WSI in violation of WSI's rights under California law;
- A permanent injunction enjoining Amazon from making, using, selling, or offering to sell its infringing goods;
- A permanent injunction enjoining Amazon from using the WILLIAMS SONOMA mark in conjunction with its online retail services and otherwise infringing or diluting WSI's marks;
- Damages, exemplary damages and disgorgement of profits in an amount to be proven at trial;
- Enhancement of damages including treble damages required to be awarded for trademark counterfeiting;
- Statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold by Amazon.
- A declaration that this is an exceptional case;
- Full costs, corrective advertising, attorneys' fees, and pre- and post-judgment interest to the full extent permissible by law; and
- Such other and further relief as the Court deems just and proper.

If WSI's Supplemental Complaint is allowed, WSI will seek additional relief.

Amazon denies that WSI is entitled to any relief.

## 12. SETTLEMENT

On March 10, 2020, the Parties attended a Settlement Conference with Judge Spero. The case did not settle, however, the Parties continue to work on potential settlement. Specifically, the Parties are continuing to negotiate non-monetary terms, had a follow up call with Judge Spero on April 7, 2020. On that call, Judge Spero set a schedule for the exchange of settlement proposals and scheduled a further conference for April 30, 2020. Dkt. 98. Judge Spero and the Parties targeted April 10, 2020 for WSI to provide Amazon with its comments on Amazon's last settlement proposal, but WSI was not able to turn around a revised draft until April 16, 2020.

Amazon was supposed to provide its response by no later than April 17, 2020, but in light of needing additional time, WSI has proposed that the Parties meet and confer next week to identify any remaining disputes in time to submit their statements to Judge Spero by April 27, as requested in advance of the April 30 conference.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The Parties had previously consented to Magistrate Judge Laporte to conduct all proceedings prior to her retirement. The case was subsequently reassigned to Chief Magistrate Judge Spero and then to Magistrate Judge Tse. Dkts. 20, 21, 65, 81.

**14. OTHER REFERENCES:**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, the Judicial Panel on Multidistrict Litigation, or any other reference.

**15. NARROWING OF ISSUES:**

The Parties do not presently believe that the issues can be narrowed by suggestions to expedite the presentation of evidence at trial or bifurcate of issues, claims, or defenses.

**16. EXPEDITED TRIAL PROCEDURES:**

The Parties do not presently believe that this case can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING:**

The Court granted Parties' Joint Stipulated Motion to Extend All Case Deadlines on March 30, 2020. Dkt. 94. The current deadlines are as follows:

| Event | Deadline |
|---|---|
| Non-Expert Discovery | June 24, 2020 |
| Initial Expert Disclosures shall be no later than | July 1, 2020 |
| Rebuttal Expert Disclosures shall be no later than | July 31, 2020 |
| Expert Discovery | August 28, 2020 |
| Dispositive motions | September 10, 2020 |
| Oppositions to Dispositive Motions | October 1, 2020 |
| Replies to Dispositive Motions | October 15, 2020 |
| Last Day for Hearing Dispositive Motions | November 5, 2020 (or other date to be set by the Court) |

| Event | Deadline |
| --- | --- |
| Jury Trial | February 2021 (date to be set by the Court) |

**18. TRIAL:**

WSI has made a demand for a jury trial. Trial is to be set for February 2021, or thereafter at the convenience of the Court. Dkt. 94.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

The Parties have both filed their Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. Plaintiff WSI represented that it does not have a parent corporation and that BlackRock, Inc., a publicly held corporation, owns ten percent (10%) or more of WSI's stock. Amazon represented that it does not have a parent corporation and no publicly held corporation owns ten percent (10%) or more of Amazon's stock.

**20. PROFESSIONAL CONDUCT:**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER:**

There are no other issues to report at this time.

Dated: April 17, 2020

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *Diana M. Rutowski*
DIANA M. RUTOWSKI

Attorney for Plaintiff Williams-Sonoma, Inc.

*I, Diana M. Rutowski, am the ECF user whose ID and password are being used to file this Further Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Daralyn J. Durie has concurred in this filing.*

Dated: April 17, 2020

DURIE TANGRI LLP

By: *\/s/ Daralyn J. Durie*
DARALYN J. DURIE
Attorney for Defendant Amazon.com, Inc.

**CERTIFICATE OF SERVICE**

I, Diana M. Rutowski, certify that on the 17th day of April 2020, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in this case.

*/s/Diana M. Rutowski*
DIANA M. RUTOWSKI