1  ORRICK, HERRINGTON & SUTCLIFFE LLP
   ANNETTE L. HURST (SBN 148738)
2  ahurst@orrick.com
   DIANA M. RUTOWSKI (SBN 233878)
3  drutowski@orrick.com
   DANIEL D. JUSTICE (SBN 291907)
4  djustice@orrick.com
   MARIA N. SOKOVA (SBN 323627)
5  msokova@orrick.com
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:     +1 415 773 5700
   Facsimile:     +1 415 773 5759
8
   MARGARET WHEELER-FROTHINGHAM (*Pro Hac Vice*)
9  mwheeler-frothingham@orrick.com
   51 West 52nd Street
10 New York, NY  10019-6142
   Telephone:  +1 212 506 5000
11 Facsimile:   +1 212 506 5151

12

13 Attorneys for Plaintiff
   Williams-Sonoma, Inc.

14
                       UNITED STATES DISTRICT COURT
15
                     NORTHERN DISTRICT OF CALIFORNIA
16
                         SAN FRANCISCO DIVISION
17

18
   WILLIAMS-SONOMA, INC.,                     Case No.: 18-cv-07548-AGT
19
                        Plaintiff,            **WILLIAMS-SONOMA, INC.'S
20                                            NOTICE OF MOTION AND
          v.                                  MOTION FOR LEAVE TO FILE
21                                            SECOND SUPPLEMENTAL
   AMAZON.COM, INC.,                          COMPLAINT; MEMORANDUM OF
22                                            POINTS AND AUTHORITIES IN
                        Defendant.            SUPPORT THEROF**
23
                                              Date:   April 24, 2020
24                                            Time:  10:00 a.m.
                                              Ctrm:   Courtroom A
25                                            Judge:  Honorable Alex G. Tse

26

27               **[UNSEALED PER 5/1/2020 COURT ORDER, DKT 105]**

28

1
2

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT

3    TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

4    PLEASE TAKE NOTICE that on April 24, 2020 at 10:00 a.m., or as soon thereafter as

5    the matter can be heard before the Honorable Judge Alex G. Tse in Courtroom A, on the 15th

6    floor of the above-refenced court, located at 450 Golden Gate Avenue, San Francisco, CA

7    94103, Plaintiff Williams-Sonoma, Inc. ("WSI"), by and through attorneys of record, will and

8    hereby does, move the Court pursuant to Fed. R. Civ. P. 15(d) and 16(b)(4) for an order granting

9    WSI leave to file a Second Supplemental Complaint alleging violation of the Copyright Act, 17

10   U.S.C. § 501 et seq.  This Motion is based on the pleading and papers on file in this action, the

11   following Memorandum of Points and Authorities, the Declaration of Diana Rutowski

12   ("Rutowski Decl.") filed herewith, the material attached thereto, and any further papers,

13   evidence, and argument as may be submitted in connection with this Motion.

14   WSI respectfully requests that the Court grant WSI's request to file a Second

15   Supplemental Complaint adding a copyright infringement claim.  Good cause exists for granting

16   leave to supplement because WSI first learned of essential facts needed to investigate and bring

17   a copyright claim only during discovery that occurred after the period for amending as a matter

18   of course had passed.  Leave to amend is also warranted as WSI's proposed amendments do not

19   result from bad faith or undue delay.  Amazon, moreover, will suffer no prejudice as a result of

20   the amendment as the parties have already agreed to a modification of the current case schedule

21   (*see* Dkt. 90), in part due to the unforeseen consequences on the Parties' ability to conduct

22   depositions and the overall disruption and shutdowns caused by the COVID-19 pandemic.

23
24
25
26
27
28

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................... 2

    A. Procedural History ........................................................................................ 2

    B. WSI Learns of Amazon's Volition Over Content of Product Pages ...................... 3

    C. The Parties Met and Conferred Regarding Supplementation .................................. 5

III. LEGAL STANDARD ............................................................................................... 6

IV. ARGUMENT ............................................................................................................ 8

    A. Good Cause Exists for WSI's Supplementation Under Rule 16(b)(4) .................... 8

    B. The Court Should Grant Leave to Supplement Pursuant to Rule 15(d) ................ 10

V. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*,
  No. C-11-2243 CW, 2012 WL 3877783 (N.D. Cal. Sept. 6, 2012)...........................................6

*Ally Bank v. Castle*,
  No. 11-CV-896 YGR, 2012 WL 3627637 (N.D. Cal. Aug. 20, 2012) ......................7, 8, 10, 12

*BlackBerry Ltd. v. Typo Prod. LLC*,
  No. 14-cv-00023-WHO, 2014 WL 6989423 (N.D. Cal. Dec. 9, 2014).............................10, 13

*Bowles v. Reade*,
  198 F.3d 752 (9th Cir. 1999).............................................................................................8, 13

*Camacho v. Jefferson Capital Sys., LLC*,
  No. 14-CV-02728-BLF, 2015 WL 1939071 (N.D. Cal. Apr. 28, 2015) ........................6, 9, 10

