1   ORRICK, HERRINGTON & SUTCLIFFE LLP      DURIE TANGRI LLP
    ANNETTE L. HURST (SBN 148738)           DARALYN J. DURIE (SBN 169825)
2   ahurst@orrick.com                       ddurie@durietangri.com
    DIANA M. RUTOWSKI (SBN 233878)          MARK A. LEMLEY (SBN 155830)
3   drutowski@orrick.com                    mlemley@durietangri.com
    DANIEL D. JUSTICE (SBN 291907)          JOSEPH C. GRATZ (SBN 240676)
4   djustice@orrick.com                     jgratz@durietangri.com
    MARIA N. SOKOVA (SBN 323627)            MATTHAEUS MARTINO-WEINHARDT
5   msokova@orrick.com                      (SBN 313103) mweinhardt@durietangri.com
    The Orrick Building                     217 Leidesdorff Street
6   405 Howard Street                       San Francisco, CA 94111
    San Francisco, CA  94105-2669           Telephone:  +1 415-362-6666
7   Telephone:     +1 415 773 5700          Facsimile:  +1 415-236-6300
    Facsimile:     +1 415 773 5759
8                                           ALLYSON R. BENNETT (SBN 302090)
    MARGARET WHEELER-FROTHINGHAM (*Pro*     abennett@durietangri.com
9   *Hac Vice*)                             PETER S. HORN (SBN 321358)
    mwheeler-frothingham@orrick.com         phorn@durietangri.com
10  51 West 52nd Street                     953 East 3rd Street
    New York, NY  10019-6142                Los Angeles, CA 90013
11  Telephone:  +1 212 506 5000             Telephone:  +1 213 992 4499
    Facsimile:   +1 212 506 5151            Facsimile:    +1 415 236 6300
12
13  Attorneys for Plaintiff Williams-Sonoma, Inc.      Attorneys for Defendant Amazon.com, Inc.

14

15                      UNITED STATES DISTRICT COURT

16                     NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18

19
    WILLIAMS-SONOMA, INC.,                  Case No.: 18-cv-07548-AGT
20
                  Plaintiff,                **FURTHER JOINT CASE**
21                                          **MANAGEMENT STATEMENT**
         v.
22                                          Date:    September 4, 2020
    AMAZON.COM, INC.,                       Time:   10:00 am.
23                                          Ctrm:   Telephonic
                  Defendant.                Judge:  Alex G. Tse
24

25                                          Complaint Filed:   December 14, 2018

26

27

28

1

**FURTHER CASE MANAGEMENT STATEMENT**

2        Pursuant to Civil L.R. 16-10(d), the Court's August 17, 2020 Order (Dkt. 125), and the

3 Standing Order For All Judges of the Northern District of California, Plaintiff Williams-Sonoma,

4 Inc. ("WSI") and Defendant Amazon.com, Inc. ("Amazon") (collectively, "the Parties"), by and

5 through undersigned counsel, jointly submit this Further Joint Case Management Statement.

6 **1.     JURISDICTION AND SERVICE**

7        This Court has subject matter jurisdiction over WSI's Patent Act, Lanham Act, and

8 Copyright Act claims pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331, 1338.  This

9 Court has supplemental jurisdiction over the claims arising under California state law pursuant to

10 28 U.S.C. § 1367.  No issues exist as to personal jurisdiction or venue.  WSI served the

11 Complaint and Summons on Amazon.  Dkt. 12.  Amazon accepted service of the Complaint.  No

12 other parties remain to be served.

13 **2.     FACTS**

14        WSI began operating an online storefront under the name WILLIAMS SONOMA in

15 1999, and it owns federal trademark registrations covering the provision of certain retail services

16 under the WILLIAMS SONOMA mark.  WSI claims that its rights in the name WILLIAMS

17 SONOMA are infringed by the way that Williams Sonoma goods are displayed when they are

18 listed for resale by third parties on Amazon.com and by the way the WILLIAMS SONOMA mark

19 is used in Amazon.com advertising.  For instance, WSI asserted that the manner in which

20 Amazon not only identified WILLIAMS SONOMA in the product title on product listings, but

21 also included the phrase "by WILLIAMS-SONOMA" directly beneath the product title and

22 included "Best Selling Products from Williams-Sonoma" further down the page, are likely to

23 lead, and have led, consumers to be confused as to an affiliation between WSI and Amazon.

24 Amazon contends, for its part, that consumers understand that products are offered on

25 Amazon.com by third-party sellers, not just by the manufacturers of those products.  WSI does

26 not sell its goods on Amazon.com directly.

