UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS-SONOMA, INC., <br><br>Plaintiff, <br><br>v. <br><br>AMAZON.COM, INC., <br><br>Defendant. | Case No. 18-cv-07548-AGT <br><br>**AMENDED CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL** |

Having reviewed the parties' further joint case management statement (ECF No. 128) and having considered the points raised at the September 4, 2020 case management conference and the parties' comments to the Court's proposed revised case schedule, the Court hereby issues the following amended case management and pretrial order. This order supersedes all prior case management and pretrial orders (ECF Nos. 46, 57, 79).

## I.     CASE MANAGEMENT SCHEDULE

| | |
|---|---|
| Fact Discovery Cut-Off: | February 5, 2021 |
| Initial Expert Disclosures: | February 5, 2021 |
| Rebuttal Expert Disclosures: | March 5, 2021 |
| Expert Discovery Cut-Off: | March 22, 2021 |
| Dispositive Motions Deadline: | March 29, 2021 |
| Oppositions to Dispositive Motions: | April 19, 2021 |
| Replies to Dispositive Motions: | May 3, 2021 |
| Last Day for Hearing Dispositive Motions: | May 28, 2021 |
| Pretrial Conference: | September 3, 2021 |
| Jury Trial: | September 27, 2021 |

## II.  DISCOVERY

1. All fact discovery shall be completed by **February 5, 2021**. There will be no further fact discovery after that date except by order of the Court for good cause shown.

2. Initial expert disclosures shall be made no later than **February 5, 2021**. Rebuttal expert disclosures shall be made no later than **March 5, 2021**. All expert discovery shall be completed no later than **March 22, 2021**. There will be no further expert discovery after that date except by order of the Court for good cause shown.

3. Each side may propound up to 30 interrogatories. The parties may take up to 10 depositions, one of which is a Rule 30(b)(6) deposition of up to 14 hours, without prejudice to seeking leave to take additional depositions pursuant to Federal Rule of Civil Procedure 30(a)(2) if needed.

4. Rule 26(e)(1) requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cut-off date.

5. Pursuant to Civil Local Rule 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where disposition of the dispute during the event likely would result in substantial savings of expense or time. All other discovery disputes must be raised by joint letter in the manner specified in the Court's Civil Standing Order, available at https://www.cand.uscourts.gov/judges/tse-alex-g-agt/.

6. Privilege logs. If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying

separately for each document or for each category of similarly situated documents:

  a. The name and job title or capacity of the author;

  b. The name and job title or capacity of each recipient;

  c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

  d. The title and description of the document;

  e. The subject matter addressed in the document;

  f. The purpose(s) for which it was prepared or communicated; and

  g. The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due (in a rolling production, 14 days after each set of documents is produced), unless the parties stipulate or the Court orders otherwise in a particular case.

  7. In responding to requests for documents and materials under Rule 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

### III. MOTIONS

Dispositive motions must be filed by **March 29, 2021**.  Oppositions are due **April 19, 2021**.  Replies are due **May 3, 2021**.  The last day for hearing dispositive motions is **May 28, 2021**.

### IV. FINAL PRETRIAL CONFERENCE

A final pretrial conference will be held on Friday, **September 3, 2021** at 2:00 p.m., in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.  Lead trial counsel for each party must attend.

  1. At least 21 days before the final pretrial conference, and after meeting and conferring in person, the parties shall do the following:

  a. File a joint proposed final pretrial order that contains: (i) a brief description of

the substance of the claims and defenses which remain to be decided, (ii) a detailed statement of all relief sought, particularly itemizing all elements of damages claimed, (iii) all stipulated facts, (iv) a joint exhibit list in numerical order, including a brief description of each exhibit, its Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it is admitted, and a blank column for any limitations on its use, and (v) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) including, for all such witnesses (other than party plaintiffs and defendants), a short statement of the substance of the witness's testimony and, separately, what, if any, non-cumulative testimony the witness will offer.  For each witness, state a time estimate for the direct examination.  Items (iv) and (v) should be submitted as appendices to the proposed order.  The proposed order should also state which issues, if any, are for the Court to decide, rather than for the jury.

    b.    File a joint set of proposed instructions on substantive issues of law arranged in a logical sequence.  If undisputed, an instruction shall be identified as "Stipulated Instruction No. __ Re _____," with the blanks filled in as appropriate.  Even if stipulated, the instruction must be supported by citation.  If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence.  Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. __ Re _____ Offered by _____," with the blanks filled in as appropriate.  All disputed versions of the same basic instruction shall bear the same number.  Citations are required.  Any modifications to a form instruction must be plainly identified.  If a party does not have a counter version and simply contends that no such instruction in any version should be given, then that party should so state (and explain why) on a separate page inserted in lieu of an alternate version.  With respect to form preliminary instructions, general

4

instructions, or concluding instructions, simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Manual of Model Jury Instructions. Other than citing the numbers, do not include preliminary, general, or concluding instructions in the packet.

    c.    File a separate memorandum of law in support of each party's disputed instructions, if any, organized by instruction number.

    d.    File a joint set of proposed voir dire questions supplemented as necessary by separate requests.

    e.    File trial briefs on any controlling issues of law.

    f.    File proposed verdict forms, joint or separate.