*Corbis Corp. v. Amazon.com, Inc.*,
  351 F.Supp. 2d 1090 (W.D. Wash. 2004) ...................................................................................3

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987)..................................................................................................7

*Flores v. City of Tulare*,
  No. 10-CV-00394-AWI-BAM, 2011 WL 5240428 (E.D. Cal. Nov. 1, 2011) ..........................7

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
  139 S. Ct. 881 (2019) ...............................................................................................................5

*Keith v. Volpe*,
  858 F.2d 467 (9th Cir.)..........................................................................................7, 10, 11, 12

*Lantiq Deutschaldn GMBH, v. Ralink Tech. Corp.*,
  No. 5:11-CV-00234 EJD, 2012 WL 1536070 (N.D. Cal. Apr. 30, 2012) ................................6

*LaSalvia v. United Dairymen of Arizona*,
  804 F.2d 1113,1119 (9th Cir. 1986)........................................................................7, 10, 11

*Mavrix Photographs, LLC v. LiveJournal, Inc.*,
  873 F.3d 1045 (9th Cir. 2017)..................................................................................................9

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001)....................................................................................................7

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007)..................................................................................................9

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017)....................................................................................9

*Planned Parenthood of S. Arizona. v. Neely*,
    130 F.3d 400 (9th Cir. 1997)....................................................................................7

*PNY Techs., Inc. v. SanDisk Corp.*,
    No. 11-cv-04689-WHO, 2014 WL 294855 (N.D. Cal. Jan. 27, 2014) ......................8

*San Luis & Delta–Mendota Water Auth. v. U.S. Dep't of Interior*,
    236 F.R.D. 491 (E.D. Cal. 2006) ............................................................................13

*United States v. Reiten*,
    313 F.2d 673 (9th Cir. 1963)....................................................................................7

*Whatru Holding, LLC v. Bouncing Angels, Inc.*,
    No. CV-14-05187BRO, 2015 WL 12861157 (C.D. Cal. July 14, 2015)....................9

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*,
    668 F.2d 1014 (9th Cir. 1982)..................................................................................12

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
    309 F.R.D. 645 (2015) .......................................................................................13, 14

**Rules**

Fed. R. Civ. P.
    Rule 15 ................................................................................................................6, 13
    Rule 15(a)...............................................................................................................8
    Rule 15(d) ..................................................................................................... *passim*
    Rule 16(b)(4)........................................................................................................6, 8

1    **I.**      **INTRODUCTION**

2            This case is about Amazon.com, Inc.'s ("Amazon") infringement of every single type of

3    WSI's intellectual property by: launching a fake Williams Sonoma storefront on its e-commerce

4    platform, running false ads to attract people to that site, knocking off WSI's patented products,

5    and using WSI's trademarks in connection with those products. Moreover, Amazon uses WSI's

6    own photographs to conduct its infringement. Prior to filing this litigation, WSI was under the

7    mistaken impression that third-party sellers were the ones publishing WSI's images on the

8    Amazon marketplace with Amazon acting as no more than a service provider, eligible for DMCA

9    protection. Accordingly, WSI did not include copyright infringement claims in its original

10   Complaint, instead enforcing its rights in copyrighted images by sending takedown notices to

11   Amazon. Since filing this litigation, WSI has learned that Amazon itself is a direct infringer of

12   WSI's copyrights.

13           Good cause exists for granting leave to supplement because WSI first learned of essential

14   facts needed to investigate and bring a copyright claim only during discovery late last year.

15   Specifically, discovery revealed that *Amazon* exercises complete editorial control over the images

16   displayed to sell products offered by third-party sellers on the Amazon.com platform. When

17   multiple third-party sellers offer the same product, each seller uploads product images. Amazon

18   maintains a catalog of those images and then *Amazon*, via its algorithms, selects which of the

19   images in its catalog to display on the product detail pages in the Amazon marketplace. This

20   editorial control, and Amazon's role in the selection and display of copyrighted images via its

21   algorithms, constitutes the volition required for direct copyright infringement and renders

22   Amazon ineligible for safe harbor protection under the DMCA. The details of Amazon's image

23   cataloging, selection, and display procedure came to light through 30(b)(6) depositions of

24   Amazon's corporate designees late last year.

25           In addition, supplementation is favored when claims are related, and the relevant factors

26   compel amendment. There is no risk of prejudice to Amazon. Amazon itself requested additional

27   time for discovery in light of the effects COVID-19 is having on its business, headquartered in

28   Seattle – the impact of which is now significantly more widespread. Indeed, the parties have

1   stipulated to a schedule that will allow a couple months of discovery after the hearing on this

2   motion, allowing plenty of time to conduct discovery on the supplemental claim.  And WSI has

3   not unduly delayed raising this claim.  Once WSI became aware of Amazon's image selection

4   process, it undertook an investigation into which of its copyright protected images displayed on

5   the Amazon.com platform were selected and displayed by Amazon.  After its initial investigation,

6   WSI raised its intent to bring a copyright claim during the Court's case management conference

7   on January 10, 2020.  WSI continued to investigate the facts underlying this potential new claim,

8   drafted a supplemental complaint, and shared it at Amazon's request on February 10, indicating it

9   would hold off on filing until after the then upcoming mediation.  After the parties did not settle

10  during mediation on March 10, 2020, Amazon confirmed its intent to oppose the filing of WSI's

11  Second Supplemental Complaint, the Parties agreed to a revised schedule, and WSI now brings

12  this motion.