27        Since WSI initiated the lawsuit, Amazon has made several changes to its use of the

28 WILLIAMS SONOMA mark.  For instance, when WSI filed the Complaint, clicking on the "by

Williams-Sonoma" link on product detail pages ("PDPs") led to a landing page that displayed the phrase "Shop Williams-Sonoma" as a headline, which WSI asserted falsely indicated that consumers were browsing a shop offered by, authorized by, or affiliated with WSI.   That page now displays results for "Williams-Sonoma."  Also, the "by [brand]" link on PDPs was changed from "by Williams-Sonoma" to "Brand: Williams-Sonoma".

Nevertheless, WSI continues to have concerns, which Amazon believes are unfounded. First, WSI asserts it has no way to assure the changes Amazon has made are permanent.  Amazon responds that the way to ensure that changes are permanent, if they are satisfactory to both parties, is to enter into an agreement to that effect, and that these changes are not required by trademark law.  Second, WSI asserts that Amazon still uses the WILLIAMS SONOMA mark in ways that WSI contends are confusing.  For instance, WSI asserts that Amazon continues to use the WILLIAMS SONOMA mark along with the phrase "Official Site" in advertising on third-party platforms:



Amazon responds that it is not confusing to state that an advertisement leads to Amazon's official site.  Other examples in dispute include placement of the buy button ("Add to Cart," "Buy Now") before the seller of the product is identified and listing unbranded products in search results for "Williams Sonoma."  Amazon responds that Amazon's interface makes clear during the buying process who the seller is, and what the brand of the product is, and that WSI's preferences about website design are not enforceable using trademark law. Third, WSI asserts that WILLIAMS SONOMA-branded perishable goods are still being sold by third parties on the Amazon.com platform, potentially passed their expiration date and without WSI's ability to control the quality of the goods.  Amazon responds that a suspicion that some third-party sellers are "potentially"

violating Amazon's policies regarding expiration dates of perishable products is not a basis for a trademark claim.

WSI also sells items under its "west elm" brand, and holds patents covering the design of these items.  WSI asserts that Amazon has sold items under its "Rivet" furniture line that infringe WSI's Patent Nos. No. D815452, D818,750, D836,822, and D836,823 for a chair, a table, a floor lamp, and a table lamp, respectively.  Specifically, WSI asserts that the following five Amazon Rivet products infringe its design patents: (1) the Rivet Modern Upholstered Orb Office Chair (the "Rivet Orb Chair"); (2) the Rivet Retro Two-Orb Tree Lamp (the "Rivet Tree Lamp"); (3) the Rivet Modern Glass Globe and Modern Table Lamp (the "Rivet Table Lamp"); and (4) the Rivet Bowlyn Mid-Century Coffee Table (the "Rivet Bowlyn Coffee Table"); and (5) the Rivet Mid-Century Modern White Marble and Walnut Coffee Table, 24" (the "Rivet Marble and Walnut Coffee Table").  Amazon responds that these products do not infringe any valid WSI design patent.  WSI also claims trademark rights in the terms ORB and SLOPE, and asserts that Amazon's Rivet Orb Chair and its Rivet Industrial Slope Top-Grain Leather Swivel Office Chair infringe WSI's common law rights in those marks.  Amazon responds that WSI does not have any trademark rights in the words "orb" and "slope."

On March 20, 2020 WSI filed a Motion for Leave to File a Second Amended and Supplemental Complaint ("SAC") to add a copyright infringement claim.  Dkt. 92.  On May 01, 2020 the Court granted WSI's motion, and WSI filed the SAC asserting that when multiple sellers upload photographs to a product listing for a WSI product, Amazon selects, copies, and publicly displays WSI's copyrighted photographs in order to sell products on its marketplace, and, specifically that Amazon selected an image of WSI's peppermint bark covered by Copyright Reg. No. TX0007818118 ("the Stacked Bark Image") for copying and public display, constituting direct copyright infringement.  Dkt. 105 & 106.  The SAC further asserts that discovery will show that Amazon also infringed numerous additional copyrighted works.  Dkt. 106.  Amazon denies these allegations.

Currently, WSI alleges eleven causes of action against Amazon based on the manner in which certain Williams Sonoma items are advertised, offered for sale, and sold on Amazon.com

and Amazon's sale of the Rivet items listed above.  Those causes of action are for: (1) infringement of the '452 Patent, (2) infringement of the '823 Patent, (3) infringement of the '822 Patent, (4) infringement of the '750 Patent, (5) federal trademark infringement and trademark counterfeiting under Section 32(1) of the Lanham Act, (6) federal trademark dilution of the WILLIAMS SONOMA mark, (7) unfair competition under Section 43(A) of the Lanham Act, (8) common law unfair competition/trademark infringement, (9) dilution under California law, (10) violation of California unfair competition law, and (11) direct infringement of copyright.  Dkt. 106.