2. Any motion in limine shall be submitted as follows: The moving party must file an opening brief at least 28 days before the pretrial conference. The responding party must file a responsive brief at least 21 days before the pretrial conference. The moving party must file any reply brief at least 14 days before the pretrial conference. Each motion should be presented in a separate memorandum and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude _____."

3. Courtesy copies of the above documents should not be mailed to the Court. But by noon the day after filing, the parties must submit by email, to agtpo@cand.uscourts.gov, the proposed final pretrial order, jury instructions, exhibit list, voir dire questions, and verdict forms, all in Word format.

### V.    PRETRIAL ARRANGEMENTS

1. Should a daily transcript, real-time reporting, or both be desired, the parties must make arrangements with Richard Duvall, Supervisor of the Court Reporting Services, at (415) 522-2079 or Rick_Duvall@cand.uscourts.gov, at least 14 calendar days before the trial date.

2. During trial, counsel may wish to use overhead projectors, posters, models, etc. If equipment is necessary, the United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, the parties should be prepared to maintain the equipment or have a technician handy at all times. The parties must tape extension cords to the

carpet for safety.  The parties may work with the Courtroom Deputy, Stephen Ybarra ((415) 522-3694 or agtcrd@cand.uscourts.gov), on all courtroom-layout issues.

## VI.  TRIAL DATE

1. Jury Trial will begin on Monday, **September 27, 2021** at 8:30 a.m. in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  Unless noted otherwise, trial will be conducted from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks and no lunch.  The trial week will run from Monday through Thursday, excluding federal holidays.

2. The length of the trial will not be more than seven days.

## VII.  THE JURY

1. No later than on the first day of trial, counsel shall jointly submit a simplified statement of the case to be read to the jury during voir dire as part of the proposed jury instructions.  This statement should not exceed one page.

2. In civil cases, there are no alternate jurors and the jury is selected as follows: Potential jurors are called and seated in the jury box and courtroom benches in the order their names are drawn.  This placement determines their order in the selection process.  Hardship excuses will usually be considered first.  The Court will then have each juror orally answer a set of written questions, will itself ask questions of those in the jury box, or both.  Counsel may then conduct a limited voir dire.  Challenges for cause will then be addressed without the potential jurors present.  The Court will then consider whether to fill the seats of any stricken jurors.  If so, questions will be asked of the additional jurors and cause motions as to them will be considered.  After a short recess, and without the potential jurors present, each side may exercise its allotment of peremptory challenges.  Once the jury selection is completed, the jurors' names will be read and they will be seated in the jury box and sworn.  The Court may alter this procedure in its discretion and after consultation with the parties.

## VIII.  WITNESSES

1. Throughout the trial, all counsel are entitled to know a firm order of witnesses for the next two full court days and the exhibits that will be used on direct examination (other than for impeachment of an adverse witness).  Within 24 hours of such notice, all other counsel must

provide any objections to such exhibits and must provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).  This requires that the first such notice be provided before trial actually begins.  All such notice should be provided in writing.

    2.    Other than a party or party representative, fact witnesses are excluded from the courtroom until they are called to testify, and may not attend in the gallery until their testimony is complete.

    3.    A witness or exhibit not listed in the joint proposed pretrial order may not be used without good cause.

### IX.    EXHIBITS

    1.    Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits.

    2.    Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions.  Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 10, Defendant A has 11 to 20, Defendant B has 21 to 30, etc.).  A single exhibit should be marked only once.  If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number.  Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits.  To avoid any party claiming ownership of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. __," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

    3.    The exhibit tag should be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____
Date Entered _____
By_____
         Deputy Clerk
```

Counsel preferably will make the tag in a color that will stand out (yet still allow for photocopying), but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders. Deposit the exhibits with the Courtroom Deputy, Stephen Ybarra, on the first day of trial.

4. Counsel must consult with each other and with the Courtroom Deputy at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

5. In addition to the record copies of exhibits, one or more bench binders containing copies of each side's exhibits must be provided to the Court on the first day of trial.

6. Before closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (e.g., letter from A to B, dated X). This list may go into the jury room to help the jury sort through exhibits.

7. Publication may be by poster, overhead projection, or such other method as is appropriate under the circumstances. It is permissible to highlight, circle, or underscore portions of enlargements as long as it is clear that these marks were not on the original.

## X.   CHARGING CONFERENCE

As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of evidence, the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial.

## XI. CHANGE OF TRIAL DATE

Because of scheduling conflicts with other cases on the docket, the Court retains the discretion to change the trial date. In the event the trial date is changed, the parties may seek an adjustment of the time limits for compliance with the requirements of this order, which shall be effective only upon Court approval.

**IT IS SO ORDERED.**

Dated:  September 18, 2020

_____
ALEX G. TSE
United States Magistrate Judge