13      Amazon's pattern of violating WSI's intellectual property in creating its counterfeit

14  storefront and the volition and control it exerts over its marketplace—down to selecting elements

15  of product detail pages—are key underpinnings of not only the original complaint, but the

16  supplemental copyright claim.  Judicial economy compels that these claims be tried together and

17  leave to file the Second Supplemental Complaint granted.

18  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

19      **A.      Procedural History**

20      WSI filed its initial Complaint against Amazon on December 14, 2018, alleging trademark

21  counterfeiting, infringement, and dilution, as well as unfair competition, in connection with

22  Amazon's unauthorized Williams Sonoma storefront.  *See* Dkt. 1.  WSI also alleges design patent

23  infringement and trademark infringement of its Orb and Slope marks in connection with

24  Amazon's Rivet furniture line.  *See id*.  Amazon filed a motion to dismiss WSI's trademark

25  claims.  Dkt. 23.  Judge Laporte denied the motion on May 2, 2019.  Dkt. 39.

26      Thereafter the parties began to serve discovery.  WSI focused the first phase of discovery

27  on how the Amazon.com online store operates, and the level of control that Amazon exerts over

28  its storefronts and product listings for third-party sellers.  However, in response to WSI's

1   discovery requests, Amazon refused to produce email, instead producing mostly publicly

2   available information.  Amazon further delayed by initially refusing to produce witnesses in

3   response to WSI's 30(b)(6) Deposition Notice filed on May 15, 2019.  Rutowski Decl. Exs. B, C.

4   The parties met and conferred, WSI moved to compel on the email issue, and on August 13, 2019

5   the parties finally reached agreement on Amazon witness availability in the last week of August

6   and early September.  Rutowski Decl. Ex D.  Those depositions trickled into October.

7   Meanwhile, after the hearing on WSI's motion to compel email, the Parties engaged in an

8   extensive court-ordered ESI protocol search term exchange and further document production.

9   This necessitated further review of documents, research, and, ultimately, a comparison of

10   Amazon's hundreds of WSI branded product listings and all of their available images to WSI's

11   registered copyrights.

12       The court initially set a June 3, 2019 deadline to amend pleadings.  *See* Dkt. 46.  On that

13   day, the parties filed a joint stipulation and proposed order granting leave for WSI to file its First

14   Amended and Supplemental Complaint to add additional design patent infringement claims

15   relating to patents issued after the filing of the lawsuit.  *See* Dkt. 49.  The court granted the

16   request on June 10, 2019 (*see* Dkt. 50) and WSI filed its First Amended and Supplemental

17   Complaint on June 12, 2019.  *See* Dkt. 51.

18       **B.      WSI Learns of Amazon's Volition Over Content of Product Pages**

19       During the August 28, 2019 deposition of Amazon 30(b)(6) witness Faeza Asvat, WSI

20   first began to uncover the degree of control Amazon maintains over the content displayed on

21   product listing pages of third-party sellers.  While Amazon's own publicly facing website hints at

22   the control that Amazon exerts (*see* Proposed Supplemental Complaint ¶ 18), Amazon has long

23   maintained its eligibility for the DMCA safe harbor, representing itself as a service provider

24   displaying content posted at the direction of users.  *See Corbis Corp. v. Amazon.com, Inc.,* 351

25   F.Supp. 2d 1090 (W.D. Wash. 2004) (Amazon invoked the DMCA safe harbor defense against

26   infringing display of photos on listings.)  At the time of the *Corbis* decision, the court reasoned

27   that – contrary to what we now know about Amazon's present day control over its marketplace

28   listing – Amazon did not have the right or ability to control vendor sales and it did not preview

1   products prior to listing, edit product descriptions, suggest prices, or otherwise involve itself in

2   the sale and was thus eligible for DMCA safe harbor protection.  WSI now knows the present

3   reality of Amazon's control over product listings precludes it from invoking the DMCA safe

4   harbor here.  WSI confirmed through 30(b)(6) testimony the extent of Amazon's control and

5   volition in curating the images that appear on its product detail pages.  Ms. Asvat testified on

6   behalf of Amazon that "[e]ach individual item on a detail page has its own algorithm to determine

7   which contribution to show on the detail page" and that "[t]he detail pages are a Frankenstein of

8   different seller contributions."  Rutowski Decl. Ex. E (30(b)(6) Deposition of Faeza Asvat) at

9   70:18-71:20.  Furthermore, Amazon can "choose elements from different sellers" such that a

10  single product detail page "reflect[s] information from multiple sellers."  *Id*. at 72:18-24.  One of

11  the things that is "algorithmically determined [is] the image that appears" on a product detail

12  page.  *Id.* at 74: 18-21.