3. **LEGAL ISSUES:**

The Parties identify the following disputed points of law at this time:

- Whether Amazon has infringed the '452, '750, '822, and '823 Patents (35 U.S.C. § 271);

- Whether the '452, '750, '822, and '823 Patents are invalid;

- Whether Amazon has used a counterfeit of WSI's registered WILLIAMS SONOMA service mark in connection with online retail services (15 U.S.C. § 1114(1));

- Whether Amazon has used the WILLIAMS SONOMA mark in a manner likely to cause confusion as to the affiliation, connection, or association between Amazon and WSI, or as to the origin, sponsorship, or approval of the sale of WSI's goods, retail services, or commercial activities via Amazon.com (15 U.S.C. § 1125(a));

- Whether the appearance of the WILLIAMS SONOMA mark on Amazon.com and in Amazon advertising, to the extent it is used in connection with third-parties' re-sale of WILLIAMS SONOMA branded goods, is protected by the first sale doctrine or by the doctrine of nominative fair use;

- Whether the WILLIAMS SONOMA mark is famous and whether Amazon has used the WILLIAMS SONOMA mark in a manner that has diluted the mark (15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14200 *et seq.*);

1      •     Whether WSI owns common law trademarks in SLOPE and ORB and whether

2              Amazon has infringed any rights of WSI in SLOPE and ORB;

3      •     Whether Amazon has engaged in unfair competition (15 U.S.C. § 1125(a); Cal.

4              Bus. Prof. Code § 17200, *et seq.*);

5      •     Whether Amazon engaged in direct copyright infringement (17 U.S.C. § 501 *et*

6              *seq.*) by copying, reproducing, indexing, storing, distributing, adapting, and/or

7              publicly displaying WSI's Stacked Bark Image;

8      •     Whether Amazon is entitled to 17 U.S.C. § 512 safe harbor protection for alleged

9              copyright infringement;

10     •     Whether Amazon's actions were willful;

11     •     Whether WSI is entitled to compensation, disgorgement of profits, corrective

12             advertising, or other damages for any proven trademark counterfeiting, trademark

13             infringement, trademark dilution, patent infringement, unfair competition,

14             copyright infringement, and if so, the amount;

15     •     Whether WSI is entitled to injunctive relief (15 U.S.C. § 1116; 35 U.S.C. § 283;

16             17 U.S.C. § 502);

17     •     Whether any Party is entitled to statutory damages, treble damages, attorneys'

18             fees, and costs, and if so, the amount (15 U.S.C. § 1117; 35 U.S.C. § 285; 17

19             U.S.C. §504).

## 4.   <u>MOTIONS</u>

On February 05, 2019 Amazon filed its Motion to Dismiss WSI's Complaint.  Dkt. 23.
On May 02, 2019 the Court denied the motion.  Dkt. 39.  On March 20, 2020 WSI filed its
Motion for Leave to File a Second Amended and Supplemental Complaint to add a copyright
claim.  Dkt. 92.  On May 01, 2020 the Court granted WSI's motion.  Dkt.  105.  On May 20, 2020
Amazon filed a Motion to Dismiss WSI's Second Amended and Supplemental Complaint
("SASC").  Dkt. 110.  On August 17, 2020 the Court denied the motion.  Dkt.  125.  There are no
pending motions.

1

**5.     AMENDMENT OF PLEADINGS**

        WSI's SAC pleads copyright infringement with respect to all product detail pages

displaying WSI photos when selected by Amazon from among multiple choices supplied by

sellers, and the SAC identifies at least one specific photo.  WSI expects other infringed photos

will be identified during discovery.  Amazon has not received subsequent takedown notices from

WSI with respect to any other images.  WSI does not believe that further amendment is required

to ensure that such additional photos are encompassed within the scope of the pleadings, but to

the extent Amazon disagrees, WSI proposed a further deadline to amend/supplement of January

10, 2021.

        Amazon does not anticipate further amendment of the pleadings and disagrees that WSI

should have any additional time to amend or supplement the SAC, or that the SAC pleads

copyright claims as to works that are not mentioned anywhere in the SAC; if WSI would seek to

amend the SAC, then it must do so (if at all) only with leave of the Court.  This case has been

pending since 2018, and WSI has had ample time to investigate any use of its photos by sellers on

Amazon.com.