13        Then during the October 1, 2019 deposition of Amazon 30(b)(6) witness Russell

14  Andrews, WSI further established the extent of Amazon's overall control over the entire product

15  detail page.  Mr. Andrews, on behalf of Amazon, testified that "[t]hird party sellers have no

16  ability to directly impact the layout of features on the [product detail] page" and instead "are able

17  to contribute [to a] catalog" their proposed submissions for a product detail page.  Rutowski Decl.

18  Ex. F (30(b)(6) Deposition of Russell Andrews) at 22:11-18.  With respect to images in

19  particular, "a process [referred] to as reconciliation [] determines which of many submissions for

20  a given product – which submission to display on the product detail page."  *Id*. at 23:20-25.

21  Reconciliation is Amazon's "process by which multiple submissions for a single product are

22  *vetted and determined* which one to pass out of catalog and to the product detail page."  *Id*. at

23  25:11-16 (emphasis added).  Thus, it is Amazon that selects which images are used for listings on

24  its website.

25        WSI learned, definitively, during these depositions that Amazon exercises exclusive and

26  extensive control over the content displayed on its product detail pages for products offered by

27  third-party sellers, including the editorial choice of which image to display to customers.

28  Amazon keeps its algorithms confidential and so, prior to Amazon's 30(b)(6) testimony, WSI did

1  not have access to this information about how Amazon constructs its product detail pages.  In

2  light of this new information, WSI began to consider whether it could bring a copyright

3  infringement claim against Amazon.  But before WSI could do so, it had to conduct a diligent

4  investigation.  WSI had to comb Amazon's website to determine which of WSI's copyrighted

5  images were published there.  It then had to determine whether the listing involved multiple

6  sellers, each of which would have contributed to Amazon's catalog.  After identifying those

7  images, and because of the Supreme Court's recent decision in *Fourth Estate Pub. Benefit Corp.*

8  *v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), WSI had to ensure that it had a registration for

9  any image underpinning its claims.  This was a time-consuming process, in part because WSI

10  registers its catalogs, which each contain hundreds of images.  Rutowski Decl. ¶ 8.

11        **C.**     **The Parties Met and Conferred Regarding Supplementation**

12        On October 28, 2019, the court issued an order reassigning the case to Magistrate Judge

13  Spero in light of the retirement of Judge Laporte, with the expectation it would later be reassigned

14  to the Magistrate Judge appointed to replace Judge Laporte.  ECF Notice October 28, 2019.

15  Judge Spero set a Case Management Conference ("CMC") for January 10, 2020.  Dkt. 72.

16        During the CMC on January 10, 2020, WSI notified Amazon and the Court of its intent to

17  supplement the complaint with copyright claims.  Rutowski Decl. ¶ 10.  Also at the CMC, the

18  parties agreed to hold a settlement conference before Judge Spero on March 10, 2020.  Dkt. 78.

19  On February 3, 2020, the case was reassigned to Magistrate Judge Alex Tse.  Dkt. 81.  There is a

20  further case management conference set for April 10, 2019.  Dkt. 85.

21        Following the CMC, Amazon asked if WSI would be willing to put depositions on hold

22  pending the settlement conference and to review WSI's proposed supplemental complaint before

23  it could decide whether it would stipulate to its filing.  Rutowski Decl. Ex. H.  The Parties

24  ultimately agreed, and Amazon has taken no depositions while WSI has taken only the limited

25  30(b)(6) deposition of Amazon on how its platform works.  *Id.* ¶ 19.

26        On February 10, 2020, WSI provided Amazon with its Second Supplemental Complaint

27  and a Stipulation and Proposed Order to file the same, indicating its willingness to hold off on

28  filing until after the settlement conference so as not to disrupt those efforts.  *Id.* Ex. I.  Having

1  heard nothing from Amazon, WSI followed up by email, and the parties conferred by telephone

2  on March 5, 2020.  *Id.* Ex. J.  Amazon informed WSI that it was unwilling to stipulate to allow

3  the filing of the Second Supplemental Complaint at that time giving as its reasons: 1) the deadline

4  to amend passed in June 2019, 2) WSI has known about its copyrighted photos on Amazon for

5  some time.  *Id.* ¶ 15. WSI's response to both these issues is detailed in the argument section

6  below.