**6.     EVIDENCE PRESERVATION**

        On June 13, 2019, the Parties filed a Stipulated Protective Order for this case.  The Court

granted the Protective Order on June 14, 2019.  The Parties further stipulated to an ESI order on

September 18, 2019, which the Court granted on September 23, 2019.

**7.     DISCLOSURES**

        The Parties timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26

and have supplemented their initial disclosures.

**8.     STATUS OF DISCOVERY**

        On May 15, 2019, the Court issued a Case Management and Pretrial Order limiting the

Parties to 30 interrogatories and 10 depositions, including up to 14 hours of 30(b)(6) deposition,

without prejudice to seeking leave for further depositions to the extent permissible under the

Federal Rules.  Dkt. 46.  Since then, the Parties have engaged in discovery.  The Parties have

propounded document requests and entered into an ESI protocol pursuant to which both Parties

have produced a substantial number of documents.  To date, WSI has produced 46,652 pages of documents and Amazon has produced 37,547 pages of documents.  The Parties have also exchanged privilege logs.  WSI has propounded 25 interrogatories on Amazon, and Amazon has propounded 22 interrogatories on WSI.  WSI has taken more than 15 hours of 30(b)(6) depositions.  Amazon served its 30(b)(6) deposition notice on WSI in December, but has not yet taken any 30(b)(6) depositions.  WSI has also served an additional 30(b)(6) deposition notice. The Parties have yet to take any individual fact witness depositions but have informally identified a number of individuals for deposition.  Finally, the Parties have each served several third-party subpoenas.

The Parties intend to convene a global deposition scheduling conference to address all outstanding deposition issues and requests for individual depositions (after the Parties serve their additional copyright discovery), where both Parties come prepared with dates for all witnesses. The Parties expect to convene that conference within two weeks of the case management conference.  All depositions will be conducted remotely by video in light of the pandemic.

**9.**     **CLASS ACTION:**

This litigation is not a class action.

**10.**     **RELATED CASES:**

There are no related cases to this litigation.

**11.**     **RELIEF**

WSI respectfully requests that the Court enter judgment in its favor and award the following relief:

- Judgment that Amazon willfully infringed the '452, '750, '822, and '823 Patents;
- Judgment that Amazon has willfully infringed and counterfeited WSI's registered WILLIAMS SONOMA Mark;
- Judgment that Amazon has diluted WSI's famous WILLIAMS SONOMA Mark;
- Judgment that Amazon has committed unfair competition in violation of the Lanham Act and state law;
- Judgment that Amazon has committed common law trademark infringement in

1    violation of the Lanham Act and state law;

2    •    Judgment that Amazon has committed false endorsement in violation of the

3    Lanham Act;

4    •    Judgment that Amazon has competed unfairly with WSI in violation of WSI's

5    rights under California law;

6    •    Judgment that Amazon's reproduction and display of WSI's copyrighted images,

7    including the Stacked Bark Image, constitutes willful copyright infringement;

8    •    A permanent injunction enjoining Amazon from making, using, selling, or

9    offering to sell its infringing goods;

10   •    A permanent injunction enjoining Amazon from using the WILLIAMS

11   SONOMA mark in conjunction with its online retail services and otherwise

12   infringing or diluting WSI's marks;

13   •    A permanent injunction enjoining Amazon from infringing WSI's copyrighted

14   images;

15   •    Damages, exemplary damages and disgorgement of profits in an amount to be

16   proven at trial;

17   •    Enhancement of damages including treble damages required to be awarded for

18   trademark counterfeiting;

19   •    Statutory damages of up to $2,000,000 per counterfeit mark per type of goods

20   sold by Amazon;

21   •    Statutory damages of up to $150,000 per copyrighted work infringed by Amazon;

22   •    A declaration that this is an exceptional case;

23   •    Full costs, corrective advertising, attorneys' fees, and pre- and post-judgment

24   interest to the full extent permissible by law; and

25   •    Such other and further relief as the Court deems just and proper.

26   Amazon denies that WSI is entitled to any relief.

27   **12.**   **SETTLEMENT**

28   The Parties have attended several settlement conferences, but the case has not settled.  The

FURTHER JOINT CASE MANAGEMENT
STATEMENT, CASE NO. 18-CV-07548-AGT

1 Parties, however, continue to work on potential settlement.  Specifically, the Parties are

2 continuing to negotiate non-monetary terms, have exchanged drafts of settlement terms, and have

3 attended settlement conferences on March 10, 2020, April 30, 2020, and June 10, 2020.  The

4 Parties submitted updated settlement conference statements to Judge Spero on August 27, 2020

5 and are scheduled to have the next settlement conference on September 3, 2020.