7          When the dispute did not resolve at the settlement conference on March 10, 2020,

8  Amazon requested a further extension of case deadlines and the parties revisited whether Amazon

9  would stipulate to the supplemental complaint.  *Id.* ¶ 16, Ex. K.  In light of COVID-19, it is not

10  currently possible to proceed with the depositions of Amazon's witnesses in Washington, and the

11  parties will need additional time for the discovery period.  *Id.*  WSI explained that the extended

12  schedule would provide sufficient time for discovery into its copyright claim.  *Id.*  Nevertheless,

13  on March 12, 2020, Amazon confirmed that it would oppose WSI's motion for leave to

14  supplement, leaving WSI compelled to file the present motion.  *Id.* ¶ 17.  On March 16, 2020, the

15  parties filed a stipulation to extend the case schedule, which sets June 24, 2020 as the end of fact

16  discovery – two months after the requested hearing date for this Motion.  Dkt. 90.

17  **III.    <u>LEGAL STANDARD</u>**

18          A party may amend their pleadings after the date set in a court's scheduling order upon a

19  showing of "good cause" and with the judge's consent under Fed. R. Civ. P. 16(b)(4).  *Adobe Sys.*

20  *Inc. v. Coffee Cup Partners, Inc.,* No. C-11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept.

21  6, 2012); *Lantiq Deutschaldn GMBH, v. Ralink Tech. Corp.*, No. 5:11-CV-00234 EJD, 2012 WL

22  1536070, at * 4 (N.D. Cal. Apr. 30, 2012).  Good cause exists if the party seeking relief shows

23  that the deadline could not reasonably be met despite the party's diligence.  *See Camacho v.*

24  *Jefferson Capital Sys., LLC*, No. 14-CV-02728-BLF, 2015 WL 1939071, at *2 (N.D. Cal. Apr.

25  28, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

26          With a showing of good cause, the party can supplement under Fed. R. Civ. P. 15.  *Adobe*

27  *Sys. Inc.,* 2012 WL 3877783, at * 7.  Under Rule 15(d), "[o]n motion and reasonable notice, the

28  court may, on just terms, permit a party to serve a supplemental pleading setting out any

1   transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

2   "The clear weight of authority … permits the bringing of new claims in a supplemental complaint

3   to promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d

4   467, 473 (9th Cir.) (citing *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d

5   1014, 1057 (9th Cir. 1982)).

6         Rule 15(d) "is a useful device, enabling a court to award complete relief, or more nearly

7   complete relief, in one action, and to avoid the cost, delay and waste of separate actions which

8   must be separately tried and prosecuted." *Flores v. City of Tulare*, No. 10-CV-00394-AWI-

9   BAM, 2011 WL 5240428, at *2 (E.D. Cal. Nov. 1, 2011) (citing *New Amsterdam Cas. Co. v.

10   Waller*, 323 F.2d 20, 28–29 (4th Cir.1963)). Within the 9th Circuit, "[t]he clear weight of

11   authority . . . permits the bringing of new claims in a supplemental complaint to promote the

12   economical and speedy disposition of the controversy." *Keith*, 858 F.2d at 473.

13         Supplementation "is favored," *Planned Parenthood of S. Arizona. v. Neely*, 130 F.3d 400,

14   402 (9th Cir. 1997), and "should be granted 'unless undue prejudice to the opposing party will

15   result.'" *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113,1119 (9th Cir. 1986). "The

16   purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the

17   parties as is possible." *Id.* For that reason, all inferences are drawn in favor of granting the

18   motion. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also

19   United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963) (interpreting Rule 15(d) according to

20   "the general purpose of the Rules to minimize technical obstacles to a determination of the

21   controversy on its merits"). A court should "liberally construe Rule 15(d) absent a showing of

22   prejudice to the defendant" and grant a request for supplementation related to the original claim

23   unless the opposing party can show undue delay, prejudice, or futility. *Keith v. Volpe*, 858 F.2d

24   467, 473-474 (9th Cir. 1988). *See also Ally Bank v. Castle*, No. 11-CV-896 YGR, 2012 WL

25   3627637, at *1 (N.D. Cal. Aug. 20, 2012), quoting S*an Luis & Delta–Mendota Water Auth. v.

26   U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (citing *Foman v. Davis*, 371 U.S.

27   178, 182 (1962)). The party "opposing amendment bears the burden of showing prejudice."

28   *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). Even "undue delay by

1    itself… is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752,

2    757-58 (9th Cir. 1999).

3       Additional factors for the Court to consider in determining whether to permit

4    supplementation include "the relatedness of the original and supplemental complaints; whether

5    supplementation would promote judicial economy; whether final judgment has been entered and,

6    if so, whether the court retains jurisdiction; and whether any proposed supplemental allegations

7    concern defiance of a prior court order." *Ally Bank*, 2012 WL 3627637, at *1, quoting *San Luis*

8    *& Delta–Mendota Water Auth.*, 236 F.R.D. at 496 (citing *Foman*, 371 U.S. at 182).[1]

9    **IV.**    **ARGUMENT**

10      **A.**    **Good Cause Exists for WSI's Supplementation Under Rule 16(b)(4)**