6 **13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

7       The Parties had previously consented to Magistrate Judge Laporte to conduct all

8 proceedings prior to her retirement.  The case was subsequently reassigned to Chief Magistrate

9 Judge Spero and then to Magistrate Judge Tse.  Dkts. 20, 21, 65, 81.

10 **14.     OTHER REFERENCES:**

11       The Parties do not believe the case is suitable for reference to binding arbitration, a special

12 master, the Judicial Panel on Multidistrict Litigation, or any other reference.

13 **15.     NARROWING OF ISSUES:**

14       The Parties do not presently believe that the issues can be narrowed by suggestions to

15 expedite the presentation of evidence at trial or bifurcate of issues, claims, or defenses.

16 **16.     EXPEDITED TRIAL PROCEDURES:**

17       The Parties do not presently believe that this case can be handled on an expedited basis

18 with streamlined procedures.

19 **17.     SCHEDULING:**

20       On June 19, 2020 the Parties filed a Joint Stipulation Regarding Case Schedule

21 acknowledging that due to WSI's SAC and Amazon's Motion to Dismiss, all future case

22 deadlines would have to be reset, stipulating that the existing case deadlines be taken off calendar,

23 and stipulating that the Parties would meet and confer on a revised case schedule.  Dkt. 118.  The

24 Court granted in part the Parties' Joint Stipulation, vacated the June 24, 2020 non-expert

25 discovery deadline, and ordered all other case deadlines to be discussed at the June 26, 2020

26 hearing.  Dkt. 199.01.  The Court subsequently ordered the parties to meet and confer on a revised

27

28

case schedule and submit a joint statement with the new proposed dates.  Dkt. 121.01 & 125.

The Parties' proposed deadlines are as follows:

| Event | Previous Deadline | Proposed Deadline |
|---|---|---|
| Non-Expert Discovery | | February 5, 2021 |
| Initial Expert Disclosures shall be no later than | July 1, 2020 | February 12, 2021 |
| Rebuttal Expert Disclosures shall be no later than | July 31, 2020 | March 12, 2021 |
| Expert Discovery | August 28, 2020 | April 9, 2021 |
| Dispositive motions | September 10, 2020 | April 22, 2021 |
| Oppositions to Dispositive Motions | October 1, 2020 | May 13, 2021 |
| Replies to Dispositive Motions | October 15, 2020 | May 27, 2021 |
| Last Day for Hearing Dispositive Motions | November 5, 2020 (or other date to be set by the Court) | June 18, 2021 (or other date to be set by the Court) |
| Jury Trial | February 2021 (date to be set by the Court) | September 2021 (date to be set by the Court) |

## 18.   **TRIAL:**

WSI has made a demand for a jury trial.  WSI estimates that seven court days will be needed for trial.  Amazon estimates that seven to ten court days will be needed for trial.

## 19.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

The Parties have both filed their Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.  Plaintiff WSI represented that it does not have a parent corporation and that BlackRock, Inc., a publicly held corporation, owns ten percent (10%) or more of WSI's stock.  Amazon represented that it does not have a parent corporation and no publicly held corporation owns ten percent (10%) or more of Amazon's stock.

## 20.   **PROFESSIONAL CONDUCT:**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21.   **OTHER:**

There are no other issues to report at this time.

1

2

Dated:  August 28, 2020                          ORRICK, HERRINGTON & SUTCLIFFE LLP

3                                                              By:  _____/s/ Annette Hurst_____

4                                                                                ANNETTE HURST

5                                                              Attorney for Plaintiff Williams-Sonoma, Inc.

6

7          *I, Annette Hurst, am the ECF user whose ID and password are being used to file this*
*Further Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby*
8     *attest that Daralyn J. Durie has concurred in this filing.*

9

10   Dated:  August 28, 2020                          DURIE TANGRI LLP

11                                                            By:  _____/s/ Daralyn J. Durie_____

12                                                                              DARALYN J. DURIE
                                                                   Attorney for Defendant Amazon.com, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2        I, Annette Hurst, certify that on the 28th day of August 2020, I caused the foregoing

3   document to be electronically transmitted to the Clerk of the Court using the ECF System for filing

4   and transmittal of a Notice of Electronic Filing to the ECF registrants and attorneys of record in

5   this case.

6

7                                                    *   /s/ Annette Hurst*
                                                         ANNETTE HURST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURTHER JOINT CASE MANAGEMENT
STATEMENT, CASE NO. 18-CV-07548-AGT