11       The parties have stipulated to a new schedule that will accommodate WSI's supplemental

12    complaint. *See* Dkt. 90. As set forth in the stipulation, good cause exists for the parties'

13    stipulated schedule in light of travel and other business restrictions due to COVID-19 (notably,

14    Amazon is in Washington and currently unable to participate in depositions and the shelter in

15    place order and office closures in the Bay Area), the parties' efforts to focus on settlement in lieu

16    of pursuing depositions leading up to the March 10 mediation, and the uncertainty in schedule

17    surrounding the reassignment to Judge Tse. The new agreed schedule provides two months of

18    discovery after the hearing on this motion. Thus, while WSI's Motion to file its Second

19    Supplemental Complaint comes after the deadline to amend in the Court's scheduling order (June

20    3, 2019), it will not require any additional modifications to the case schedule other than already

21    stipulated by the parties for good cause (or those that may be further necessitated in light of

22    COVID-19).

---

[1] District courts in the Ninth Circuit have found that "the standards for granting a motion for leave to file a supplemental pleading [under Rule 15(d) are the same as those for granting a motion to file an amended complaint under Rule 15(a)." *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-cv-04689-WHO, 2014 WL 294855 (N.D. Cal. Jan. 27, 2014). While Fed. R. Civ. P. 15(d) primarily serves to promote judicial economy, both standards also address undue prejudice to the opposing party. *Id.* Analysis of factors under Rule 15(a) is instructive of how it should be analyzed under Rule 15(d).

8

WSI's Motion for Leave to
File Second Supp. Complaint
Case No.: 18-cv-07548-AGT

1    Additionally, it was impossible for WSI to add the copyright claim by the June 3 deadline

2    because it first learned of the facts underlying the claim during depositions that occurred months

3    after that date.  Good cause exists where—as here—the party seeking relief shows that the

4    deadlines cannot reasonably be met despite the party's diligence.  *See Camacho*, 2015 WL

5    1939071, at *2, (citing *Johnson*, 975 F.2d at 609); s*ee also Whatru Holding, LLC v. Bouncing*

6    *Angels, Inc.*, No. CV-14-05187BRO (PLAX), 2015 WL 12861157, at *3 (C.D. Cal. July 14,

7    2015) (good cause existed where "Plaintiffs discovered the bases for Mr. Haytaian's potential

8    liability during the discovery period set by the Scheduling Order; Defendants do not explain how

9    or why Plaintiffs should have discovered this evidence any earlier").

10    WSI did not learn that Amazon has the requisite volition required for a direct copyright

11    infringement claim until it took discovery in this case, specifically during the 30(b)(6) depositions

12    of Amazon witnesses late last year.  Amazon's product detail page algorithms are not public, and

13    WSI did not have prior knowledge of Amazon's editorial control and curation of those pages.  It

14    was through the depositions that WSI learned Amazon stores WSI's photographs in the catalog

15    on its servers.  *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007)

16    (One "displays a photographic image by using a computer to fill a computer screen with a copy of

17    the photographic image fixed in the computer's memory").  It then selects them, and makes them

18    viewable to the public, violating WSI's exclusive rights in those photographs.  This is not merely

19    acting as a service provider that passively hosts images at the direction of users.  If an Amazon

20    employee were composing these product pages from the submissions by third-party sellers, there

21    is no doubt that Amazon would be liable for direct copyright infringement when that employee

22    copied and displayed photographs in this unauthorized fashion.  *Mavrix Photographs, LLC v.*

23    *LiveJournal, Inc.*, 873 F.3d 1045 (9th Cir. 2017); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847

24    F.3d 657, 670 (9th Cir. 2017) (volitional conduct requires "exercise[] [of] control (other than by

25    general operation …); "select[ion] [of] any material for upload, download, transmission, or

26    storage"; or "instigat[ion] [of] any copyright, storage, or distribution").   Amazon exercises the

27    volition to select these photographs in the circumstances described, and therefore is the but-for

28    cause and directly responsible for infringement of WSI's exclusive rights.

1        Further, the knowledge of Amazon's control was just the trigger to WSI's own

2  investigation—WSI then diligently investigated whether it could bring a direct infringement

3  claim.  The investigation entailed looking into the particular images used on the Amazon

4  platform, the number of sellers associated with the listing (thus, contributing content), WSI's

5  catalog and website imagery, and WSI's copyright registrations, which generally cover hundreds

6  of catalog photographs.  Rutowski Decl. ¶ 8; Rutowski Decl. Ex. G.  WSI did not learn sufficient

7  facts to bring the supplemental claim until taking discovery and the depositions—so it could not

8  have complied with the court's pleading amendment deadline of June 3, 2019.  *See Camacho*,

9  2015 WL 1939071, at *2.  This is good cause to grant leave to supplement and to adjust the

10  scheduling order accordingly.

11        Upon concluding its investigation and determining Amazon's direct infringement, WSI

12  informed Amazon of its intention to supplement the Complaint at the January 10 CMC.

13  Rutowski Decl. ¶ 10.  The parties then met and conferred, and WSI provided the proposed

14  Second Supplemental Complaint on February 10 along with a draft stipulation permitting its

15  filing, indicating it could hold off on filing until after the scheduled mediation.  Rutowski Decl.

16  Ex. I.  On March 12, 2020, after further meet and confer, Amazon confirmed that it would not

17  stipulate to the amendment.  *Id.* ¶ 12.

18        As WSI could not have supplemented the complaint with the copyright claim earlier to

19  comply with the deadline to amend, and diligently sought to supplement when it could, WSI has

20  shown good cause to allow it to file its Second Supplemental Complaint.

21        **B.**      **The Court Should Grant Leave to Supplement Pursuant to Rule 15(d)**

22        Absent undue prejudice to the opposing party, leave to supplement should be freely

23  granted.  *LaSalvia*, 804 F.2d at 1119.  Other factors courts consider include relatedness of the

24  claims, judicial economy, undue delay, bad faith, and repeated failure to cure deficiencies by

25  amendments previously allowed or futility of amendment.  *Keith*, 858 F.2d at 473-474; *see also*

26  *Ally Bank*, 2012 WL 3627637, at *1, quoting S*an Luis & Delta–Mendota Water Auth.*, 236

27  F.R.D. at 496 (citing *Foman*, 371 U.S. at 182); *BlackBerry Ltd. v. Typo Prod. LLC*, No. 14-cv-

28  00023-WHO, 2014 WL 6989423, at *1 (N.D. Cal. Dec. 9, 2014).  All relevant factors weigh in

1  WSI's favor.

2          **1.**      **Amazon Will Not Be Unduly Prejudiced**

3        Prejudice is the key inquiry when considering supplementation—supplementation "should

4  be freely granted, unless undue prejudice to the opposing party will result." *LaSalvia*, 804 F.2d at

5  1119.  There is plenty of time left in discovery for Amazon to pursue its defenses in light of the

6  stipulated schedule agreed to by the parties.  Dkt. 90.  Indeed, it was Amazon that requested, and

7  WSI who agreed to, an extension of the discovery period due to the effects of COVID-19 and the

8  parties' settlement efforts.  Rutowski Decl. Ex. K.  Further, Amazon has not taken any

9  depositions of WSI witnesses, and WSI has taken only a limited 30(b)(6) deposition on the

10  operation of the Amazon platform—thus, the parties can take the new claim into account as they

11  frame the remaining discovery in the case.  The parties have also requested trial after the 2020

12  holiday shopping season, *i.e.*, February 2021.  Dkt. 90.  Thus, there is additional time in the

13  parties' agreed schedule should it become necessary to accommodate any additional discovery

14  necessitated by the copyright claim.

15        Moreover, Amazon cannot claim prejudice because it created the delay in WSI obtaining

16  the discovery necessary to bring its copyright claim.  Notably, WSI sought 30(b)(6) discovery

17  into the function of the Amazon platform on May 15, 2019.  Rutowski Decl. Ex. B.  But it was

18  not until the end of August that Amazon provided the first testimony relevant to WSI's copyright

19  claims.  *Id.* Ex. D.  And WSI did not discover the full extent of Amazon's control until October,

20  when the last of Amazon's 30(b)(6) testimony to date occurred.  Amazon could not now argue

21  that it will be prejudiced by any delay on WSI's part in bringing its claim, especially when

22  Amazon itself delayed in providing the noticed 30(b)(6) testimony which informed WSI of the

23  basis for that claim.

24          **2.**      **The Supplemental Claim Is Related to WSI's Pending Claims**

25        The relatedness of WSI's pending claims and that to be supplemented weighs in favor of

26  granting leave to supplement.  Supplementation is proper so long as the new claim bears some

27  relation to the original claims.  *See Keith*, 858 F.2d at 474.  WSI's copyright claim does far more

28  than bear some relation to the pending claims.  The principal controversy underlying WSI's

1   trademark and unfair competition claims is Amazon's scheme of infringing WSI's intellectual

2   property to set up a WSI storefront on the Amazon.com platform.  Amazon's selection and

3   display of WSI's copyright protected images is another component in furtherance of that scheme.

4   Indeed, Amazon's volition and control over the information on its product detail pages on its

5   platform—including the misleading use of the Williams Sonoma mark and the selection of WSI

6   images—is a core element of both WSI's pending trademark and unfair competition claims, as

7   well as WSI's proposed copyright claim.  Further, as the facts of the claims heavily overlap, much

8   of the discovery required for the pending claims will likely be probative of issues related to the

9   proposed supplemental claim.  Accordingly, this factor favors granting leave to supplement.

10                      **3.      Judicial Economy Compels Supplementation**

11          Granting WSI's request to supplement will promote judicial efficiency.  If the request is

12   not granted, WSI's recourse will be to file a separate case against Amazon.  Requiring WSI to file

13   an entirely new litigation would unnecessarily multiply proceedings, force the parties to restart

14   discovery anew on a related claim, and burden the bench with a second trial—all factors that

15   weigh heavily in favor of granting leave to supplement.  *See Keith*, 858 F.2d at 473; *Ally Bank*,

16   2012 WL 3627637, at *1, quoting S*an Luis & Delta–Mendota Water Auth.*, 236 F.R.D. at 496

17   (citing *Foman* , 371 U.S. at 182).  Accordingly, judicial efficiency necessitates that WSI be

18   allowed to bring all of its related claims against Amazon in one action.  *See William Inglis & Sons*

19   *Baking Co.*, 668 F.2d at 1057 ("The purpose of Rule 15(d) is to promote as complete an

20   adjudication of the dispute between the parties as possible by allowing the addition of claims

21   which arise after the initial pleadings are filed.").

22                      **4.      WSI Has Not Unduly Delayed**

23          During meet and confer, Amazon pointed out that WSI noted in its Complaint that

24   Amazon's website used WSI's copyrighted product imagery.  *See* Dkt. 1, ¶ 28.   While true—

25   indeed WSI has for years sent Amazon takedown notices pursuant to the DMCA—WSI did not

26   know that it was Amazon selecting and curating the images that appeared on each product listing

27   until the depositions of Faeza Asvat and Russell Andrews in August and October 2019,

28   respectively, as detailed above.  That deposition testimony showed WSI that Amazon exercises

1    the necessary volition to give rise to a direct copyright infringement claim.  In light of this

2    discovery, WSI took the time to investigate diligently whether it could bring such a claim.  It

3    concluded it could.

4         What flowed from there was the January 10 CMC when WSI raised this issue, followed

5    by meet and confer discussions over the proposed pleading, and eventually a final confirmation

6    from Amazon on March 12 after the parties' settlement conference, that it would oppose this

7    motion.  There was no undue delay in this process.  And even were Amazon to argue that WSI

8    has unduly delayed, that alone could not overcome the presumption in favor of supplementation

9    under Rule 15, because Amazon will suffer no prejudice, and "undue delay by itself … is

10   insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th

11   Cir. 1999).

12                    **5.**      **WSI Brings the Motion in Good Faith**

13        WSI brings this motion in good faith.  Leave to supplement should be granted in the

14   absence of any apparent or declared reason, such as bad faith.  *San Luis & Delta-Mendota Water*

15   *Auth.*, 236 F.R.D. at 496.  "A motion is brought in bad faith when the party engages in dilatory

16   tactics … or seeks to amend late in the litigation to avoid or mitigate an adverse ruling."

17   *BlackBerry Ltd.*, 2014 WL 6989423, at *3 quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir.

18   1995).

19        None of these bad faith circumstances are present.  As discussed, WSI diligently

20   investigated and corroborated the facts that were disclosed to support its Second Supplemental

21   Complaint.  While the supplemental claim will necessitate additional discovery, Amazon has

22   stipulated to an extended schedule that will permit enough time for the parties to complete such

23   discovery.  Dkt. 90.  Finally, there have been no dispositive or adverse motions against WSI and

24   thus the instant motion is not in response to an adverse ruling.

25                    **6.**      **WSI's Second Supplemental Complaint Is Not Due to Repeated**
                                  **Failure to Cure a Deficiency Nor Futile**
26

27        These factors do not come into play here.  WSI's Second Supplemental Complaint seeks

28   to add a new claim based on newly-discovered information; it is not to cure any deficiency.

1  Nor is it futile.  "[A]mendment is futile if it is clear that the complaint could not be saved

2 by amendment."  *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654

3 (2015) (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)).  Parties

4 should be allowed to amend unless it is beyond a doubt that the proposed amendments would be

5 dismissed.  *Id.*  That is not the case here.[2]

6 **V.**  **CONCLUSION**

7  For the foregoing reasons, the Court should grant leave for WSI to file WSI's Second

8 Supplemental Complaint attached hereto as Exhibit A.

9

10 Dated: March 20, 2020       ANNETTE L. HURST
                 DIANA M. RUTOWSKI

11                 DANIEL D. JUSTICE
                 MARGARET WHEELER-FROTHINGHAM

12                 MARIA N. SOKOVA
                 Orrick, Herrington & Sutcliffe LLP

13

14                 */s/ Diana M. Rutowski*

15                 DIANA M. RUTOWSKI

16                 Attorneys for Plaintiff Williams-Sonoma, Inc.

17

18

19

20

21

22

23

24

25

26

27 _____

28 [2] The remaining additional factors to consider in determining whether to grant leave to supplement – whether a final order has been issued, and whether the proposed supplemental claims allege violation of a prior court order – are also inapplicable to the present motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Diana M. Rutowski, certify that on the 20th of March 2020, I caused the foregoing document **MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT** to be electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in this case.

*/s/ Diana M. Rutowski*
DIANA  M. RUTOWSKI